Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

MARK PIROZZI and KEILA GREEN,
individually and on behalf of others similarly
situated,

              Plaintiffs,

vs.

MASSAGE ENVY FRANCHISING, LLC, a
Delaware corporation,

              Defendant.

Case No. 17SL-CC00401

**JURY TRIAL DEMANDED**

### SECOND AMENDED CLASS ACTION PETITION

A3071

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

# **CONTENTS**

INTRODUCTION ........................................................................................................ 1

PARTIES ................................................................................................................... 1

JURISDICTION AND VENUE ................................................................................. 2

FACTUAL ALLEGATIONS ..................................................................................... 3

    Massage Envy Employs Massage Therapists, Provides Massages to Consumers, and Controls the Operations of Its "Franchise Partners." ......................................................... 5

    Massage Envy's Offer of a One-Hour Massage Session ................................................. 10

    Massage Envy's "Disclaimer Page" and Its Links .......................................................... 12

    Massage Envy's Video: "My First Massage EVER: What You Should Expect" ............ 15

    Massage Envy's "Step-by-Step Guide" .......................................................................... 18

    Massage Envy's Web Page, "Customize your Massage Session" ................................... 22

    Massage Envy's FAQs .................................................................................................... 24

    Massage Envy's Web Pages for Individual Facilities ..................................................... 24

    Massage Envy's E-Gift Cards ......................................................................................... 29

    Massage Envy's Facilities Posted Deceptive Pricing Signs Advertising One-Hour Massages ......................................................................................................................... 30

    Massage Envy's Display Materials .................................................................................. 34

    The One Statement on Its Website Where Massage Envy Revealed the Actual Length of a Massage Was Virtually Impossible to Find ...................................................................... 35

    Massage Envy's Pricing Card Includes a Statement About the Actual Length of a Massage that is Difficult to Find and Read ...................................................................... 42

A3072

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Massage Envy's Competitor MassageLuxe Freely Discloses that a One-Hour Session Provides a 50-Minute Massage ............................................. 50

Massage Envy Changed Its Website After the Filing of a Lawsuit in Illinois Federal Court and Removed All the Above Deceptive Statements ............................... 51

Massage Envy Charges More for Massages than the Massages It Provides Are Worth .. 61

Plaintiff Pirozzi's Experiences ................................................. 62

Plaintiff Green's Experiences ................................................. 69

Experiences of Class Members ................................................. 69

MASSAGE ENVY'S ACTS AND PRACTICES VIOLATED ETHICAL STANDARDS ........ 70

CLASS ACTION ALLEGATIONS ................................................. 74

The Class ................................................................... 74

Numerosity ................................................................ 75

Common Questions of Law and Fact ........................................... 75

Typicality .................................................................. 76

Adequacy of Representation ................................................... 76

Superiority ................................................................. 76

COUNT I: VIOLATION OF THE MMPA BY DECEPTION ............................ 77

COUNT II: VIOLATION OF THE MMPA BY UNFAIR PRACTICES ................... 79

COUNT III: INJUNCTIVE AND DECLARATORY RELIEF ........................... 81

PRAYER FOR RELIEF ......................................................... 82

A3073

Electronically Filed - St. Louis County - March 20, 2019 - 04:02 PM

Plaintiffs Mark Pirozzi and Keila Green ("Plaintiffs") bring this action against Massage Envy Franchising, LLC ("Defendant" or "Massage Envy"), by and through their attorneys, individually and on behalf of all others similarly situated, and allege as follows:

## INTRODUCTION

1.    This is a class action lawsuit brought by Plaintiffs on behalf of themselves and on behalf of all others similarly situated (Class) who have purchased an introductory or non-member massage at one of Massage Envy's stores in Missouri.

2.    Massage Envy offers, advertises and markets "1-hour," "1 ½-hour," and "2-hour" introductory and non-member massages.

3.    However, so-called "1-hour," 1½-hour" and "2-hour" massages at Massage Envy last no more than 50 minutes, 80 minutes and 110 minutes, respectively. As a result of this deceptive and unfair course of conduct, Plaintiffs and members of the Class have suffered damage and been forced to pay more for their massages than those massages were worth.

4.    Plaintiffs seek to recover, for themselves and the Class, the costs of paying for the extra 10 minutes of massage time and injunctive relief.

## PARTIES

5.    At all relevant times, Plaintiff and Class representative Pirozzi was a citizen of Missouri, residing in St. Louis County, Missouri. During the relevant class period, beginning five years before the filing of this lawsuit, he purchased massages at Massage Envy for personal, family or household purposes.

6.    At all relevant times, Plaintiff and Class representative Keila Green was a citizen of Missouri, residing in St. Louis County, Missouri. During the relevant class period, beginning five years before the filing of this lawsuit, she purchased a massage at Massage Envy for

A3074

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

personal, family or household purposes.

7.      Defendant Massage Envy is a Delaware Limited Liability Company with its principal place of business at 14350 North 87th Street, Suite 200, Scottsdale, Arizona, 85260. Its direct parent is Massage Envy, LLC. According to the Massage Envy website, it has 1,162 locations in 49 states, with 19 in Missouri.[1] It has over 1.65 million "members" and has performed 100 million services, many of these in Missouri.[2]

8.      Massage Envy has advertised, marketed and sold what it represented were "1-hour", "1½-hour" and "2-hour" massages (which, in reality, were no more than 50 minutes, 80 minutes and 110 minutes, respectively) to tens of thousands of putative Class members in Missouri and others throughout the United States.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper pursuant to Mo. Rev. Stat. § 506.500 as Massage Envy conducts substantial business activity within the State of Missouri and many of the acts complained of occurred and had effect in this State

10.     Venue is proper in St. Louis County pursuant to Mo. Rev. Stat. § 508.010, because, inter alia, Defendant regularly conducts business in this County and/or is a resident of this County. In addition, the acts and transactions complained of in this Complaint took place, in all or substantial part, in St. Louis County, Missouri. Many of the documents and witnesses at issue in this case are located in this County.

11.     As a result of Defendant's advertising, marketing and selling of "1-hour", "1½-

---

[1] See https://locations.massageenvy.com (accessed 12/5/16) and https://locations.massageenvy.com/mo.html (accessed 12/5/16).
[2] See https://www.massageenvy.com/about-us/ (accessed 12/5/16). Massage Envy states that it "is the leading provider of therapeutic massage and skincare services." https://www.massageenvy.com/newsroom/press-releases/massage-envy-s-winter-skincare-tips-to-save-your-skin/ (accessed 1/26/17).

A3075

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

hour" and "2-hour" massages (which were, in reality, only 50 minutes, 80 minutes and 110

minutes long, respectively) throughout Missouri, Defendant obtained the benefits of the laws of

Missouri and profited from Missouri commerce.

12.    Defendant conducted systematic and continuous business activities in and

throughout the state of Missouri and otherwise intentionally availed itself of the market in

Missouri through the promotion and marketing of its products.

## FACTUAL ALLEGATIONS

13.    Until it changed its illegal practices in October 2016 *after it was sued over the

practices*, Massage Envy advertised, marketed and provided services that it told thousands of

Missouri consumers included a one-hour, 90-minute massage or 2-hour massage but in actuality

delivered only 50, 80 or 110 minutes or less of actual massage time, respectively. At least 10

minutes of the purported massage time were spent on extraneous activities, including (a) being

briefly interviewed by the massage therapist, (b) undressing, (c) waiting on the massage table for

the massage therapist to arrive and (d), after the massage was completed, getting dressed.

14.    Plaintiffs and the members of the putative Class are therefore charged for massage

time that they do not receive.

15.    If Massage Envy had not intended to mislead consumers about the actual length

of the massage, it would have simply told them the truth about it, clearly and conspicuously,

beginning with its offer of a "one-hour" massage session on the home page of its website and

continuing throughout its communications with consumers. Massage Envy *used* to do that – until

April 2007 – with a clear disclosure about the 50-minute length of a massage at the very top of

its home page. But for about 9½ years it engaged in a campaign to deceive consumers, as this

Complaint documents.

A3076

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

16.    During that 9½ year period, Massage Envy misrepresented the length of massages and concealed the fact that at least 10 minutes out of the supposed massage time were spent in other activities. It did so repeatedly: In its offers of an introductory one-hour massage session; on what it called a "Disclaimer" page; in a video that it displayed for new customers entitled, "My First Massage EVER: What You Should Expect"; in a "Step-by-Step" guide to massages that it displayed on its website; on a web page entitled, "Customize your Massage Session"; in a page of "FAQs" on its website; on its web pages for individual facilities, such as its Missouri, facilities; on its electronic gift cards; and on large signs displayed in its massage facilities.

17.    During its 9½ years of deception, Massage Envy published in only two places a statement that a one-hour massage lasted only 50 minutes. However, not only did a consumer not need to see those statements before receiving his or her massage, in both instances Massage Envy went out of its way to make sure that consumers would be unable to find or read them. One was buried deep in a nearly impossible-to-find web page, and the other was in an almost impossible to read note at the bottom of a pricing sheet that it did not affirmatively call to customers' attention. As shown in this Second Amended Petition, as a result of the way Massage Envy concealed those statements, they are the epitome of what responsible marketers consider to be unethical.

18.    Massage Envy's competitor, MassageLuxe, states clearly on the front page of its own website that the actual massage in a one-hour massage session that it offered lasts only 50 minutes. Massage Envy undoubtedly was aware of what MassageLuxe stated on its website. But during its 9½ years of deception, it did not emulate MassageLuxe's responsible practice.

19.    The facts delineated below demonstrate the basis of the above allegations.

A3077

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**Massage Envy Employs Massage Therapists, Provides Massages to Consumers, and Controls the Operations of Its "Franchise Partners."**

20.     Massage Envy not only provides massages, it has provided more massages than any other company in the United States. It has stated that publicly on many occasions.

21.     Over at least the past eight years, Massage Envy has consistently stated, acknowledged, and represented that it provides massages to customers. Even more, it has boasted that it is the world's leading provider of massages. It has stated that it provides these massages through thousands of massage therapists, whom it calls its "employees," and through its franchisees, whom it calls its "partners."

22.     Massage Envy has made such statements in press releases that it posted on the websites of PR Newswire and BusinessWire, on-line distributors of corporate press releases. It also posted many, if not all, of these press releases on its own website and, as of the filing of this lawsuit, still displayed some of them there.

23.     Massage Envy also controls the operations of its franchisees. It employs experts in marketing and operations "to set franchisees up for success," and "la[ys] out and support[s] all aspects of" its franchisees' "business model."[3]

24.     One example of a press release in which Massage Envy clearly states that it "provides" massages was originally issued on September 24, 2009, and was displayed on Massage Envy's website as late as July 2017. Massage Envy acknowledged that it provides massages in the press release's very title, "Massage Envy Provides over 46,000 Massages During National Event."[4] That press release described Massage Envy's participation in an event raising

---

[3] http://www.businesswire.com/news/home/20170609005543/en/Massage-Envy-Ready-Worldwide-Push-2017-International (accessed 6/20/17).
[4] https://www.massageenvy.com/newsroom/press-releases/massage-envy-provides-over-46-000-massages-during-national-event/ (accessed 7/10/17).

A3078

money for Susan G. Komen for the Cure. In the body of the press release, Massage Envy stated: "This year, with 589 Massage Envy clinics across 41 states participating for the first time, Massage Envy provided 46,680 massages."

25.     As of June 2017, Massage Envy also displayed on its website a press release originally issued on November 2, 2009, entitled, "Massage Envy Raises Nearly $500,000 for National Arthritis Foundation."[5] In that press release, Massage Envy stated, "Massage Envy, based in Scottsdale, Arizona, is the leading provider of therapeutic massage in the United States." In additional press releases, Massage Envy has consistently repeated that statement, either word for word,[6] or with the alternative formulation that Massage Envy "through its franchised locations, is the leading provider of therapeutic massage and skincare services in the United States."[7]

26.     Those are not the only statements that make clear that Massage Envy provides massages and employs the massage therapists who perform those massages.

27.     In January 2012, Massage Envy issued a press release entitled "Massage Envy Marks Strong 2011 With 13 Percent Growth of New Clinics." In this press release, Dave Crisalli, Massage Envy's CEO and president, twice referred to Massage Envy's franchisees as "our franchise partners," including stating, "We've never been more aligned with our franchise

---

[5] https://www.massageenvy.com/newsroom/press-releases/massage-envy-raises-nearly-500-000-for-national-arthritis-foundation/ (accessed 6/20/17).

[6] See *e.g.,* press releases dated 1/24/2012, http://www.prnewswire.com/news-releases/massage-envy-announces-40-millionth-massage-137955663.html; 10/1/2012, http://www.prnewswire.com/news-releases/roark-capital-acquires-massage-envy-172066941.html; 10/29/2012, http://www.prnewswire.com/news-releases/massage-envy-let-their-fingers-do-the-talking-with-50-millionth-massage-176243371.html; 3/25/2013, http://www.prnewswire.com/news-releases/massage-envy-announces-expansion-plans-for-michigan-199859241.html; and 8/22/2013, http://web.archive.org/web/20140305124007/http://www.massageenvy.com:80/about-massage-envy/press-room/press-releases/august-22-2013.aspx (all accessed 6/20/17).

[7] See *e.g,* press releases dated 10/15/2015, http://www.prnewswire.com/news-releases/massage-envy-continues-to-build-global-momentum-with-new-executive-hire-300160292.html; 5/5/2016, http://www.prnewswire.com/news-releases/massage-envy-takes-first-steps-to-international-expansion-in-australia-300263114.html (all accessed 6/20/17); 3/16/2017, http://www.prnewswire.com/news-releases/massage-envy-looks-to-expand-in-pennsylvania-300424571.html (all accessed 6/20/2017).

A3079

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

partners." In addition, referring to itself as "the company," Massage Envy stated: "The company is the world's largest employer of licensed/registered massage therapists with more than 16,000 therapists providing over 250,000 massages every week."[8]

28.    As of January 2012, Massage Envy had performed 40 million massages. In a January 2012, press release entitled, "Massage Envy Announces 40 Millionth Massage." Massage Envy stated, "Massage Envy, the pioneer and national leader of professional, convenient and affordable massage and spa services, announced today that the company has performed its 40 millionth massage."[9]

29.    In 2013 and 2014, Massage Envy posted on its website a press release of October 2012 announcing that private equity firm Roark Capital had purchased Massage Envy, LLC (Massage Envy's parent), which the press release called "the nation's largest provider of massage therapy and facial treatments." The press release also stated that "Massage Envy, based in Scottsdale, Arizona, is the leading provider of therapeutic massage in the United States."[10]

30.    As of October 2012, the number of massages that Massage Envy boasted that it had performed had increased to 50 million. In an October 2012 press release entitled, "Massage Envy Let Their Fingers Do the Talking with 50 Millionth Massage," Massage Envy stated, "The pioneer and national leader of professional, convenient and affordable massage and spa services, announced today it has reached a significant milestone - performing its 50 millionth massage."[11]

---

[8] http://www.prnewswire.com/news-releases/massage-envy-marks-strong-2011-with-13-percent-growth-of-new-clinics-137673278.html (accessed 6/21/17). For some reason, that version of the press release is truncated. The complete version is posted at https://www.massagemag.com/massage-envy-marks-strong-2011-with-13-percent-growth-of-new-clinics-10446/ (accessed 6/21/2017).
[9] http://www.prnewswire.com/news-releases/massage-envy-announces-40-millionth-massage-137955663.html (accessed 6/20/17).
[10] http://web.archive.org/web/20140904003431/http://www.massageenvy.com/about-massage-envy/press-room/press-releases/october-1-2012.aspx (accessed 1/20/2019).
[11] http://www.prnewswire.com/news-releases/massage-envy-let-their-fingers-do-the-talking-with-50-millionth-massage-176243371.html (accessed 6/20/17).

A3080

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

31.    In a February 28, 2012, press release, Massage Envy stated, "The company also is the world's largest employer of licensed/registered massage therapists with more than 16,000 therapists providing over 250,000 massages every week to a total of more than 1 million members."[12]

32.    In a March 2013 press release entitled, "Massage Envy Announces Expansion Plans For Michigan," Massage Envy stated, "The company also is the world's largest employer of licensed/registered massage therapists with at least 18,000 therapists providing over 16 million massages a year to a total of more than 1.3 million members."[13]

33.    In a press release that Massage Envy posted on its website on July 24, 2013, among other dates, Massage Envy stated, "Massage Envy is the world's largest employer of licensed/registered massage therapists, with more than 16,000 therapists providing over 250,000 massages every week. The company only employs licensed, registered and certified massage therapists who are trained to provide a variety of therapeutic massage treatments." In that press release, it also stated, "Massage Envy, based in Scottsdale, Arizona, is the leading provider of therapeutic massage in the United States."[14]

34.    In a March 2017 press release entitled, "Massage Envy Looks to Expand in Pennsylvania," Massage Envy called itself, "the pioneer and national leader of professional, convenient massage therapy."[15]

35.    In none of the press releases quoted in this second amended petition did Massage

---

[12] http://web.archive.org/web/20130724030905/http://www.massageenvy.com/about-massage-envy/press-room/press-releases/february-2012.aspx (accessed 1/20/2019).

[13] http://www.prnewswire.com/news-releases/massage-envy-announces-expansion-plans-for-michigan-199859241.html  (accessed 6/20/17).

[14] http://web.archive.org/web/20130724025529/http://www.massageenvy.com/about-massage-envy/press-room/press-releases/september-13,-2011.aspx (accessed 1/20/2019).

[15] http://www.prnewswire.com/news-releases/massage-envy-looks-to-expand-in-pennsylvania-300424571.html (accessed 6/20/2017).

A3081

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Envy state that its references to "Massage Envy" and "the company" as a provider of massages or employer of massage therapists were in fact references to a "brand."

36.    In none of the press releases quoted in this second amended petition did Massage Envy state that its references to "Massage Envy" and "the company" as a provider of massages or employer of massage therapists were in fact references to its franchised locations. It merely states in some of the press releases that Massage Envy provides massages "through its franchised locations."

37.    In a June 2017 press release entitled, "Massage Envy Ready for Worldwide Push at the 2017 International Franchise Expo," Massage Envy again referred to its franchisees as its "franchise partners" and represented that it had laid out and supported all aspects of their business model. It stated: "The company employs experts in every facet of the business – including real estate, design, construction, marketing, training and operations – to set franchisees up for success, with all aspects of the business model clearly laid out and supported for franchisees."[16]

38.    As the above statement suggests, Massage Envy controls the operations of its franchisees. According it its Franchise Disclosure Document, which it presents to prospective franchisees before their purchase, it requires that each Massage Envy Business (*i.e.*, a business operating a Massage Envy franchise) "be operated at a site that we approve and according to our standards, specifications, operating procedures and rules (the 'System Standards'). Massage Envy Businesses must offer all products and services we specify and may not offer any products or services we have not authorized."[17]

---

[16] http://www.businesswire.com/news/home/20170609005543/en/Massage-Envy-Ready-Worldwide-Push-2017-International (accessed 6/20/2017).
[17] Massage Envy Franchise Disclosure Statement, dated April 11, 2016, at 8.

A3082

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

39.    Massage Envy also "designate[s], direct[s] and ha[s] complete control over all advertising and marketing programs (including the creative concepts, materials, endorsements and media used for the programs as well as the geographic, market and media placement and allocation of the programs) and all other brand development activities."[18]

40.    According to the sworn deposition testimony of the owner of three Massage Envy locations in the St. Louis area (Webster Rock Hill, Maplewood/Brentwood and Clayton), Massage Envy sets the prices that its franchisees charge for massages.

**Massage Envy's Offer of a One-Hour Massage Session**

41.    Massage Envy offers what it calls an "Introductory Massage." An "Introductory Massage" is one at a reduced price for customers who are not Massage Envy members and who have not had a previous Introductory Massage within a certain time period.

42.    The following screen shot shows the offer of a 1-Hour Massage on its website's home page as of September 27, 2016:

---

[18] Massage Envy Franchise Disclosure Statement, dated April 11, 2016, at 30.

A3083

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



http://www.massageenvy.com/ (accessed 9/27/16).[19] The following discussion describes

Massage Envy's deceptive practices as of that date.

43.     As can be seen from the above screenshot, a blue box stated that Massage Envy

offered an "Introductory 1-Hour Massage Session" for $50. There was also a difficult-to-see

asterisk after the word "Session."

44.     Clicking on the asterisk did not take the viewer to a footnote, in the fashion of, for

example, footnotes on websites such as Wikipedia. Instead, if the consumer clicked on the

asterisk, he or she was taken to a different web page entirely:

http://www.massageenvy.com/membership.aspx (accessed 9/24/16).[20] That page was entitled,

---

[19] This page is no longer available on Massage Envy's website, but a similar page, captured on September 2, 2016, is available at the Internet Wayback Machine at
http://web.archive.org/web/20160902030607/http://www.massageenvy.com/ (accessed 1/28/17).
[20] This page, captured on October 12, 2016, is available at the Internet Wayback Machine at
http://web.archive.org/web/20161012164051/http://www.massageenvy.com/membership.aspx (accessed 1/29/17).

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

"Imagine more ME time" and described "Membership Benefits." The page had no explanation of what was meant by "Introductory 1-Hour Massage Session." It was therefore misleading to link this page to the offer of an "Introductory 1-Hour Massage Session."

**Massage Envy's "Disclaimer Page" and Its Links**

45.     If, instead of clicking on the asterisk after the words "Introductory 1-Hour Massage Session" on the Massage Envy home page, the consumer scrolled down past various links and a menu chart, he or she would come across a footnote in small type that stated: "*View pricing and promotional details."  The following screenshot shows how that footnote appeared on the webpage:



http://www.massageenvy.com/ (accessed 9/27/16).

46.     That footnote provided a link to a page entitled, "Pricing and Promotional Disclaimers" (hereafter referred to as "Disclaimer Page"). Here is a screenshot from that page:

12

A3085

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



http://www.massageenvy.com/pricing-and-promotional-items.aspx (accessed 9/27/16).[21]

47.    As can be seen, in small type underneath the heading, "Session," the Disclaimer Page stated: "*Session includes massage or facial and time for consultation and dressing." That page did not state that the time for consultation and dressing was deducted from the one hour. Nor did it indicate how long the actual massage would be or how much time was allotted for consultation and dressing (and didn't mention undressing or waiting time). Therefore, it did not tell the consumer that a massage would last less than an hour.

---

[21] Currently available at the Internet Wayback Machine, as captured on October 12, 2016, at http://web.archive.org/web/20161012235723/http://www.massageenvy.com/pricing-and-promotional-items.aspx (accessed 1/28/17).

A3086

48.     As can also be seen from the above screenshot, the Disclaimer Page contained a light gray box entitled, "New to Massage Envy?" That box contained three links.

49.     The first of those links was entitled, "New to Massage." That link took the consumer to a page entitled, "Massage Tips for Beginners." http://www.massageenvy.com/massage-therapy-for/new-to-massage.aspx (accessed 9/27/16).[22] That page did not discuss the length of the massage.

50.     The second link, "Your first visit," took the consumer to a page entitled "Your First Massage Session." http://www.massageenvy.com/your-first-visit.aspx (accessed 9/27/16).[23] That page contained both a video and text. The video, titled, "My First Massage EVER: *What You Can Expect*," lasted about three-and-a-half minutes, was interspersed with titles, and never mentioned that the consumer should expect that "My First Massage EVER" would last only 50-minutes or less. (This web page could also be accessed by clicking on "Your First Visit" in a menu bar on Massage Envy's home page, http://www.massageenvy.com/, as well as other Massage Envy web pages.) Plaintiff discusses this page further below.

51.     The third link in the "New to Massage Envy?" box was entitled, "Massage Envy" and took the consumer to a page entitled, "The New Day Spa." http://www.massageenvy.com/massage-envy.aspx (accessed 9/27/16).[24] That page contained the same video mentioned above, entitled, "My First Massage EVER: What You Can Expect," as well as the same blue box described earlier with the offer of a "$50 Introductory 1-Hour Massage Session," an asterisk after the word "Session" and same footnote at the bottom of the page

---

[22] Currently available at the Internet Wayback Machine, as captured on October 12, 2016, at http://web.archive.org/web/20161012120338/http://www.massageenvy.com/massage-therapy-for/new-to-massage.aspx (accessed 1/28/17).
[23] Currently available at the Internet Wayback Machine, as captured on October 12, 2016, at http://web.archive.org/web/20161012084512/http://www.massageenvy.com/your-first-visit.aspx (accessed 1/28/17).
[24] Currently available at the Internet Wayback Machine, as captured on October 12, 2016, at http://web.archive.org/web/20161012204634/http://www.massageenvy.com/massage-envy.aspx (accessed 1/28/17).

A3087

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

described above stating "*View pricing and promotional details" with a link back to the

Disclaimer Page.

**Massage Envy's Video: "My First Massage EVER: What You Should Expect"**

52.     Here is the script of the narration to Massage Envy's Video, "My First Massage

EVER: What You Can Expect," contained on its web page entitled, "Your First Massage

Session":

> *What should you expect from your first massage? Hi, I'm Becky Mirizio for Massage Envy Spa.*
>
> *Maybe you're curious about massage or you're finally ready for your first session. Either way, you're gonna want to know what to expect. Well, I'm here to be your guide. So let's get started.*
>
> *First things first: Scheduling your appointment. When you call, you'll want to tell us any preferences you have, like male or female therapist and what type of massage you like. Of course, this is your first massage, so how do you know your preferences? Well, for first-time guests, we recommend a Swedish massage. It's nice and relaxing, plus you still get the therapeutic benefits you're looking for.*
>
> *So your appointment is set. Once you arrive at Massage Envy Spa, a front desk associate will greet you and they'll ask you to fill out a Massage Wellness Chart. This is where you'll record any injuries, health history and other physical conditions we should know about – all of which is confidential. We recommend wearing comfortable clothes and arriving 15 minutes early so you can fill everything out without feeling rushed.*
>
> *When you're all finished, you can relax and wait in the lobby or, if available, the tranquility room. This is also a good time to turn your cell phone off or put it on silent. Relax, your emails will still be there when you're done.*
>
> *Next, your massage therapist will come to greet you and walk you to your room. They'll also show you where the bathroom is – which we recommend using – trust us, you don't want to go mid-session.*
>
> *Together, you'll review your Wellness Chart. Your massage therapist will ask you questions like, "Why did you come in today?" and "Do you have specific stress or areas you're experiencing any pain?" Your communication is key here and throughout your session. Tell your therapist if this is your first time. They'll answer any questions you have and walk you through the process so you feel comfortable.*

15

A3088

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

*Massage Envy Spa uses only hypoallergenic lotions. Still, it's a good idea to let us know if you have any allergies beforehand.*

*Your massage therapist will then leave the room while you disrobe to your level of comfort. But, what's the right amount? Well, some clients prefer to completely disrobe, while others remain partially clothed. Either option is absolutely fine. It's whatever is most comfortable for you.*

*Once disrobed, you'll lie on the massage table under the top sheet and blanket. Your massage therapist will give you a few minutes alone, then knock before entering the room.*

*Your massage therapist will always respect your modesty. You'll be draped with the sheet during your entire massage session, only uncovering the part of the body they're working on. Remember, this is your massage.*

*The face cradle can be adjusted and the massage table heated. Your therapist just wants you to have a great experience, so speak up. And that goes double for pressure and technique. Should you experience pain or discomfort when working a particularly tight area, it's extremely important to say so. Your therapist is a professional and he or she can adapt, using different techniques to relax stubborn muscles.*

*After your massage is completed, take a few moments to relax before you re-dress and your therapist takes you back to the lobby. He or she will then offer you some water, discuss areas that were worked, and offer recommendations for future sessions.*

*So there you have it—your first massage session. Relaxing, isn't it? If you have any more questions, you can visit our site, massageenvy.com, or call your local clinic. Thanks for watching. Have a healthy day.*

53.     As can be seen from the script, the video never mentions how long the massage will last. However, it deceptively indicates that the entire session is devoted to the massage and that activities such as the interview, undressing and dressing are not part of the massage "session." The narrator states: "You'll be draped with the sheet during your entire massage session." Because the consumer is not draped with a sheet during the interview or while undressing or dressing, those activities are not part of the massage session, at least according to the video.

16

A3089

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

54.    The video recommends arriving 15 minutes early and reinforces that

recommendation with a title as shown in the screenshot below.



55.

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/16). Telling the viewer to

arrive 15 minutes early suggests that the preliminaries do not count against the hour.

56.    Among the preliminaries are filling out a Wellness Chart and then reviewing it

with the massage therapist, as shown in the following screenshots:



17

A3090

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



57.     The video also states that, after the consumer disrobes and lies on the table, the massage therapist "will give you a few minutes alone, then knock before entering the room." Here is a screenshot of what the video shows while the narrator talks about this "alone" time:



Nowhere does the video indicate that these "few minutes" waiting for the massage therapist count against the hour that the consumer has paid for and that the consumer is therefore paying Massage Envy for waiting time at $50 an hour or even more.

**Massage Envy's "Step-by-Step Guide"**

58.     Massage Envy's web page entitled, "Your First Massage Session," contained a four-part written discussion entitled, "The Step-by-Step Guide."

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/16).[25] This web page

---

[25] Currently available at the Internet Wayback Machine, as captured on October 12, 2016, at http://web.archive.org/web/20161012084512/http://www.massageenvy.com/your-first-visit.aspx (accessed 1/28/17).

A3091

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

deceptively reinforced the message that the session consisted of the actual massage and that other activities, such as the pre-interview and dressing, were extraneous to it.

59.     Massage Envy's Step-by-Step Guide had four parts, or "Steps":

1.     Meet and Greet

2.     Starting Your Session

3.     During Your Massage

4.     Ensuring Your Wellness

60.     By referring to this as a "Step-by-Step" Guide, Massage Envy was telling its customers that this was a chronological description of what to expect.

61.     **Step 1.** Here is a screenshot showing Step 1 of "The Step-by-Step Guide":



http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/16). As can be seen, Step 1, "Meet and Greet," occurred before Step 2, "Starting Your Session," and therefore described events that occurred before the one-hour massage session began. Here is one such event

A3092

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

described in Step 1: "Your massage therapist will greet you and review the Wellness Chart with you. They will inquire about the reason(s) you are coming in for a massage, your current physical condition and any specific areas in which you are experiencing pain or would like to address during your massage." Thus, Massage Envy was deceptively telling consumers that this consultation or interview occurred before the one-hour massage session began.

62.    **Step 2.** Here is a screen shot showing Step 2 of Massage Envy's "Step-by-Step Guide":

## 2  Starting Your Session

Your massage therapist will then take you to a peaceful, spa-like treatment room where a comfortable massage table dressed with a warming blanket and crisp clean sheets awaits. A small shelf for your personal belongings and a chair are also provided for your use. Your massage therapist will leave the room and wait outside while you disrobe to your level of comfort. The massage etiquette varies for clients. Some clients prefer to completely disrobe, while some will remain partially clothed. Either option is fine. Once disrobed, you will lie on the massage table, under the top sheet. Your massage therapist will give you a few minutes for this process and will knock on the door to ask if you are ready before entering your room.

You will always be draped with the top sheet during your massage session. The etiquette your massage therapist will follow is to only uncover the part of the body they are working on, ensuring that your modesty is respected at all times.

You can expect a tranquil and comfortable environment during your massage. The massage table is padded and a heating blanket is placed beneath the sheet, which you can have adjusted to your preference. There will be relaxing music playing, unless you request otherwise, and the room should be quiet, with no outside distractions.

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/16). As can be seen, Step 2, entitled, "Starting Your Session," stated that only times when the consumer was draped with a sheet were part of the massage session. It stated: "You will always be draped with the top sheet during your massage session." Thus, Massage Envy deceptively told consumers that the times spent in consultation with the therapist and in dressing and undressing – in which the consumer was *not* draped with a top sheet – were not part of the massage session.

63.    **Step 3.** Here is a screenshot of Step 3 of "The Step-by-Step Guide":

## 3  During Your Massage

Before beginning the session, your therapist will ask you to alert them if, at any time during the session, a technique or stroke they are using is uncomfortable. Depending on your specific needs or requests, your massage therapist will either perform a customized full-body massage (for general relaxation and stress reduction) or focus on the specific parts of your body that you have requested. Massage Envy uses only the highest quality hypoallergenic massage creams and lotions for your massage.

A3093

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/16). As can be seen, Step 3 of "The Step-by-Step Guide," entitled, "During Your Massage," also indicated that the massage session included only the actual massage. It stated, "Before beginning the session, your therapist will ask you to alert them if, *at any time during the session*, a technique or stroke they are using is uncomfortable." (Emphasis added.) Thus, Massage Envy deceptively told consumers that the massage session was that part of the visit in which the therapist was using a technique or stroke. That is the actual massage. If Massage Envy did not want consumers to believe that the massage was not the same thing as the session, it would have said, "Your therapist will ask you to alert them if, at any time during the *massage*, a technique or stroke they are using is uncomfortable." But Massage Envy said, "session," not "massage."

64.    **Step 4.** Here is a screenshot of Step 4 of "The Step by Step Guide":



4 Ensuring Your Wellness

Once your massage therapy session is complete, your therapist will leave the room so you may re-dress. Your therapist will wait outside the room for you with a cup of water, and then take you back to the front area when you're ready. Our massage therapy sessions vary from 1-hour to 1½-hour to 2 hours in length. Each session includes a 5 minute pre-interview and 5 minutes at the end for you to re-dress.

We look forward to seeing you for your first visit. If you have any questions about the etiquette during a massage, one of our friendly front desk associates will be happy to answer them for you.

http://www.massageenvy.com/your-first-visit.aspx (accessed 9/24/16). In Step 4 of "The Step-by-Guide," entitled, "Ensuring Your Wellness," Massage Envy stated: "Once your massage therapy session is complete, your therapist will leave the room so you may re-dress." Thus, Massage Envy deceptively told consumers that the time spent getting dressed after the massage (or "re-dressed" as Massage Envy stated) was not part of the massage session because it occurred after the "massage therapy session is complete."

65.    The last sentence of this paragraph states, "Each session includes a 5 minute pre-interview and 5 minutes at the end for you to re-dress." In the context of everything else on this

A3094

page, that sentence does not mean that these times are deducted from the hour. That interpretation would make no sense in light of the fact that Massage Envy discussed the pre-interview before the section called, "*Starting* Your Session" (emphasis added), told consumers that they would always be draped with a top sheet *during the massage session*, said that the therapist would ask them to say at any time *during the session* if a technique or stroke was uncomfortable, and told them that they would get "re-dressed" *after* the massage therapy session was complete. In all of those statements, Massage Envy told consumers that the massage session consisted of the time that the therapist was performing the massage.

66.    If it had been Massage Envy's intent to tell consumers in Step 4 of "The Step-by-Guide" that five minutes for a "pre-interview" and five minutes to get dressed at the end were part of the one-hour massage session, such disclosure would be unethical for several reasons: (1) by burying it near the end of a long web page and not repeating it elsewhere, Massage Envy rendered it not likely to be noticed; (2) it was not likely to be noticed by consumers interested in the length of a massage session or even what occurs in a massage session because it was placed in a section with the title, "Ensuring Your Wellness," rather than a title relating to the massage session; (3) it was not placed in the sections entitled, "Starting Your Session" or "During Your Massage," where a consumer would be more likely to look for information on the length of a massage; and, (4) it was a disclaimer contradicting the overall impression of Massage Envy's offer of a one-hour massage session, namely that it consisted of the actual massage and not extraneous activities such as the interview and getting dressed.

**Massage Envy's Web Page, "Customize your Massage Session"**

67.    Across the top of Massage Envy's website was a menu bar. The second item on that menu bar was called, "Massage." Clicking on that item brought the consumer to a page

A3095

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

entitled, "Customize your Massage Session." http://www.massageenvy.com/massage.aspx

(accessed 9/16/16).[26] At the top of that page were several boxes indicating the various lengths of

time that were available including, "1-hour," "1½ -hour," and "2-hour." Here is a screenshot of

that page showing those boxes:



http://www.massageenvy.com/massage.aspx (accessed 9/24/16).

68.    The box for one-hour on the Massage Envy web page, "Customize your Massage

Session," http://www.massageenvy.com/massage.aspx (accessed 9/24/16), did not state that the

hour included anything other than a massage. In fact, it indicated the opposite. It stated that the

session "[i]ncludes time for combination full body massage or focused relief of tension areas"

without indicating that it included anything else, such as undressing, dressing, "consultation" or

waiting.

69.    As can be seen from this screenshot, below the "1-hour" box were the words "$50

Introductory Price" with an asterisk after the word "Price." That asterisk did not have a link to

---

[26] This page is available at the Internet Wayback Machine, as captured on October 12, 2016, at
http://web.archive.org/web/20161012225241/http://www.massageenvy.com/massage.aspx (accessed 1/28/2017).

A3096

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

anything. Scrolling down the page (way down because it was a very long page) brought the consumer to a footnote like the one described above that said, "*View pricing and promotional details" with a link to the same Disclaimer Page discussed above that did not state that a one-hour massage lasts only 50 minutes.

**Massage Envy's FAQs**

70.     Massage Envy's website also had a page of FAQs that deceptively referred to a "1-hour massage," not a "1-hour massage session" and did not state that the massage was actually less than an hour. In fact, it indicated the opposite. In response to the question, "How long should a massage last?" the page stated, "Some people view a one-hour massage [not "massage session"] as enough for relaxation and relief of mild stress or tension areas." http://www.massageenvy.com/faqs.aspx (accessed 9/27/16).[27]

71.     Here is a screenshot of that question and answer as it appears on Massage Envy's FAQ page:



How Long, How Often

How long should a massage last?

That depends on what you want to accomplish. Some people view a one-hour massage as enough for relaxation and relief of mild stress or tension areas. A two-hour session provides maximum therapeutic relief of chronic pain, stress or tension through a full-body massage using various modalities. And in between those, an hour and a half session allows time for relief of tight muscles or persistent pain, plus dedicated relief of specific areas of discomfort.

A Swedish or Deep Tissue massage can fill any of those lengths, but for something more specialized like a Prenatal, Sports massage or additional Enhanced Therapies, it might be better to allow 90 or 120 minutes.

http://www.massageenvy.com/faqs.aspx (accessed 9/27/16).

**Massage Envy's Web Pages for Individual Facilities**

72.     Massage Envy also made the offer of a 1-hour and 1½-hour introductory massages on its web pages for individual facilities, such as its Webster Groves facility that

---

[27] Currently available at the Internet Wayback Machine, as captured on May 14, 2016, at http://web.archive.org/web/20160514020248/http://www.massageenvy.com/faqs.aspx (accessed 1/28/17).

A3097

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Plaintiff Pirozzi patronized, as shown in this screen shot from a web page captured by the Internet Wayback Machine on January 26, 2014, near the time of Plaintiff Pirozzi's massage at that facility on December 12, 2013:



http://web.archive.org/web/20140126054209/http://www.massageenvy.com:80/clinics/MO/Webster-Groves.aspx (accessed 12/13/18). Although this page related to Massage Envy's franchised

A3098

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

location in Webster Groves, Defendant wrote the page and made its representations. The page

bears the copyright notation "© Massage Envy Franchising, LLC."

73.     As can be seen from the above screenshot, a list of services on the right side of the

screen included a "1-Hour Massage," a "1½-Hour Massage" and a "2-Hour Massage" (not

massage "sessions") at introductory offer prices of $49.99, $74.99 and $99.99, respectively.

74.     There was also a reference to a 1-hour and 1½-hour "massage session" under the

photo of two models wearing Massage Envy shirts. Since the same page referred to a "1-Hour

Massage," a reasonable consumer would conclude that a one-hour massage session included a

one-hour massage. Moreover, note the asterisk after the word, "session." That asterisk does not

have a link to anything. If the consumer scrolled down to find out what the asterisk meant, he or

she found, not a footnote (at least not at first), but asterisks on an appointment form. That

appointment form is shown in the following screenshot:



*Id.*

75.     Thus, a reasonable consumer would conclude that the asterisk after "Session" in

the offer of a one-hour massage session was directing him or her to the asterisks in the

A3099

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

appointment form and never see the footnote, much less find his or her way to the Disclaimer Page.

76.    As another example, the same deceptive information, including the misleading offer of a 1-Hour, 1½-Hour and 2-Hour massages was contained on the website of Massage Envy's Maplewood/Brentwood location that Plaintiff Green patronized, as seen in this screenshot captured by the Internet Wayback Machine on October 14, 2014:

A3100

Electronically Filed - St. Louis County - March 20, 2019 - 04:02 PM



http://web.archive.org/web/20141014182809/http://www.massageenvy.com/clinics/MO/Maplewood/Brentwood.aspx (accessed 1/16/2019).

A3101

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**Massage Envy's E-Gift Cards**

77.    Massage Envy also sold electronic gift cards.

https://www.massageenvy.com/gift-cards.aspx (accessed 9/24/16).[28] Here is a screenshot of the

offer of a gift card:



---

[28] [28] Currently available at the Internet Wayback Machine, as captured on May 14, 2016, at
https://web.archive.org/web/20161012224651/https://www.massageenvy.com/gift-cards.aspx (accessed 1/28/17).

A3102

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

*Id.*

78.    As can be seen from the above screenshot, the least expensive E-Gift card was $75. Massage Envy's offer of this gift card states that it is "[t]ypically good for 1-hour introductory massage, including gratuity." It refers to a "1-hour introductory massage," not "1-hour massage session," and does not state that the 1-hour introductory massage is not a full hour, but rather no longer than 50 minutes.

79.    The offer also included a $100 gift card that states it is "[t]ypically good for 1½-hour massage ... including gratuity" and does not state that the massage is not a full 1½ hours, but rather no longer than 80 minutes.

80.    The E-Gift Card page contained four asterisks. Three are shown in the screenshot above. The fourth accompanied a footnote at the bottom of the page that, as is the case on other Massage Envy web pages, stated, "View pricing and promotional details" with a link to the Disclaimer Page.

81.    There was nothing about the first three asterisks on the E-Gift Card page that would lead a consumer to that footnote. They accompanied the titles of boxes for the consumer to fill out (Name of Recipient, Quantity, and Confirm Email) and suggest that these are simply items that must be completed.

**Massage Envy's Facilities Posted Deceptive Pricing Signs Advertising One-Hour Massages**

82.    Many, if not most or all, Massage Envy facilities, including those in Missouri, posted large pricing signs on the walls of their waiting areas that advertised Non-Member "1-Hour Massages," 1½-Hour Massages," and 2-Hour Massages" without indicating that the massages were actually only 50 minutes, 80 minutes and 110 minutes respectively. Those signs were created and copyrighted by Massage Envy's direct parent, Massage Envy, LLC.

A3103

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

83.    The following screenshot shows an example of such a sign:



http://www.modchamber.org/wp-content/uploads/2013/03/Envy06-150x150.jpg (accessed

1/27/17).

84.    That sign contains fine print at the bottom that is unreadable unless the viewer

stands right in front of the sign. That fine print states:

*Due at time of service. **Sessions consist of massage or facial and time for
consultation and dressing. Rules and services vary by location.  Massage Envy
reserves the right to refuse service to anyone. Returned checks will be subject to
all bank fees charged to Massage Envy. Each clinic is a member of the Massage

A3104

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Envy network of independently owned and operated franchises. © Massage Envy, LLC."

85.    That fine print, even if it were readable, would not tell a consumer that the massages last less than the advertised times. The only reasonable way to interpret the fine print in conjunction with the representation of a "1-Hour Massage" is that the session includes a one-hour massage plus time for consultation and dressing – in other words that the consumer should expect to be in the clinic for more than an hour. However, the fine print is *not* readable by the typical consumer. For example, the following photo, available on the Google Maps website, shows the pricing sign as it was displayed in the lobby at Massage Envy's Chesterfield, Missouri, facility:[29]



---

[29]
https://www.google.com/maps/uv?hl=en&pb=!1s0x87d8d529a946d7e7%3A0x5cac462d751f0b02!2m19!2m2!1i80!2i80!3m1!2i20!16m13!1b1!2m2!1m1!1e1!2m2!1m1!1e3!2m2!1m1!1e5!2m2!1m1!1e4!3m1!7e115!4shttps%3A%2F%2Fpicasaweb.google.com%2Flh%2Fsredir%3Funame%3D100946227994559243630%26id%3D6255360510723333474%26target%3DPHOTO!5smassage%20envy%20chesterfield%20mo%20-%20Google%20Search&imagekey=!1e2!2sjWfXqL7yIxrXwT7Zal7hAg&sa=X&ved=0ahUKEwj-84HznMzRAhVQ1mMKHdi9BIAQoioIdDAK (accessed 1/27/17).

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

86.     The above photo shows the pricing sign on the right-hand wall behind the counter. Of the two signs, it is the furthest from the counter where the customer would stand. The door near the sign leads to the offices. There would be no reason for a customer to go through that doorway and pass by the sign.

87.     The doorway on the left of the picture leads to the massage rooms. That is the doorway through which a customer would walk. As he or she did so, it would be impossible to read the fine print on the pricing sign on the other side of the room behind the employee desks.

88.     Accordingly, with this and similar signs, Massage Envy intended to mislead first-time customers about the length of a massage.

89.     On information and belief, Massage Envy removed these pricing signs in late 2016 after it was sued by a customer making allegations similar to those in this case.

90.     Many if not most or all Massage Envy facilities, including those in Missouri, also had signs in their windows advertising one-hour or 60-minute massages, such as this sign, created and copyrighted by Massage Envy's direct parent, Massage Envy, LLC, which was displayed in the window of the Massage Envy facility in Chesterfield, MO, in early 2017.

A3106

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



91.     That sign overlooks the sidewalk and parking lot. It would be impossible for someone in a car driving by the Massage Envy facility to read the fine print; however, the words, "INTRO 60-MIN. **MASSAGE**" would be easily readable. For a pedestrian to read the fine print, he or she would have to stop and crouch or kneel down. Thus, the clear message Massage Envy conveys with this sign is that a customer would receive a 60-minute massage for $50. Massage Envy therefore intends to mislead introductory customers about the length of a massage with this sign.

**Massage Envy's Display Materials**

92.     Massage Envy had other in-store display materials that reinforced the message that one-hour massages lasted one hour. Those included posters for retail products that it sells in its facilities. Such products include muscle relief sets, body gels, spa creams, triggerpoint pillows, and other products.

A3107

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

93.    For example, during the 2015 holiday season, Massage Envy displayed posters with the following message above a retail shelf: "BECAUSE THIS FEELING SHOULD LAST LONGER THAN ONE HOUR." See "Holiday 2015," https://www.massageenvy.com/media/836479/holiday%202015%20roll-out%20guide.pdf (accessed 9/24/16) at 31. The following screenshot shows a graphic from that publication:



94.    Telling consumers that "this feeling should last longer than one hour" is telling them that the massage lasts an hour because there is no reason to reproduce any feeling that a consumer obtains at Massage Envy other than the feeling from the actual massage. A consumer has no reason to desire the "feeling" from an interview, waiting time, getting undressed, or getting dressed to last beyond the experience at Massage Envy.

**The One Statement on Its Website Where Massage Envy Revealed the Actual Length of a Massage Was Virtually Impossible to Find**

95.    Before it changed its practices in October 2016, Massage Envy stated on only one page on its entire website that a one-hour massage was actually only 50 minutes. Massage Envy strategically placed that statement on an almost impossible-to-find web page, entitled, "Types of Massage" (hereafter "Types of Massage" Page). http://www.massageenvy.com/types-of-massage.aspx (accessed 9/24/16).[30] On that page, Massage Envy stated: "A 1-hour massage

---

[30] This page is available at the Internet Wayback Machine, as captured on April 5, 2016, at http://web.archive.org/web/20160405052006/http://www.massageenvy.com/types-of-massage.aspx (accessed 1/28/17).

A3108

therapy session at Massage Envy clinics nationwide consists of 5 minutes of therapist consultation, 50 minutes of hands-on massage, and 5 minutes of dressing."

96.     On information and belief, there was only one limited path to follow by which a consumer could find that statement. One need not have followed that path to obtain a massage at Massage Envy. Moreover, if one did follow this path, there was nothing to indicate that at the end one would learn how long a massage lasts.

97.     Here is the pathway to that statement: First one had to click on "Massage" in the menu bar near the top of a page. That took one to a page entitled, "Customize your Massage Session." http://www.massageenvy.com/massage.aspx (accessed 9/24/16).[31] That page is shown in the screenshot below:

---

[31] That page is available at the Internet Wayback Machine, as captured on October 12, 2016, at http://web.archive.org/web/20161012225241/http://www.massageenvy.com/massage.aspx (accessed 1/28/17).

A3109

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



*Id.*

    98.    As can be seen, on this page various types of massages were listed, including

"Trigger Point Therapy," "Swedish Massage" and others. Clicking on either the name of one of

those types or on the words, "Learn More," took one to a page devoted to that technique. *See*,

37

A3110

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

*e.g.*, http://www.massageenvy.com/types-of-massage/trigger-point-therapy.aspx and

http://www.massageenvy.com/types-of-massage/swedish.aspx (both accessed 9/24/16).

    99.    Each of those pages – in other words, the pages devoted to a type of massage –

had a list of massage types on the left side under the title, "Types of Massage." The following

screenshot shows that list on the page for "Trigger Point Therapy":



http://www.massageenvy.com/types-of-massage/trigger-point-therapy.aspx (accessed 9/24/16).[32]

---

[32] Available at the Internet Wayback Machine, as captured on September 27, 2016, at
http://web.archive.org/web/20160927111453/http://www.massageenvy.com/types-of-massage/trigger-point-therapy.aspx (accessed 1/28/17).

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

100.    This page (and others like it devoted to specific types of massage, such as Swedish Massage) had the only direct links to the lone web page that said that a one-hour massage lasted only 50 minutes. And even that link was not obvious and difficult to find. The link was the **_title_** of the list of different types of massage on the left side of the page. As can be seen from the above screenshot, there is no visual clue to indicate that this even is a link. That is in contradistinction to the massage types under the title, all of which are preceded by arrows, indicating that they are links.

101.    However, placing one's cursor over the words, "Types of Massage," revealed that it is a link, and clicking on it brought up the "Types of Massage" Page.

102.    On information and belief, this complicated and obscure path was the only way to access this page from any other page on the Massage Envy website.

103.    Moreover, even once one found this page, it was nearly impossible to find the statement that a one-hour massage lasted only 50 minutes. First, there was nothing to alert the reader that the length of a massage was even mentioned on this page. To the contrary, the page contained a brief description of different massage types, followed by a discussion of "Signature Services" and "Who is Massage Therapy good for?"

104.    Below that discussion – not preceded by a title and fully 41 lines of type from the top – was this statement: "A 1-hour massage therapy session at Massage Envy clinics nationwide consists of 5 minutes of therapist consultation, 50 minutes of hands-on massage, and 5 minutes of dressing." http://www.massageenvy.com/types-of-massage.aspx (accessed 9/24/16).[33]

---

[33]Available at the Internet Wayback Machine, as captured on April 5, 2016, at http://web.archive.org/web/20160405052006/http://www.massageenvy.com/types-of-massage.aspx (accessed 1/28/17).

A3112

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

105.    The following screenshot shows how this statement was hidden on this webpage (Plaintiff has inserted an arrow on the image to point out the sentence):

A3113

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

*Id.*

106.   That obscure statement on an almost impossible-to-find web page was the only place on Massage Envy's entire website telling the consumer that a one-hour massage therapy session included only a 50-minute massage. Accordingly, Massage Envy intended to conceal this statement while, at the same time, being able to respond if challenged by insisting that it (somehow, somewhere) did provide the true length of a massage.

107.   Moreover, one did not need to access this web page to obtain a massage at Massage Envy.

108.   Even that page did not disclose that a supposed 1½-hour massage and 2-hour massage lasted less than 1½ hours and 2 hours, respectively.

**Massage Envy's Pricing Card Includes a Statement About the Actual Length of a Massage that is Difficult to Find and Read**

109.   At some of its facilities, notwithstanding the fact that a pricing sign was on the wall listing the price of a one-hour massage, Massage Envy had cards available for its customers that also provided a menu of services, with their prices. One did not need to see such a card to obtain a massage. One did not even need to see the pricing card to know the prices since Massage Envy posted them on its waiting room walls, as described above.

110.   An example of such a pricing card is attached as Ex. A. This card is 3.5 inches by 8.5 inches and has two sides, one devoted to massage services, the other to skin care services.

111.   The massage side of the pricing card lists a "60-Min. Massage Session" with an "Intro price" of $50 and a Non-Member price of $90.

112.   This page contains the following copyright notice: "© Massage Envy Franchising, LLC."

A3115

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

113.    At the bottom of this page, in tiny, 5-pt type, is a seven-line, difficult-to-read block of print that states, in part, "Session time includes massage or facial and a total of 10 minutes for consultation and dressing, which occurs both pre and post service."

114.    Nowhere else on this card is the consumer told about non-massage time, such as time for consultation and dressing. Nor does this card state explicitly that the 10 minutes for consultation and dressing is deducted from the massage time, leaving only 50 minutes for the massage.

115.    On information and belief, Massage Envy's employees were not trained to provide this card to consumers before their massage.

**Massage Envy Used to Disclose at the Top of Its Home Web Page How Long the Massage Lasts, But It Has Made that Information Progressively More Difficult to Find**

116.    Massage Envy did not always attempt to conceal the actual length of the massage included in a one-hour massage session. Until April 2007, it clearly and unmistakably disclosed at the top of its home page that a one-hour session included only 50 minutes of massage time. The Internet Wayback Machine, https://archive.org/web/ (accessed 1/29/17), contains an archive of Massage Envy web pages as of days in the past. The following screenshot shows Massage Envy's home page as of April 19, 2007:

A3116

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



https://web.archive.org/web/20070408023040/http://www.massageenvy.com/ (accessed 1/29/17).

117.     As can be seen from the above screenshot, bearing the date April 19, 2007, the offer of a $39 introductory price for first-time visitors clearly states, "Valid for first one hour session, which consists of a 50 min. massage and time for consultation and dressing."

118.     By the next month, however, Massage Envy had taken that statement off its home page. See this screenshot from the Massage Envy home page captured by the Internet Wayback Machine on May 28, 2007:

A3117

Electronically Filed - St. Louis County - March 20, 2019 - 04:02 PM



https://web.archive.org/web/20070528115943/http://www.massageenvy.com/ (accessed

1/27/17). Gone from the home page was the disclosure that a one-hour massage lasted only 50

minutes.

119.    However, note on the above screenshot the menu bar containing the item, "Types

of Massage." That item was a direct link to an earlier – and simpler – version of the "Types of

Massage" page with the disclosure about the actual length of the massage. A consumer did not

have to follow a complicated path to find that page – although even then nothing told the

consumer that the "Types of Massage" page would disclose the length of a massage. See this

screenshot, dated May 18, 2007, of the "Types of Massage" page:

A3118

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



https://web.archive.org/web/20070518200434/http://www.massageenvy.com/types-of-massage.aspx (accessed 1/27/17). The reference to the length of the massage is in the second paragraph below the heading, "Who is Massage good for?" This page is not nearly as long as it became by 2016, and the statement that a massage was 50 minutes was easier to find.

120.    By September 23, 2011, however, Massage Envy had removed "Types of Massage" from the links at the top of its home page and dropped it into the midst of a group of several links farther down the page, with no indication that that item would link to a page that

A3119

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

would disclose the actual length of a "one-hour" massage. See this screenshot from a web page captured on that date:



http://web.archive.org/web/20110923135458/http://www.massageenvy.com/ (accessed 1/27/17).

121.    If one clicked the link for "Types of Massage" on that page, one would find that the page had expanded, making the reference to the length of massage more difficult to find. See this screenshot from a web page captured on September 23, 2011, which shows that the statement revealing the length of a massage is well down the page:

A3120



48

A3121

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

http://web.archive.org/web/20110923143615/http://www.massageenvy.com/types-of-massage.aspx (accessed 1/27/17).

122.    By October 2015, even that direct link on Massage Envy's home page to the "Types of Massage" page was gone. That can be seen from the following screenshot, captured by the Internet Wayback Machine on October 21, 2015:



http://web.archive.org/web/20151021043008/http://www.massageenvy.com/ (accessed 1/27/17). To prove that there was no longer a link to the "Types of Massage" page on the Massage Envy home page, note the search bar at the top right. The word, "Types" is not found on the page. By this time, the "Types of Massage" page could only be found by following the complicated pathway outlined above. Massage Envy's days of full disclosure were long gone.

A3122

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**Massage Envy's Competitor MassageLuxe Freely Discloses that a One-Hour Session Provides a 50-Minute Massage**

123.     MassageLuxe is a chain of massage facilities that compete with Massage Envy. It has sixteen facilities in Missouri (nine in St. Louis City or County).

124.     The screen shot below taken from MassageLuxe's home page shows that MassageLuxe prominently discloses the actual massage time of a "$48 1-hour massage" for "[f]irst time clients only." It states: "Consists of 50-minute standard massage and time for consultation and dressing."



https://massageluxe.com/ (accessed 1/27/17).

125.     MassageLuxe also makes available a coupon for a $48 1-hour massage and states on the face of the coupon that the actual massage time is only 50 minutes. https://massageluxe.com/coupons/ (accessed 9/24/16). Here is a screenshot of that coupon.

A3123

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



https://massageluxe.com/coupons/ (accessed 1/28/17).

126.    There is no reason why Massage Envy could not have made similarly prominent disclosures.

**Massage Envy Changed Its Website After the Filing of a Lawsuit in Illinois Federal Court and Removed All the Above Deceptive Statements**

127.    Kathy Haywood filed a class-action lawsuit in the United States District Court for the Southern District of Illinois on September 27, 2016 making allegations similar to those that Plaintiffs make herein. Approximately one month later, Massage Envy suddenly changed its website and removed every single deceptive statement about the length of a massage as described in her complaint. The only references to the length of a massage or massage session now on the website are not deceptive.

128.    The exact date on which Massage Envy changed its website is unknown. On information and belief, it occurred after October 22, 2016, but on or before November 5, 2016. The Internet Wayback Machine shows the old version of the Massage Envy home page as of October 22, 2016. https://web.archive.org/web/20161022185217/http://www.massageenvy.com/

A3124

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

(accessed 1/27/17). But it shows the new version of the home page as of November 5, 2016.

http://web.archive.org/web/20161105112521/https://www.massageenvy.com/ (accessed

1/27/17).

129.    On its new website, approximately one month after the Illinois federal lawsuit

was filed on Sept. 27, 2016, Massage Envy no longer mentioned an introductory One-Hour

Massage Session or a massage or massage session of any length on its home page, as described

above.

130.    Here is a screenshot from the new Massage Envy home page:



https://www.massageenvy.com/ (accessed 1/27/17).

131.    As of approximately a month after the Illinois federal lawsuit was filed on Sept.

27, 2016, the home page no longer had a footnote or any other link stating, "View pricing and

promotional details" as described above.

A3125

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

132.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy website no longer had a page entitled, "Pricing and Promotional Disclaimers," as described above.

133.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy website continued to have a page entitled, "Your First Massage Session" (see Paragraph 43, above). However, the video entitled, "My First Massage EVER: What You Can Expect," had been removed from that page and can no longer be found anywhere on the Massage Envy website. Nevertheless, it is still available on a You Tube page attributed to Massage Envy. See https://www.youtube.com/watch?v=gD9brK_To3U (accessed 1/27/17). It is clear that Massage Envy placed the video on You Tube. Below the video, the page states:

> Published on Aug 22, 2013
> Join Massage Envy Spa as *we* talk about your first massage with
> Massage Envy.

https://www.youtube.com/watch?v=gD9brK_To3U (emphasis added; accessed 1/27/17).

134.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage" no longer contained any of the misleading statements described in Paragraphs 58-66, above.

https://www.massageenvy.com/massage/your-first-massage (accessed 1/27/17).

135.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage," continued to have a paragraph entitled, "1. Meet and Greet." Unlike the former version described in Paragraph 61 above, however, this paragraph no longer included a description of the interview by the therapist, indicating that the interview was not part of the session. Instead, the only reason the new version gives for arriving 15 minutes early is to fill out certain forms. It states: "We recommend arriving 15 minutes early for your appointment to complete these forms." *Id.*

A3126

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

136.    Here is a screenshot of this paragraph:



**MEET & GREET**

Once you arrive at Massage Envy, you will be
asked to fill out intake forms to record any
relevant medical history, injuries or physical
conditions we should be aware of. We
recommend arriving 15 minutes early for your
appointment to complete these forms.

*Id.*

137.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage," continued to have a paragraph entitled, "2. Starting Your Session." Unlike the former version of that paragraph described in Paragraph 62 above, this paragraph refers to the interview with the therapist, indicating that the interview is part of the massage session. It also states, unlike the version of the page as of the filing of this lawsuit on Sept. 27, 2016, that the session time includes 10 minutes for consultation and dressing.

138.    This paragraph now states in full: "Your therapist will review the forms with you, and discuss the reasons for your visit and any specific areas you would like to address during your massage. Session time includes 10 minutes for consultation and dressing." *Id.*

139.    Here is a screenshot of the "Starting Your Session" paragraph:

A3127

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

## 2.

### STARTING YOUR SESSION

Your therapist will review the forms with you, and discuss the reasons for your visit and any specific areas you would like to address during your massage. Session time includes 10 minutes for consultation and dressing.

*Id.*

140.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy web page entitled, "Your First Massage," continued to have a paragraph entitled, "During Your Massage." Unlike the version described in Paragraph 63 above, however, it no longer stated that the therapist would ask the consumer to indicate if at any time during the session a technique or stroke was uncomfortable, and therefore no longer indicated that the session included only the massage activity. *Id.*

141.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy's web page entitled, "Your First Massage," no longer had a paragraph entitled, "Ensuring Your Wellness." Unlike the version described in Paragraphs 64-66 above, that page no longer stated, "Once your massage therapy session is complete, your therapist will leave the room so you may re-dress," and therefore no longer indicated that the re-dressing was not part of the session. Instead, the page now has a paragraph titled, "After Your Massage," that states: "When your massage [not massage session] is complete, your therapist will wait outside the room so you may dress." *Id.*

142.    Here is a screenshot showing that statement on Massage Envy's website as of the filing of the Amended Complaint in the Illinois federal lawsuit:

A3128

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**6.**

**AFTER YOUR MASSAGE**

When your massage is complete, your therapist
will wait outside the room so you may dress.
When you're ready, your therapist will return you
to the front and give you a glass of water.

*Id.*

143.    As of approximately a month after the Illinois federal lawsuit was filed on Sept.
27, 2016, the Massage Envy website no longer had a page entitled, "Customize Your Massage
Session" as described above. The website no longer contained the box described above for a one-
hour massage that stated that the session included time for combination full body massage or
focused relief of tension areas without indicating it included anything else, such as undressing,
dressing, consultation or waiting.

144.    As of approximately a month after the Illinois federal lawsuit was filed on Sept.
27, 2016, the Massage Envy website no longer had a page of "FAQs" as described above. As of
then, the Massage Envy website no longer had a question and answer that deceptively referred to
a "one-hour massage."

145.    As of approximately a month after the Illinois federal lawsuit was filed on Sept.
27, 2016, Massage Envy continued to have a page for each of its individual locations. At the
bottom of each of those pages is a statement that the pages are copyright ("©") Massage Envy
Franchising LLC, showing that Massage Envy wrote and is responsible for the page. For
example, the screenshot below shows how that copyright notice appears on the location for
Massage Envy's Webster Rock Hill location that Plaintiff Pirozzi patronized:

A3129

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



https://locations.massageenvy.com/mo/st--louis/9739-manchester-rd-.html (accessed 1/27/2017).

146.    As of approximately a month after the Illinois federal lawsuit was filed on Sept.

27, 2016, the web pages for Massage Envy's individual locations no longer contain an offer for a

one-hour massage without making clear that the hour includes non-massage time. To the

contrary, the pages contain a box with an offer of introductory pricing that makes clear the length

of the massage. For example, in the case of the Webster Rock Hill location that Plaintiff Pirozzi

patronized, the pages state that a 60-minute massage session was $50.00; they also clearly state

that the 60-minute massage session includes 10 minutes of non-massage time.

147.    Here is a screenshot of the box containing the above offer on the web page of

Massage Envy's individual locations:

A3130

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



https://locations.massageenvy.com/mo/st--louis/9739-manchester-rd-.html (accessed 1/27/17).

As can be seen the last sentence in that price list states, "See full pricing details." That sentence is a link to a page entitled "Massage Envy: Legal." https://www.massageenvy.com/legal (accessed 1/27/17). On information and belief, that "Legal" page is new as of approximately one month after the Illinois federal lawsuit was filed. That belief is based on the fact that the Internet Wayback Machine has no record of it, as can be seen from the following screenshot taken on November 13, 2016:



https://web.archive.org/web/*/https://www.massageenvy.com/legal (accessed 1/27/17).

A3131

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

148.     As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, the Massage Envy: Legal web page has a section entitled, "Session." That section states:

> *Session time includes 10 minutes for dressing and consultation. A 60-minute session includes 50 minutes of hands-on service and 10 minutes for consultation and dressing. A 90-minute session includes 80 minutes of hands-on service and 10 minutes for consultation and dressing.

149.     Here is a screenshot showing those statements:



https://www.massageenvy.com/legal (accessed 1/27/17).

150.     As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, Massage Envy continued to offer e-gift cards on its website at https://www.massageenvy.com/gift-cards.aspx (accessed 1/27/17). However, that page no longer stated that the $75 e-gift card was typically good for a 60-minute introductory massage as described above. Instead, it stated, "Typically good for a 60-minute introductory massage or facial *session*, including gratuity. A session includes 10 minutes for consultation and dressing." https://www.massageenvy.com/gift-cards.aspx (accessed 11/14/16) (emphasis added).

151.     Here is a screenshot showing how the former statement was changed:

A3132

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



https://www.massageenvy.com/gift-cards.aspx (accessed 11/14/16).

152.    As of approximately a month after the Illinois federal lawsuit was filed on Sept. 27, 2016, Massage Envy continued to have a web page entitled, "Types of Massage," which could still be found from the link noted above, http://www.massageenvy.com/types-of-massage.aspx, though its url was now https://www.massageenvy.com/massage/massage-types (accessed 1/29/17).

153.    As of the filing of the Amended Complaint in the Illinois federal lawsuit, this page no longer indicated that a one-hour massage therapy session included 50 minutes of hands-on massage, as described above. It contained no reference to the length of a massage whatsoever.

154.    There is no reason why the misleading statements on Massage Envy's website as of the filing of the Illinois federal lawsuit could not have been removed before the class periods in this case began. It would have been feasible to do so. The removal of those statements in

A3133

Massage Envy's revamped website shows the existence of a duty to consumers not to make those misleading statements.

155.    The statements on the new version of Massage Envy's website making clear that a 60-minute massage session includes 10 minutes of non-massage activity, as contained on the web page entitled, "Your First Massage," the web pages for its individual locations, the page entitled, "Massage Envy Legal," and its web page offering e-gift cards, show the existence of a duty to consumers to make such disclosures.

**Massage Envy Charges More for Massages than the Massages It Provides Are Worth**

156.    The 50-minute, 80-minute and 110-minute introductory and non-member massages that Massage Envy provides are worth less than the amount consumers pay for them because consumers pay for a 60-minute, 90-minute and 120-minute massages, respectively.

157.    A 50-minute massage is worth less than a 60-minute massage, an 80-minute massage is worth less than a 90-minute massage and a 110-minute massage is worth less than a 120-minute massage because the value of a massage is related to its length.

158.    That is shown by the fact that Massage Envy charges more for longer massages than it does for shorter massages. For example, see the following price list, taken from the web page for Massage Envy's Webster Rock Hill location shown above:



A3134

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

159.    A one-hour massage carried an introductory price of $49.99, a 90-minute massage $74.99, and a 120-minute massage $99.99. Massage Envy thus priced each of those at $0.83 a minute. At that rate, a 50-minute massage would be worth only $41.50, meaning that a consumer who was charged $49.99 for a one-hour massage received a massage that was worth $8.49 less than he or she paid for it.

160.    Similarly, an 80-minute massage would be worth $66.40, and a 110-minute massage would be worth only $91.30, and customers received massages that were worth $8.99 and $8.69 less than they paid for them, respectively.

**Plaintiff Pirozzi's Experiences**

161.    Plaintiff Pirozzi received several introductory and non-member massages at Massage Envy's (then) Webster Groves, Missouri location.

162.    According the sworn testimony of the owner of this facility, it maintains an electronic record of each service a non-member customer purchases at that facility, which includes the date of service, the type and length of service and its price. In the case of Mr. Pirozzi, the information in that electronic record shows that he received and paid for the following massages:

| Date | Service | Price |
|------|---------|------:|
| 3/8/2009 | MSCUS90:90 Min Customized Massage | $57.00 |
| 4/3/2011 | MSCUS60:60 Min Customized Massage | $39.00 |
| 12/12/2013 | MSCUS60:60 Min Customized Massage | $39.00 |
| 3/27/2014 | MSCUS90:90 Min Customized Massage | $119.99 |
| 5/24/2014 | MSCUS60:60 Min Customized Massage | $79.99 |
| 12/6/2014 | MSCUS60:60 Min Customized Massage | $79.99 |

A3135

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

| 10/3/2015 | MSCUS60:60 Min Customized Massage | $49.99 |
| 2/11/2016 | MSCUS90:90 Min Customized Massage | $119.99 |
| 7/25/2016 | MSCUS60:60 Min Customized Massage | $79.99 |

163.    Mr. Pirozzi purchased and paid for the above massages from Massage Envy for personal, family or household purposes.

164.    The information in that electronic record about the length of the massages that Mr. Pirozzi received is false, but it is consistent with the false representations that Massage Envy makes about its massages. It is false because it indicates that Plaintiff Pirozzi was provided 60- or 90-minute customized massages, but the massages lasted no longer than 50 minutes in the case of the supposed 60-minute massages and no longer than 80-minutes in the case of the 90-minute massages.

165.    The massages that Mr. Pirozzi received and paid for on March 8, 2009; April 3, 2011; December 12, 2013; and October 3, 2015, were Introductory Massages. The massages he received on March 27, 2014; May 24, 2014; December 6, 2014; February 11, 2016; and July 25, 2016, were non-member massages.

166.    Massage Envy has stated to this Court that Mr. Pirozzi's March 8, 2009, massage was an introductory massage.[34]

167.    The prices that Mr. Pirozzi paid for his massages on April 3, 2011; December 12, 2013; and October 3, 2015, show that they were also introductory massages.

---

[34] Statement of Uncontroverted Material Facts at 4, ¶8, filed 11/14/2018 ("Mr. Pirozzi purchased his introductory massage session from the Webster Groves Spa on March 8, 2009, and it was a 90-minute massage session, for which he paid $57."

A3136

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

168.    Mr. Pirozzi paid $39.00 for the April 3, 2011, massage. That was the price charged for an Introductory Massage at Massage Envy's Webster Groves location in 2011. The fact that $39.00 was the price for an Introductory Massage at Massage Envy's Webster Groves location in 2011 is verified by the web page that Massage Envy maintained for its Webster Groves location during that year.[35]

169.    Mr. Pirozzi also paid $39.00 for the December 12, 2013, massage. That was the price charged for an Introductory Massage at Massage Envy's Webster Groves location in 2013. The fact that $39.00 was the price for an Introductory Massage at Massage Envy's Webster Groves location in 2013 is verified by the web page that Massage Envy maintained for its Webster Groves location during that year.[36]

170.    For the massage he received on October 3, 2015, Mr. Pirozzi paid $49.99. That was the price charged for an Introductory 1-Hour Massage or massage session at Massage Envy's Webster Groves location in 2015. The fact that $49.99 was the price for an Introductory Massage at Massage Envy's Webster Groves location in 2015 is verified by the web page that Massage Envy maintained for its Webster Groves location during that year.[37]

171.    The other massages shown on the above table occurred shortly after Mr. Pirozzi's Introductory Massages and were priced more than the prices for Introductory Massages. For example, on March 27, 2014, three-and-a-half months after Mr. Pirozzi's 2013 Introductory Massage, he purchased a 90-minute massage for $119.99, and two months after that, he paid $79.99 for a 60-minute massage. At Massage Envy's Webster Groves location during 2014, the

---

[35] http://web.archive.org/web/20110224201518/http://www.massageenvy.com:80/clinics/MO/Webster-Groves.aspx (accessed 1/15/2019).

[36] http://web.archive.org/web/20130725082116/http://www.massageenvy.com:80/clinics/MO/Webster-Groves.aspx (accessed 1/15/2019).

[37] http://web.archive.org/web/20150919182923/http://www.massageenvy.com:80/clinics/MO/Webster-Groves.aspx (accessed 1/15/2019).

A3137

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

price for an Introductory 1-Hour Massage was \$49.99 and for an Introductory 1½-Hour Massage was \$74.99.[38] The massages that Mr. Pirozzi received in 2014 were therefore non-introductory non-member massages.

172.    Prior to obtaining his massages, Mr. Pirozzi had seen, and was misled by, Massage Envy's campaign to misrepresent the length of its massages.

173.    For example, Mr. Pirozzi received postcards or flyers in the mail advertising a one-hour massage at Massage Envy.

174.    In addition, he frequently drove past the Massage Envy Webster Groves facility on Lockwood Ave. and would see an A-frame sign on the sidewalk in front of Massage Envy's entrance advertising a one-hour massage. The following photograph of the Massage Envy Webster Groves facility, captured by Google in August 2011, shows the type of sign that Mr. Pirozzi saw before his massages:[39]

---

[38] http://web.archive.org/web/20140608102250/http://www.massageenvy.com:80/clinics/MO/Webster-Groves.aspx (accessed 1/15/2019).
[39] https://www.google.com/maps/place/Straub's/@38.5932969,-90.3621155,3a,75y,190.75h,77.31t/data=!3m6!1e1!3m4!1s4NQKbk5NntV4nt7NVsjR1A!2e0!7i13312!8i6656!4m5!3m4!1s0x0:0x84131cf1538243cb!8m2!3d38.593724!4d-90.36199 (accessed 6/29/2017).

A3138

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



175.    At other times, Mr. Pirozzi saw signs in the Massage Envy window advertising a one-hour massage. The following photograph, captured by Google in September 2010, shows the types of signs Massage Envy displayed in its window facing Lockwood Avenue:[40]

---

[40] https://www.google.com/maps/place/Massage+Envy+-+Webster+Rock+Hill/@38.5931885,-90.362048,3a,75y,359.98h,94.26t/data=!3m6!1e1!3m4!1shVmSt5QVjlYp8LGwMM6wJA!2e0!7i13312!8i6656!4m5!3m4!1s0x87d8cb93bdf766e7:0x5facd8b388637303!8m2!3d38.6080581!4d-90.3715374 (accessed 6/29/2017).

A3139

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



176.    Mr. Pirozzi made his appointments for his massages by telephoning the Massage Envy Webster Groves facility. He asked for an appointment for a 1-hour or 1½-hour massage and was given one. He was not told that the massage would be less than what he asked for.

177.    When Mr. Pirozzi arrived for his massages, he saw a wall sign in Massage Envy's lobby advertising 1-hour and 1½-hour massages, similar to the wall signs shown above. The following photograph of the lobby of Massage Envy's Webster Groves facility, captured by Google in September 2010, shows the type and location of the sign that Mr. Pirozzi saw:[41]

---

[41] https://www.google.com/maps/place/Massage+Envy+-+Webster+Rock+Hill/@38.59316,-90.3620961,3a,75y,43.56h,88.31t/data=!3m6!1e1!3m4!1sqneUpbTU85PunB4XrVBOTA!2e0!7i13312!8i6656!4m5!3m4!1s0x87d8cb93bdf766e7:0x5facd8b388637303!8m2!3d38.6080581!4d-90.3715374 (accessed 6/29/2017).

A3140

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM



178.   Mr. Pirozzi did not receive full 1-hour or 1½-hour massages even though what he paid for was represented, advertised and displayed as 1-hour or 1½-hour massages. Instead the massages lasted between 45 to 50 minutes or 75 to 80 minutes respectively. As a result, the massages he received were worth less than he paid for them.

179.   Mr. Pirozzi bargained for 1-hour or 1½-hour massages. He did not receive 1-hour or 1½-hour massages and therefore did not receive the benefit of his bargain.

180.   Mr. Pirozzi was never a Massage Envy "member" and never received membership benefits or materials.

181.   Mr. Pirozzi continued to obtain occasional massages at Massage Envy, due to Massage Envy's convenient location and only when his regular massage therapist – who, unlike Massage Envy, provides a full hour of actual massage time – was unavailable.

A3141

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**Plaintiff Green's Experiences**

182.     In or about July 2014, Plaintiff Green paid for and received an Introductory Massage from Massage Envy's Maplewood/Brentwood location on Maplewood Commons in St. Louis County.

183.     Ms. Green obtained her massage for personal, family or household purposes.

184.     Before obtaining her massage, Ms. Green accessed the Massage Envy website to learn about Massage Envy's offerings. There she saw an offer of a 1-hour introductory massage at the Massage Envy Maplewood/Brentwood location. She made an appointment for a 60-minute massage on the Massage Envy web page for its Maplewood/Brentwood location.

185.     Prior to her massage, Ms. Green was never told that the massage would last less than an hour.

186.     Ms. Green did not receive a 1-hour massage. The massage she was provided at Massage Envy's Maplewood/Brentwood location in or about July 2014 lasted no longer than 50 minutes.

187.     Ms. Green bargained for a 1-hour massage from Massage Envy but did not receive a 1-hour massage. She therefore did not receive the benefit of her bargain.

188.     Ms. Green paid for her massage with her debit card.

**Experiences of Class Members**

189.     Members of the putative Class likewise purchased what were represented to be 1-hour, 1½-hour, and 2-hour massages as set forth above but that were in actuality no longer than 50, 80 and 110 minutes, respectively. Thus, the massages they were provided were worth less than what they paid for them.

A3142

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

190.    Members of the putative Class each bargained for a 1-hour, 1½-hour or 2-hour introductory or non-member massages. They did not receive a 1-hour, 1½- hour or 2-hour massage and therefore did not receive the benefit of their bargain.

**MASSAGE ENVY'S ACTS AND PRACTICES VIOLATED ETHICAL STANDARDS**

191.    Massage Envy's acts and practices described herein violated generally accepted principles of ethical business conduct for the following reasons:

- The offer of a 1-hour, 1½-hour or 2-hour massage or massage session was not clear, honest and complete so that the consumer might know the exact nature of what was being offered because the massage or massage session did not include one hour, one-and-a-half hours or two hours of massage time.

- The offer of a 1-hour, 1½-hour or 2-hour massage or massage session did not include consistent statements or representations of all the essential points of the offer.

- The overall impression of the offer of a 1-hour, 1½-hour or 2-hour massage or massage session was contradicted by a disclaimer.

- The representation on Massage Envy's Disclaimer Page that the 1-hour massage "session" included dressing and consultation time was material to the offer of a 1-hour massage session and was unlikely to be noticed.

- The statement on Massage Envy's web page "Type of Massage" that a 1-hour massage session included a 50-minute "hands-on massage" was so hard to find that it was unlikely to be noticed.

- The statement on Massage Envy's printed card that a 1-hour massage session included only 50 minutes of massage time was provided only in tiny "mouse

A3143

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

type" and therefore unlikely to be noticed. In addition, the card was not provided to the consumer or called to the consumer's attention before the massage.

192.     The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the Direct Marketing Association ("DMA"), the leading industry association for companies that, like Massage Envy, market directly to consumers.

193.     DMA has published principles of ethical business practices for such marketing activities. Direct Marketing Association's Guidelines for Ethical Business Practices ("DMA Ethical Guidelines"). See Ex. B - DMA Ethical Guidelines, revised May 2011. Ex. C - DMA Ethical Guideline, revised January 2014, both of which are incorporated herein by reference.

194.     These Ethical Guidelines "are intended to provide individuals and organizations involved in direct marketing in all media with generally accepted principles of conduct." *Id*. at 2. They "reflect DMA's long-standing policy of high levels of ethics and the responsibility of the Association, its members, and all marketers to maintain consumer and community relationships that are based on fair and ethical principles." *Id*. (emphasis added).

195.     In addition, DMA states that the Ethical Guidelines "are intended to be honored in light of their aims and principles. All marketers should support the guidelines in spirit and not treat their provisions as obstacles to be circumvented by legal ingenuity." *Id.*

196.     DMA has also published a companion volume to its Ethical Guidelines called *Do the Right Thing: A Companion to DMA's Guidelines for Ethical Business Practice* (Revised January 2009) ("*Do the Right Thing*"). Ex. D, incorporated herein by reference. That volume is intended to "give[] direct marketers advice on how to assure their business practices comply with" the Ethical Guidelines. *Do the Right Thing* at 2.

A3144

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

197.    DMA's Ethical Guidelines are set forth in a series of "Articles," each of which states a separate ethical principle.

198.    In both the 2011 and 2014 editions of its Ethical Guidelines, Article #1, "HONESTY AND CLARITY OF OFFER," states: "All offers should be clear, honest and complete so that the consumer may know the exact nature of what is being offered …."

199.    Massage Envy's offers of 1-hour, 1½-hour, and 2-hour massages or massage sessions violated this ethical principle because they did not state that the sessions include no more than 50 minutes, 80 minutes, or 110 minutes, respectively, of actual massage time and therefore did not let the consumer know the exact nature of what is being offered.

200.    In both the 2011 and 2014 versions of its Ethical Guidelines, Article #2, "ACCURACY AND CONSISTENCY," states: "Simple and consistent statements or representations of all the essential points of the offer should appear in the promotional material. The overall impression of an offer should not be contradicted by individual statements, representations or disclaimers." (Emphasis added.)

201.    In *Do the Right Thing*, DMA elaborates on this ethical principle. It states, "Keep in mind that a disclaimer or disclosure alone usually is not enough to remedy a misleading or false claim."

202.    Massage Envy's offers of 1-hour, 1½-hour, and 2-hour massages or massage sessions violated this ethical principle because the impression of the offers – that a consumer will receive a one hour, one-and-a-half hour or two-hour massage – is explicitly contradicted by a "Disclaimer" and by other statements on its website.

203.    In both the 2011 and 2014 versions of its Ethical Guidelines, Article #3, "CLARITY OF REPRESENTATIONS," states: "Representations which, by their size,

A3145

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

placement, duration or other characteristics are unlikely to be noticed or are difficult to understand should not be used if they are material to the offer."

204. In explaining this ethical principle in *Do the Right Thing*, DMA states, "A promotion, for instance, that uses 'mouse type' at the bottom of a page … would render the promotion difficult to read and unclear." According to dictionary.com, "mouse type" is "small-sized type, usually smaller than 7-point."

205. Massage Envy's representation on its website that the massage session includes time for dressing and consultation violated this ethical principle because it is material to the offers of 1-hour, 1½-hour and 2-hour massages or massage sessions and not only uses "mouse type" in a footnote at the bottom of the web page, but even then the consumer must click and then read through a page of "Disclaimers" to learn that the session includes time for dressing and consultation – and is never told that it also includes time for undressing and waiting for the therapist to arrive. Even worse, the "Disclaimer" never states that the hour includes no more than 50 minutes of massage time.

206. Massage Envy's statement on its "Types of Massage" website that a 1-hour massage session includes 5 minutes of therapist consultation, 50 minutes of hands-on massage, and 5 minutes of dressing violates this ethical principle because it is virtually impossible to find and therefore unlikely to be noticed.

207. Massage Envy's pricing card that states in tiny 5 pt. type at the bottom of the card that a massage session includes 10 minutes for consultation and dressing violates this ethical principle because it is unlikely to be noticed and difficult to read in that it is contained in a block of "mouse type" and because the card is not provided to the consumer or called to the consumer's attention before the massage.

A3146

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

## CLASS ACTION ALLEGATIONS

**The Class**

208.    Plaintiffs bring this action on their own behalf and as a class action on behalf of all Massage Envy customers in Missouri who have been and will be harmed by Defendant's actions described herein (the "Class"), as well as a Subclass of Class Members who purchased their massages for personal, family and household purposes ("MMPA Subclass"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

209.    Specifically, Plaintiffs brings this case on behalf of themselves and all others similarly situated in Missouri, as follows:

> All individuals who, within the State of Missouri, purchased a "1-hour," "1½-hour," or "2-hour" introductory or non-member massage at Massage Envy or one of its franchisees and received no more than 50, 80 or 110 minutes of actual massage time, respectively. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives, assigns, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

("Class")

> All Class Members who purchased their massages for personal, family and household purposes.

("MMPA Subclass")

210.    The Class period is the period within the period of the applicable statute of limitations in Missouri.

211.    This action is properly maintainable as a class action under Rule 52.08 of the Missouri Supreme Court.

212.    Plaintiffs reserve the right to re-define the Class (collectively "the Classes") prior to class certification.

A3147

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**Numerosity**

213.    The members of the proposed Class are so numerous that joinder of all members is impracticable.

214.    The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Defendant.  However, due to the nature of the trade and commerce involved, upon information and belief, the proposed Class is comprised of at least thousands of consumers.

**Common Questions of Law and Fact**

215.    Numerous questions of law and fact are common to Plaintiffs and the Class Members, and predominate over any individual questions. These legal and factual questions include, but are not limited to:

    a.    Whether Massage Envy advertised, marketed and sold "1-hour," "1½-hour" and "2-hour" massages that were, in reality, only 50, 80 or 110 minutes or less in length, respectively;

    b.    Whether Massage Envy's conduct in offering, marketing and selling its "1-hour," "1½-hour," and "2-hour" massages involved misrepresentations, intentional omissions, or was otherwise unfair and deceptive;

    c.    Whether Massage Envy's conduct in marketing and selling these massages violates established ethical principles;

    d.    Whether Massage Envy engaged in unfair, false, misleading, or deceptive trade practices by making false representations regarding these massages;

    e.    Whether Massage Envy adequately disclosed to its members that its "1-hour," "1½-hour," and "2-hour" massages were actually 50, 80 and 110 minutes or less in length, respectively;

    f.    Whether Plaintiff and the Classes are entitled to compensatory, exemplary and statutory damages and the amount of such damages; and

    g.    Whether Massage Envy should be declared financially responsible for notifying all Class Members about the true length of their massages and for all damages associated with this deceptive course of conduct.

A3148

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

**Typicality**

216.    Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and all members of the Class have suffered damages as a result of Defendant's misleading representations, omissions, advertising, written materials and signage.

**Adequacy of Representation**

217.    Plaintiffs will fully and adequately represent and protect the interests of the Classes because they share common injuries as a result of the singular conduct of Defendant that is or was applicable to all members of the Class.

218.    Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and consumer class actions. Plaintiffs and counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

219.    Neither Plaintiffs nor their counsel have any interests that are contrary to or in conflict with those of the Class they seek to represent.

**Superiority**

220.    A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

221.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action.

222.    Absent a class action, the vast majority of Class Members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Defendant and be made whole.

A3149

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

223.    Class treatment of predominating common questions of law and fact is superior to multiple individual actions because it would conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

## COUNT I: VIOLATION OF THE MMPA BY DECEPTION

224.    Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows:

225.    The Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, states in relevant part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

226.    Plaintiffs, on behalf of themselves and all others similarly situated in Missouri, are entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant part that:

> 1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

> 2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

A3150

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

227.    The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services. Mo. Rev. Stat. § 407.010.

228.    Plaintiffs purchased introductory and non-member massages that were offered, advertised and represented as "1-hour," "1½-hour" and "2-hour" massages between 2012 – 2016.

229.    Plaintiffs suffered ascertainable losses in that the introductory and non-member "1-hour," "1½-hour," and "2-hour" massage were, in reality, only 50, 80 and 110 minutes or less in length, respectively, and worth less than what they paid for them by virtue of their actual length.

230.    Defendant's false promises, misrepresentations, and omissions of material fact in connection with the advertisement and sale of introductory and non-member massages in the state of Missouri violated the above provisions.

231.    Defendant's false promises, misrepresentations, and omissions of material facts in connection with the advertisement and sale of introductory and non-member massages reached Plaintiffs and each and every member of the Missouri Class.

232.    Specifically, Defendant affirmatively made the false representation that its massages were "1-hour," "1½-hours" and "2-hours" in length when that representation was false. Defendant thereby violated Mo. Rev. Stat. § 407.020.

233.    Defendant also concealed from introductory and "walk-in" purchasers of its massages that they were being shortchanged. For this additional reason Defendant violated Mo. Rev. Stat. § 407.020.

234.    As a direct and proximate result of Defendant's false representations, Plaintiffs and members of the Class have suffered and will continue to suffer damages and losses as alleged herein in an amount to be determined at trial.

A3151

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

235.    Pursuant to Mo. Rev. Stat. § 407.025, Plaintiffs seek an award of actual damages, punitive damages, reasonable attorney's fees, and other equitable relief as the Court may deem necessary or proper.

## COUNT II: VIOLATION OF THE MMPA BY UNFAIR PRACTICES

236.    Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows:

237.    Mo. Rev. Stat. §407.020.1 prohibits "[t]he act, use or employment by any person of any ... unfair practice ... in connection with the sale or advertisement of any merchandise in trade or commerce."

238.    In offering 1-hour, 1½-hour or 2-hour massage sessions, Massage Envy is engaged in the sale or advertisement of merchandise in trade or commerce.

239.    The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. That definition states that unethical practices are unfair in violation of the above statute. Mo. Code Regs. tit. 15, § 60-8.020.

240.    Pursuant to the MMPA, Massage Envy has a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

241.    In advertising and providing 1-hour, 1½-hour and 2-hour massages and massage sessions, Massage Envy is engaged in trade and commerce.

242.    Massage Envy's acts and practices alleged herein are unfair in that they violate generally accepted principles of ethical business conduct for the following reasons:

- The offer of a 1-hour, 1½-hour and 2-hour massage or massage session was not clear, honest and complete so that the consumer may know the exact

A3152

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

nature of what is being offered because the one-hour massage or massage session did not include one hour of massage time.

- The offer of a 1-hour, 1½-hour or 2-hour massage or massage session did not include consistent statements or representations of all the essential points of the offer.

- The overall impression of the offer of a 1-hour, 1½-hour or 2-hour massage or massage session was contradicted by a disclaimer.

- The representation on Massage Envy's Disclaimer Page that the 1-hour massage "session" included dressing and consultation time is material to the offer of a 1-hour massage session and was unlikely to be noticed.

- The statement on Massage Envy's web page "Type of Massage" that a one-hour massage session includes a 50-minute "hands-on massage" was so difficult to find that it was unlikely to be noticed.

- The statement on Massage Envy's printed card that a 1-hour massage session includes only 50 minutes of massage time was provided only in tiny "mouse type" and therefore unlikely to be noticed. In addition, the card was not provided to the consumer or called to the consumer's attention before the massage.

243.    Massage Envy's unfair acts and practices have directly, foreseeably, and proximately caused loss, damages and injury to the Class.

244.    Massage Envy has engaged in the unfair acts and practices as described above willfully and knowingly.

A3153

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

245.    Plaintiffs and members of the Class purchased introductory 1-hour, 1½-hour and 2-hour massages and/or massage "sessions" but received massages that lasted no longer than 50 minutes, 80 minutes and 110 minutes, respectively.

246.    Massage Envy directly, foreseeably, and proximately caused ascertainable loss to Plaintiffs and the Class.

247.    Plaintiffs and members of the Class purchased 1-hour, 1½-hour and 2-hour massages and/or massage "sessions" but received massages that lasted no longer than 50, 80 or 110 minutes, respectively.

248.    Massage Envy directly, foreseeably, and proximately caused ascertainable loss to Plaintiffs and the Class.

249.    Pursuant to Mo. Rev. Stat. § 407.025, Plaintiffs seek an award of actual damages, punitive damages, reasonable attorney's fees, and other equitable relief as the Court may deem necessary or proper.

## COUNT III: INJUNCTIVE AND DECLARATORY RELIEF

250.    Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further allege as follows:

251.    Plaintiffs, on behalf of themselves and putative Class Members, seek a Court declaration of the following:

  a.    Massage Envy shall immediately cease and desist from marketing "1-hour," "90-minute," and "2-hour" massages that are, in reality, only 50 minutes, 80 minutes and 110 minutes in length, respectively;

  b.    Massage Envy shall immediately and henceforth engage in advertising and marketing that is accurate with respect to the length of its massages.

A3154

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and respectfully request that this Court:

1.      Award damages, including compensatory, exemplary, and statutory damages to Plaintiffs and all members of the Class;

2.      Award Plaintiffs and the Class actual damages sustained;

3.      Grant restitution to Plaintiffs and members of the Class and require Defendant to disgorge its ill-gotten gains;

4.      Award injunctive and declaratory relief, as claimed herein;

5.      Award Plaintiffs and the Class punitive damages;

6.      Award Plaintiffs and the Class their reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action; and

7.      Award such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 20, 2019                    Respectfully submitted,

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**

By:  */s/ Richard S. Cornfeld*
       Richard S. Cornfeld, MO Bar #31046
       Daniel S. Levy, MO Bar #66039
       1010 Market Street, Suite 1645
       St. Louis, MO 63101
       P. 314-241-5799
       F. 314-241-5788
       rcornfeld@cornfeldlegal.com
       dlevy@cornfeldlegal.com

       And

82

A3155

Electronically Filed - St Louis County - March 20, 2019 - 04:02 PM

Michael J. Flannery, MO Bar #52714
CUNEO GILBERT & LADUCA, LLP
7733 Forsyth Boulevard, Suite 1675
St. Louis, Missouri 63105
Telephone: (314) 226-1015
mflannery@cuneolaw.com

And

Anthony S. Bruning, MO Bar #30906
Anthony S. Bruning, Jr., MO Bar #60200
Ryan L. Bruning, MO Bar #62773
Edward M. Roth, MO Bar #37294
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, MO 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
eroth@bruninglegal.com

***Attorneys for Plaintiffs***

A3156