# Exhibit A

## AMENDED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY AGREED, by and between MARK PIROZZI ("PIROZZI") and KEILA
GREEN ("GREEN") (collectively, "PLAINTIFFS" or "CLASS REPRESENTATIVES"),
individually and on behalf of the class they seek to represent (defined below as "CLASS
MEMBERS"), on the one hand, and MASSAGE ENVY FRANCHISING, LLC ("MEF"), on the
other hand (through their duly authorized counsel), that the proceedings in the United States
District Court for the Eastern District of Missouri entitled *Mark Pirozzi and Keila Green,
individually and on behalf of all others similarly situated, v. Massage Envy Franchising, LLC,*
Case No. 4:19 CV 00807CDP, including but not limited to the Petition, Amended Petition, and
Second Amended Petition (the "ACTION") is settled, fully and finally, on the terms and
conditions set forth in this Amended Class Action Settlement Agreement and Release (the
"AMENDED AGREEMENT") and the exhibits hereto, which are expressly incorporated herein,
subject to the occurrences set forth herein that permit MEF or the CLASS REPRESENTATIVES
to terminate this AMENDED AGREEMENT and, further, subject to and expressly conditioned
upon the approval of the COURT and the entry of judgment substantially in the form provided
for by this AMENDED AGREEMENT. This AMENDED AGREEMENT amends paragraphs
60, 66, and 75 of the PARTIES' Class Action Settlement Agreement and Release executed on or
about November 22, 2019 (Dkt. 34-1) ("AGREEMENT") to correct certain minor
inconsistencies identified by the COURT in its March 5, 2020 Order (Dkt. 38).

WHEREAS, in light of the uncertain outcome of the ACTION, the PARTIES have each
concluded, based upon their respective investigation and discovery and taking into account the
sharply contested issues, the expense and time necessary to pursue the ACTION through trial
and appeals, the risks and costs of further prosecution of the ACTION, the uncertainties of

complex litigation, and the benefits of settlement to the CLASS MEMBERS, that a SETTLEMENT on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the PARTIES.

WHEREAS, the CLASS REPRESENTATIVES have asserted, and continue to assert, that their contentions in the ACTION are meritorious.

WHEREAS, MEF denies all the claims, contentions, and every allegation the CLASS REPRESENTATIVES made in the ACTION, including that it is liable for the alleged actions and omissions of any ME LOCATION, the alleged deceptive practices at issue in the ACTION, or any of the advertising or alleged advertising at issue in the ACTION.

WHEREAS, MEF desires to settle the ACTION on the terms and conditions set forth in this AMENDED AGREEMENT in order to (a) avoid the burden, expense, and uncertainty of defending the ACTION; (b) avoid the diversion of its resources and personnel required by continuing to defend the ACTION; and (c) put to rest the RELEASED CLAIMS.

WHEREAS, CLASS COUNSEL and MEF's COUNSEL have conducted sufficient discovery, investigation, and research of the RELEASED CLAIMS to reach this AMENDED AGREEMENT.

WHEREAS, CLASS COUNSEL has investigated and evaluated the applicable law and facts regarding the RELEASED CLAIMS and the potential defenses thereto and have concluded that this SETTLEMENT is fair and adequate under the circumstances.

WHEREAS, the CLASS REPRESENTATIVES recognize the risks associated with further litigation through class certification, trial, and any appeals and deem it desirable and beneficial to themselves and the CLASS MEMBERS that the ACTION be settled in the manner and upon the terms and conditions set forth in this AMENDED AGREEMENT.

NOW, THEREFORE, the PARTIES enter this AMENDED AGREEMENT upon the terms and conditions set forth below.

## I.    DEFINITIONS AND CONVENTIONS

### A.    Definitions

As used in this AMENDED AGREEMENT, capitalized terms have the following meaning, unless specifically provided otherwise:

A.    "ADMINISTRATOR" or "SETTLEMENT ADMINISTRATOR" means Epiq Class Action & Claims Solutions, Inc., 10300 Southwest Allen Blvd., Beaverton, OR 97005, which is an independent third-party administrator to be retained by MEF to provide services in the administration of this AMENDED AGREEMENT, including providing CLASS NOTICE to the CLASS MEMBERS, the processing and evaluation of CLAIMS, and the processing of other documents or tasks as provided for in this AMENDED AGREEMENT or as otherwise agreed to by the PARTIES or as ordered by the COURT.

B.    "ADMINISTRATION COSTS" means the reasonable actual and direct costs charged by the SETTLEMENT ADMINISTRATOR for its services as provided for in this AMENDED AGREEMENT or as otherwise agreed to by the PARTIES and the SETTLEMENT ADMINISTRATOR or as ordered by the COURT.

C.    "AGREEMENT" means the terms and conditions of the document entitled "Class Action Settlement Agreement and Release" and filed with the Court on November 25, 2019 (Dkt. 34-1).

D.    "AMENDED AGREEMENT" means the terms and conditions of this document entitled "Amended Class Action Agreement and Release" that replaces and supersedes the AGREEMENT in its entirety.

3

E.      "CASH PAYMENT" means a check or other electronic transfer of funds made payable and delivered to a SETTLEMENT CLASS MEMBER submitting a VALID CLAIM consistent with the terms of this AMENDED AGREEMENT.

F.      "CASH PAYMENT DATE" means the date thirty (30) days after the EFFECTIVE DATE.

G.      "CLAIM" means a CLASS MEMBER's request to receive the CASH PAYMENT available to SETTLEMENT CLASS MEMBERS consistent with the terms and conditions of this AMENDED AGREEMENT.

H.      "CLAIM DEADLINE" means the deadline by which CLASS MEMBERS must submit a CLAIM and is the date sixty (60) days following the NOTICE DATE or such date the COURT otherwise orders.

I.      "CLAIM FORM' means a claim form in substantially the same form as **EXHIBIT 1** hereto.

J.      "CLASS COUNSEL" refers to the following law firms and attorneys: (1) Richard S. Cornfeld and Daniel S. Levy of the Law Office of Richard S. Cornfeld, LLC (the "Cornfeld Firm"), (2) Michael J. Flannery of Cuneo Gilbert & Laduca, LLP (the "Cuneo Firm"), and (3) Anthony S. Bruning, Anthony S. Bruning, Jr., Ryan L. Bruning, and Edward M. Roth of The Bruning Law Firm (the "Bruning Firm"), who are counsel for the CLASS REPRESENTATIVES and who seek to be appointed as counsel for the CLASS MEMBERS in the ACTION.

K.      "CLASS" or "CLASS MEMBERS" means all individuals in the state of Missouri who purchased a "1-hour," "1½-hour," or "2-hour" NON-MEMBER MASSAGE SESSION at an ME LOCATION between January 31, 2012, through the date of PRELIMINARY APPROVAL.  Excluded from the CLASS are: (1) any person who is an employee, director,

officer, or agent of MEF, an ME LOCATION, or any of the RELEASED PARTIES; (2) any

judge, justice, judicial officer, or judicial staff of the COURT; and (3) CLASS COUNSEL,

MEF's COUNSEL, and any of their attorneys and staff.

L. "CLASS NOTICE" means all types of notice that will be provided to the CLASS

MEMBERS pursuant to Federal Rule of Civil Procedure 23(c)(2) and 23(e), the

PRELIMINARY APPROVAL ORDER, and this AMENDED AGREEMENT, including email

notice, postcard notice, website notice, online notice, publication notice, and any other or

additional notice that the COURT may order.

M. "CLASS PERIOD" means the time period between January 31, 2012, and the date

PRELIMINARY APPROVAL is entered.

N. "COURT" means the United States District Court for the Eastern District of

Missouri, Eastern Division, where the ACTION is pending.

O. "EFFECTIVE DATE" means the earliest of the following: (1) thirty-one (31)

days after the entry of the FINAL APPROVAL ORDER and JUDGMENT if no objections are

filed, or if objections are filed and overruled and no appeal is taken from the FINAL

APPROVAL ORDER and JUDGMENT; or (2) if a timely appeal is made, three (3) business

days after the date of the final resolution of that appeal (e.g., the issuance of remittitur) and any

subsequent appeals or petitions for certiorari from FINAL APPROVAL of the SETTLEMENT.

P. "FEE AND EXPENSE AWARD" means an award of attorneys' fees and the

reimbursement of litigation costs and expenses authorized by the COURT to be paid to CLASS

COUNSEL for the services rendered representing the CLASS REPRESENTATIVES and the

CLASS MEMBERS in the ACTION.

Q.    "FINAL APPROVAL HEARING" means a hearing held before the COURT to consider FINAL APPROVAL of the SETTLEMENT, any FEE AND EXPENSE AWARD to be awarded to CLASS COUNSEL, any INCENTIVE AWARD to be awarded to the CLASS REPRESENTATIVES, and the merits of any objections to this AMENDED AGREEMENT and/or any aspect of the SETTLEMENT itself.

R.    "FINAL APPROVAL" or "FINAL APPROVAL ORDER" means an order substantially in the form attached hereto as **EXHIBIT 2** issued by the COURT finally approving this AMENDED AGREEMENT as binding upon the PARTIES and the SETTLEMENT CLASS MEMBERS.

S.    "INCENTIVE AWARD" means an award authorized by the COURT to be paid to each of the CLASS REPRESENTATIVES in recognition of his/her efforts and participation in prosecuting the ACTION.

T.    "JUDGMENT" means the final judgment dismissing the ACTION against MEF with prejudice.

U.    "LONG FORM NOTICE" means the long form notice of the SETTLEMENT that the SETTLEMENT ADMINISTRATOR shall make available on the SETTLEMENT WEBSITE.  The LONG FORM NOTICE shall be substantially in the form attached hereto as **EXHIBIT 3**.

V.    "MEF's COUNSEL" means the following attorneys:

| Luanne Sacks<br>Sacks, Ricketts & Case LLP<br>177 Post Street, Suite 650<br>San Francisco, California 94108<br>Phone: (415) 549-0581 | Cynthia Ricketts<br>Nathan Kunz<br>Sacks, Ricketts & Case LLP<br>2800 N. Central Avenue, Suite 1910<br>Phoenix, Arizona 85004<br>Phone: (602) 385-3372 |
| Michael B. Kass<br>Armstrong Teasdale LLP<br>7700 Forsyth Blvd, Suite 1800<br>St. Louis, Missouri 63105<br>Phone: (314) 552-6673 | |

W.     "ME LOCATION" means each of the locations in the state of Missouri operated by an individual or entity to whom MEF or its successor granted a license, or to whom a license was assigned, for use of the "Massage Envy" trade name, trademark, and standardized business operations at any point during the CLASS PERIOD.

X.     "MILLENNIUM DATABASE" means the Millennium Central Office database and any successor database.

Y.     "NET SETTLEMENT FUND" means the amount remaining in the SETTLEMENT FUND after paying (1) any ATTORNEYS' FEES AND EXPENSE AWARD (not to exceed Four Hundred Thousand Dollars ($400,000) in the aggregate); (2) any INCENTIVE AWARD to the CLASS REPRESENTATIVES (not to exceed Ten Thousand Dollars ($10,000) in the aggregate); and (3) ADMINISTRATIVE COSTS (estimated to be One Hundred Thousand Dollars ($100,000)).

Z.     "NON-MEMBER MASSAGE SESSION" refers to a "1-hour," "1½-hour," or "2-hour" massage or massage session that a CLASS MEMBER purchased at an ME LOCATION between January 31, 2012, through the date of PRELIMINARY APPROVAL and that was not purchased pursuant to a membership agreement with an ME LOCATION.

AA.    "NOTICE DATE" means the forty-fifth (45th) day following PRELIMINARY APPROVAL and the date by which the SETTLEMENT ADMINISTRATOR must complete CLASS NOTICE to CLASS MEMBERS.

BB.    "OBJECTION/EXCLUSION DEADLINE" means the deadline by which the CLASS MEMBERS must submit objections to the SETTLEMENT or requests to be excluded from the SETTLEMENT, subject to the terms set forth in the PRELIMINARY APPROVAL ORDER, which is the date sixty (60) days after the NOTICE DATE or such date otherwise ordered by the COURT.

CC.    "ONLINE NOTICE" means notice to CLASS MEMBERS in substantially the same form as **EXHIBIT 4**.

DD.    "PARTY" or "PARTIES" means the CLASS REPRESENTATIVES and/or MEF as defined herein.

EE.    "PRELIMINARY APPROVAL" or "PRELIMINARY APPROVAL ORDER" means an Order entered by the COURT, substantially in the form of **EXHIBIT 5** attached hereto, preliminarily approving the terms and conditions of this AMENDED AGREEMENT and the SETTLEMENT.

FF.    "PUBLICATION NOTICE" means the publication notice of this SETTLEMENT that is contemplated by this AMENDED AGREEMENT, substantially in the form of **EXHIBIT 6**.

GG.    "RELEASED CLAIMS" includes each SETTLEMENT CLASS MEMBER's release of MEF and the RELEASED PARTIES from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensation, claims, suits, causes of action, obligations, rights, and liabilities of any nature, type, or description, whether known or unknown,

contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, that: (1) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY is liable for any alleged misrepresentation, intentional omission, or otherwise unfair or deceptive advertising or marketing about a NON-MEMBER MASSAGE SESSION or the length of a NON-MEMBER MASSAGE SESSION; (2) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY violated any established ethical principle in any advertising or marketing about a NON-MEMBER MASSAGE SESSION or the length of a NON-MEMBER MASSAGE SESSION; (3) relate to, are based on, concern, or arise out of any allegation that the amount of hands-on massage minutes provided during a NON-MEMBER MASSAGE SESSION was not adequately disclosed; (4) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY is financially responsible for notifying SETTLEMENT CLASS MEMBERS about the alleged "truth" of the hands-on massage minutes during a NON-MEMBER MASSAGE SESSION and all damages associated with the alleged "deceptive course of conduct"; (5) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY violated the Missouri Merchandising Practices Act, RSMo. § 407.010, *et seq.* (the "MMPA") based on the length of a NON-MEMBER MASSAGE SESSION or MEF's marketing of a NON-MEMBER MASSAGE SESSION; (6) relate to, are based on, concern, or arise out of any factual allegations or claims asserted in the ACTION (whether individually or on a class-wide basis); and (7) were asserted or could have been asserted (whether individually or on a class-wide basis) in the ACTION or any other action or proceeding relating to: (a) any monies a SETTLEMENT CLASS MEMBER paid to or at an ME LOCATION for a NON-MEMBER MASSAGE SESSION or (b) any NON-MEMBER MASSAGE SESSION purchased

9

by a SETTLEMENT CLASS MEMBER that was brought or could have been brought on or prior to the date hereof including, but not limited to, claims that MEF engaged in unfair and/or deceptive business practices and/or violated the MMPA; and/or, without limiting the foregoing, or (iii) are based, in any way, on any one or more of the following factual predicates, which the claims asserted in the ACTION are based upon and depend upon:

      (i)     the monies a SETTLEMENT CLASS MEMBER paid to any ME LOCATION for or related to a NON-MEMBER MASSAGE SESSION during the CLASS PERIOD;

      (ii)    The receipt by MEF or any RELEASED PARTY of any monies a SETTLEMENT CLASS MEMBER paid to any ME LOCATION for or related to a NON-MEMBER MASSAGE SESSION; or

      (iii)   misrepresentations, omissions, and/or inadequate disclosures by MEF or any ME LOCATION concerning or related to a NON-MEMBER MASSAGE SESSION.

Notwithstanding the foregoing or any other provision in this AMENDED AGREEMENT, excluded from the RELEASED CLAIMS are any claims for personal injury. The RELEASED CLAIMS shall not release any SETTLEMENT CLASS MEMBER's right to enforce this AMENDED AGREEMENT. The RELEASED CLAIMS shall be accorded the broadest preclusive scope and effect permitted by law against the SETTLEMENT CLASS MEMBERS and this definition of RELEASED CLAIMS is a material term of this AMENDED AGREEMENT.

      HH.    "RELEASED PARTIES" means and includes all of the following: MEF; Massage Envy, LLC, a Delaware limited liability company; ME SPE Franchising LLC, a Delaware limited liability company; ME SPE Holdco, LLC, a Delaware limited liability company; ME

Funding, LLC, a Delaware limited liability company; Massage Envy Acquisitions Holdings,

LLC, a Delaware limited liability company; Golub Capital Partners Coinvestment Ltd., a

Delaware corporation; Roark Capital Management, LLC, a Delaware limited liability company;

RC III ME LLC, a Georgia limited liability company; ME Holding Corporation, a Delaware

corporation; Massage Envy Clinic Operations, LLC, an Arizona limited liability company;

Massage Envy FLW, LLC, an Arizona limited liability company; Massage Envy Elements, LLC,

a Delaware limited liability company; Massage Envy Co-op Marketing, LLC, a Delaware limited

liability company; ME Equity, LLC, a Georgia limited liability company; and Massage Envy

Gift Card Funding, LLC, an Arizona limited liability company; each and every individual or

entity that independently owned and operated an ME LOCATION at any time since January 31,

2012, and each of their respective current and former parent companies, subsidiaries, divisions,

and current and former affiliated individuals and entities, legal successors, predecessors

(including companies they have acquired, purchased, or absorbed), assigns, joint venturers, and

each and all of their respective officers, partners, directors, servants, agents, shareholders,

members, managers, principals, investment advisors, consultants, employees, representatives,

attorneys, accountants, lenders, underwriters, insurers, and reinsurers.

  II. "SETTLEMENT" means the terms and conditions set forth in this AMENDED

AGREEMENT.

  JJ. "SETTLEMENT CLASS" means CLASS MEMBERS who did not properly

exclude themselves from the SETTLEMENT pursuant to the terms of this AMENDED

AGREEMENT and the PRELIMINARY APPROVAL ORDER.

  KK. "SETTLEMENT FUND" means the monies MEF has agreed to deposit with the

SETTLEMENT ADMINISTRATOR in an amount not to exceed One Million Six Hundred

Thousand Dollars ($1,600,000) to be used to pay (i) ADMINISTRATION COSTS in the amount

estimated to be One Hundred Thousand Dollars ($100,000); (ii) any INCENTIVE AWARD the

COURT approves to be paid to the CLASS REPRESENTATIVES, in an amount not to exceed

Ten Thousand Dollars ($10,000) in the aggregate; (iii) any ATTORNEYS' FEES AND

EXPENSE AWARD the COURT approves to be paid to CLASS COUNSEL, in an amount not

to exceed Four Hundred Thousand Dollars ($400,000) in the aggregate; and (iv) the total CASH

PAYMENT to be made to SETTLEMENT CLASS MEMBERS who submit a VALID CLAIM.

      LL.     "SETTLEMENT WEBSITE" means the website established by the

SETTLEMENT ADMINISTRATOR consistent with the AMENDED AGREEMENT to provide

information regarding the SETTLEMENT and where CLASS MEMBERS can obtain

information concerning requesting exclusion from or objecting to the SETTLEMENT and/or can

submit a CLAIM.

      MM.    "SUMMARY NOTICE" means the email and postcard notice of the

SETTLEMENT that the SETTLEMENT ADMINISTRATOR will distribute to the CLASS

MEMBERS.  The SUMMARY NOTICE shall be substantially in the form attached hereto as

**EXHIBIT 7.**

      NN.     "VALID CLAIM" refers to a timely CLAIM submitted by a CLASS MEMBER

entitling the CLASS MEMBER to a CASH PAYMENT.

      **B.**    **Conventions**

      A.     All personal pronouns used in this AMENDED AGREEMENT, whether used in

the masculine, feminine, or neuter gender, shall include all other genders and the singular shall

include the plural and vice versa except where expressly provided to the contrary.

B.     All references herein to sections, paragraphs, and exhibits refer to sections, paragraphs, and exhibits of and to this AMENDED AGREEMENT, unless otherwise expressly stated in the reference.

C.     The headings and captions contained in this AMENDED AGREEMENT are inserted only as a matter of convenience and in no way define, limit, extend, or describe the scope of this AGREEMENT or the intent of any provision thereof.

## II.     THE LAWSUIT

1.     On January 31, 2017, PIROZZI filed his original Class Action Petition against MEF in the Circuit Court of St. Louis County, Missouri (the "Missouri State Court"), Case No. 17SL-CC00401, asserting two causes of action under the MMPA, a claim for unjust enrichment, and a claim for declaratory and injunctive relief, regarding 1-hour NON-MEMBER MASSAGE SESSIONS he purchased from a Massage Envy® franchised location in Webster Groves, Missouri.  PIROZZI contended that MEF marketed and advertised 1-hour massages but that the massages included no more than fifty (50) minutes of hands-on massage minutes and sought to recover for the ten (10) minutes of his NON-MEMBER MASSAGE SESSIONS devoted to activities other than the hands-on massage (the "Original Petition").

2.     On May 9, 2017, MEF moved to dismiss the Original Petition, arguing PIROZZI could have no damages after his first NON-MEMBER MASSAGE SESSION because, after the first purchased session, he would have known the amount of hands-on massage time provided and suffered no ascertainable loss caused by MEF.

3.     On July 13, 2017, PIROZZI filed an Amended Petition based on his and putative class members' damages arising from their first or "introductory" NON-MEMBER MASSAGE SESSION.

4.      On August 15, 2017, MEF moved to dismiss the Amended Petition, again arguing that PIROZZI had suffered no ascertainable loss.

5.      On November 13, 2018, the Missouri State Court denied MEF's motion to dismiss, concluding that PIROZZI had sufficiently pled ascertainable loss, among other things.

6.      On November 14, 2018, MEF filed a motion for summary judgment, primarily arguing that PIROZZI's claims were time-barred and he did not suffer an ascertainable loss.

7.      When PIROZZI responded to MEF's summary judgment motion, he also moved for leave to file a Second Amended Petition ("SAP"), which added a new plaintiff, GREEN, dropped his unjust enrichment claims, and asserted that MEF was liable for purported damages arising from all NON-MEMBER MASSAGE SESSIONS the CLASS MEMBERS purchased. When asking the Court for leave to file the SAP, PIROZZI stated that he mistakenly believed that a customer's "introductory" massage session was only his first massage session when he filed his Amended Petition.

8.      On March 19, 2019, the Missouri State Court granted PIROZZI's motion for leave to amend.  MEF's summary judgment motion remained under submission.

9.      On March 20, 2019, PLAINTIFFS filed the SAP in Missouri State Court.

10.     On April 1, 2019, MEF filed its Notice of Removal with a supporting declaration, estimating that the total amount in controversy in the SAP exceeded the Five Million Dollars ($5,000,000) jurisdictional limit set forth in the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-15 ("CAFA").

11.     On April 12, 2019, PLAINTIFFS filed a motion for remand, claiming that MEF's removal was untimely because more than Five Million Dollars ($5,000,000) had been in controversy since the case's inception in 2017.

12.     On July 15, 2019, the COURT *sua sponte* concluded that CAFA's jurisdictional limit was not satisfied and ordered remand (the "REMAND ORDER").

13.     On July 25, 2019, MEF filed a petition to appeal the remand order.

14.     On July 29, 2019, the COURT stayed the REMAND ORDER, pending resolution of MEF's petition.

15.     On September 17, 2019, the United States Court of Appeals for the Eighth Circuit granted MEF's petition, reversed the COURT's REMAND ORDER, and remanded the case to the COURT for further proceedings.

16.     On September 19, 2019, the COURT issued an order setting a Rule 16 Scheduling Conference for October 17, 2019, and designated the case as Complex (Preliminary Track 3).

17.     On September 19, 2019, the PARTIES participated in a mediation before the Honorable Michael David, at which the PARTIES reached a settlement, subject to agreeing to documentation of the same (with the AGREEMENT and this AMENDED AGREEMENT reflecting such agreed documentation).

18.     On November 25, 2019, PLAINTIFFS filed their Motion for Preliminary Approval of Settlement and Incorporated Memorandum in Support (Dkt. 34) ("APPROVAL MOTION"), attaching the AGREEMENT thereto as Exhibit A (Dkt. 34-1).

19.     On March 5, 2020, the COURT issued an order setting a hearing on the APPROVAL MOTION, identifying questions the COURT intended to ask the PARTIES during that hearing, including about certain inconsistencies in the AGREEMENT and the exhibits thereto.

20.    On April 1, 2020, PLAINTIFFS filed their Response to Order of March 5, 2020 (Dkt. 41) including a Joint Notice Correcting Clerical Errors in Class Action Settlement Agreement and Release (Dkt. 41-2).

21.    On April 6, 2020, the COURT ordered the PARTIES to submit this AMENDED AGREEMENT on or before April 10, 2020, correcting the previously identified inconsistencies.

## III.    PROVISIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

22.    The PARTIES reached the AGREEMENT and this AMENDED AGREEMENT before the PLAINTIFFS had filed a motion for class certification.  Accordingly, the PLAINTIFFS included a request for provisional certification as part of their Motion for PRELIMINARY APPROVAL (Dkt. 34) that seeks certification of the CLASS for settlement purposes only.

23.    As a material part of this SETTLEMENT, MEF, while reserving all defenses if this AMENDED AGREEMENT is not finally approved, hereby stipulates and consents, solely for purposes of and in consideration of the SETTLEMENT, to provisional certification of the CLASS for settlement purposes only.  MEF's stipulation and consent to class certification is expressly conditioned upon the entry of a PRELIMINARY APPROVAL ORDER, a FINAL APPROVAL ORDER, and JUDGMENT, and as otherwise set forth in this AMENDED AGREEMENT.  As part of its provisional stipulation, MEF further consents to the appointment of CLASS COUNSEL and the CLASS REPRESENTATIVES to represent the CLASS.

24.    The provisional certification of the CLASS, the appointment of the CLASS REPRESENTATIVES, and the appointment of CLASS COUNSEL shall be binding only with respect to this SETTLEMENT and this AMENDED AGREEMENT.  If the COURT fails to enter a PRELIMINARY APPROVAL ORDER or a FINAL APPROVAL ORDER, or if this

AMENDED AGREEMENT and the SETTLEMENT proposed herein is terminated, canceled, or fails to become effective for any reason whatsoever, the class certification, to which the PARTIES have stipulated solely for the purposes of this SETTLEMENT, the AGREEMENT, this AMENDED AGREEMENT, and all of the provisions of any PRELIMINARY APPROVAL ORDER or any FINAL APPROVAL ORDER shall be vacated by their own terms and the ACTION will revert to its status as it existed prior to the date of the AGREEMENT with respect to class certification, the appointment of CLASS REPRESENTATIVES, and the appointment of CLASS COUNSEL.  In that event, MEF shall retain all rights it had immediately preceding the execution of the AGREEMENT to object to the maintenance of the ACTION as a class action, the appointment of the CLASS REPRESENTATIVES, and the appointment of CLASS COUNSEL and, in that event, nothing in the AGREEMENT nor in this AMENDED AGREEMENT or other papers or proceedings related to the AGREEMENT, this AMENDED AGREEMENT or this SETTLEMENT shall be used as evidence or argument by any of the PARTIES concerning whether the ACTION may properly be maintained as a class action under applicable law, whether any of the CLASS REPRESENTATIVES are adequate or typical class representatives, or whether CLASS COUNSEL is adequate or may be appointed to represent the CLASS or any CLASS MEMBERS.

## IV.    SETTLEMENT BENEFIT

25.    In full, complete, and final settlement and satisfaction of the ACTION and all RELEASED CLAIMS, and subject always to the terms, conditions, and provisions of this AMENDED AGREEMENT, including COURT approval, MEF agrees to provide the following settlement benefits: within ten (10) days of the EFFECTIVE DATE, MEF shall fund the SETTLEMENT FUND.  The SETTLEMENT ADMINISTRATOR shall establish the

SETTLEMENT FUND as a Qualified Settlement Fund pursuant to Section 468(g) of the

Internal Revenue Code and all regulations promulgated thereunder for purposes of

administering the SETTLEMENT.

26.    A SETTLEMENT CLASS MEMBER who submits a VALID CLAIM shall be

entitled to receive a CASH PAYMENT in the amount of Seven Dollars ($7.00) from the

SETTLEMENT FUND, provided the monies in the NET SETTLEMENT FUND are sufficient

to make a Seven Dollar ($7.00) CASH PAYMENT to each SETTLEMENT CLASS MEMBER

submitting a VALID CLAIM.  If the monies in the NET SETTLEMENT FUND are insufficient

to make a Seven Dollar ($7.00) CASH PAYMENT to each SETTLEMENT CLASS MEMBER

submitting a VALID CLAIM, then each SETTLEMENT CLASS MEMBER submitting a

VALID CLAIM shall receive a CASH PAYMENT in the amount of his/her *pro rata share* of

the NET SETTLEMENT FUND.  For instance, if One Hundred Eighty Thousand (180,000)

SETTLEMENT CLASS MEMBERS submit a VALID CLAIM, the COURT awards an

ATTORNEYS' FEES AND EXPENSE AWARD in the aggregate amount of Four Hundred

Thousand Dollars ($400,000) and an INCENTIVE AWARD in the aggregate amount of Ten

Thousand Dollars ($10,000), and ADMINISTRATIVE COSTS total Ninety Thousand Dollars

($90,000), then the NET SETTLEMENT FUND shall be One Million One Hundred Thousand

Dollars ($1,100,000) and each such SETTLEMENT CLASS MEMBER shall receive a CASH

PAYMENT in the amount of each SETTLEMENT CLASS MEMBER's *pro rata* share of the

NET SETTLEMENT FUND (i.e., Six Dollars and Eleven Cents ($6.11)).  Any monies

remaining in the SETTLEMENT FUND after paying SETTLEMENT CLASS MEMBERS

submitting VALID CLAIMS, any ATTORNEYS' FEE AND EXPENSE AWARD that does not

in the aggregate exceed Four Hundred Thousand Dollars ($400,000), any INCENTIVE

AWARDS that do not in the aggregate exceed Ten Thousand Dollars ($10,000), and ADMINISTRATIVE COSTS that do not exceed One Hundred Thousand Dollars ($100,000), shall revert to MEF consistent with the terms of this AMENDED AGREEMENT.

27.     The SETTLEMENT ADMINISTRATOR shall issue any CASH PAYMENTS by the CASH PAYMENT DATE to each SETTLEMENT CLASS MEMBER submitting a VALID CLAIM.  Any CASH PAYMENT issued to any such SETTLEMENT CLASS MEMBER shall remain valid and negotiable for ninety (90) days from the date of its issuance, but will thereafter be automatically canceled if not negotiated within that time and the SETTLEMENT CLASS MEMBER's CLAIM shall be deemed null and void and of no further force and effect and the SETTLEMENT ADMINISTRATOR shall return the funds represented by such CASH PAYMENT and any other funds remaining in the SETTLEMENT FUND to MEF within twenty (20) days (i.e., within one hundred ten (110) days from the date a CASH PAYMENT is issued).

28.     If a CLASS MEMBER does not submit a VALID CLAIM to the SETTLEMENT ADMINISTRATOR, the CLASS MEMBER is not entitled to any CASH PAYMENT under the SETTLEMENT but will be bound by the SETTLEMENT if it is approved by the COURT and the CLASS MEMBER does not timely exclude himself/herself from the SETTLEMENT.

29.     No SETTLEMENT CLASS MEMBER shall have any claim against any RELEASED PARTIES, the CLASS REPRESENTATIVES, CLASS COUNSEL, or the SETTLEMENT ADMINISTRATOR based on the mailing, distribution, or processing of a CLAIM or a CASH PAYMENT made in accordance with this AMENDED AGREEMENT or any order of the COURT.

30. Each SETTLEMENT CLASS MEMBER is solely responsible for any tax consequences, including but not limited to penalties and interest, relating to or arising out of the receipt of any benefit under this SETTLEMENT.

## V. CLASS NOTICE AND SETTLEMENT ADMINISTRATION

31. Subject to COURT approval, the PARTIES have agreed that providing direct email and mail notice to the CLASS MEMBERS using the SUMMARY NOTICE, SETTLEMENT WEBSITE notice, PUBLICATION NOTICE, and ONLINE NOTICE in the manner described herein is the best and most fair and reasonable notice practicable under the circumstances.

32. The PARTIES agree to the following procedures for giving notice of this SETTLEMENT to the CLASS MEMBERS:

(A) Within thirty (30) days of the PRELIMINARY APPROVAL ORDER or on such date otherwise ordered by the COURT, MEF shall provide the SETTLEMENT ADMINISTRATOR with an electronic list or database that includes the following information with respect to each CLASS MEMBER from the MILLENNIUM DATABASE as of the date of PRELIMINARY APPROVAL: first and last name; last known mailing address (if available); and last known email address (if available). MEF agrees to utilize reasonable efforts to provide accurate data from the MILLENNIUM DATABASE, which will be relied upon by the SETTLEMENT ADMINISTRATOR in providing CLASS NOTICE and administering this SETTLEMENT as described herein, and MEF will submit a sworn declaration with the motion for FINAL APPROVAL of the SETTLEMENT that MEF utilized reasonable efforts to provide accurate data to the SETTLEMENT ADMINISTRATOR (and a description of those efforts).

(B)     No later than the NOTICE DATE, the SETTLEMENT ADMINISTRATOR shall send a copy of the SUMMARY NOTICE in the form approved by the COURT to the CLASS MEMBERS, via email for those CLASS MEMBERS for whom an email address is available and via First Class U.S. Mail to those CLASS MEMBERS for whom a mailing address is available but for whom an email address is unavailable.

(C)     The SETTLEMENT ADMINISTRATOR shall utilize the national change of address database to update the mailing list of the CLASS MEMBERS prior to sending SUMMARY NOTICE via First Class U.S. Mail.

(D)     The SETTLEMENT ADMINISTRATOR shall perform a single skip trace using information identifying the CLASS MEMBERS, as necessary, to conduct an address update with respect to any SUMMARY NOTICES returned to the SETTLEMENT ADMINISTRATOR using an industry-accepted source such as Accurint and shall send the SUMMARY NOTICES to the mailing address identified by the skip tracing.  The SETTLEMENT ADMINISTRATOR shall resend via First Class U.S. Mail all SUMMARY NOTICES to new addresses within five (5) business days of obtaining such new addresses.

(E)     Any mailed SUMMARY NOTICES returned to the SETTLEMENT ADMINISTRATOR as undelivered and bearing a forwarding address shall be re-mailed by the SETTLEMENT ADMINISTRATOR to the forwarding address indicated within five (5) business days following receipt of the returned mail.

(F)     Any emailed SUMMARY NOTICE that bounces back or is returned to the SETTLEMENT ADMINISTRATOR as undeliverable shall be mailed by the

SETTLEMENT ADMINISTRATOR if a mailing address is available in the

MILLENNIUM DATABASE list provided to the SETTLEMENT ADMINISTRATOR.

If no mailing address is available in the MILLENNIUM DATABASE list provided to the

SETTLEMENT ADMINISTRATOR, the ADMINISTRATOR shall perform a single

skip trace using information identifying the CLASS MEMBER, as necessary, to conduct

an address update to allow SUMMARY NOTICE to be sent using an industry-accepted

source such as Accurint, and shall send the SUMMARY NOTICES to the mailing

address identified by the skip tracing.  Any such SUMMARY NOTICE shall be mailed

within five (5) business days following receipt of the bounced back or returned as

undeliverable email.

     (G)    No later than the NOTICE DATE, the SETTLEMENT

ADMINISTRATOR shall launch the SETTLEMENT WEBSITE at

www.missourimassagesessions.com (if available) and post copies of the following

documents on the SETTLEMENT WEBSITE: the SAP, the REMAND ORDER, the

Eighth Circuit Court Order reversing the REMAND ORDER, the LONG FORM

NOTICE, the AGREEMENT, this AMENDED AGREEMENT, the PRELIMINARY

APPROVAL motion, the PRELIMINARY APPROVAL ORDER, and, when available,

the FINAL APPROVAL motion, CLASS COUNSEL's Motion for Attorneys' Fees and

Motion for Incentive Awards, the FINAL APPROVAL ORDER and JUDGMENT, and

instructions on how to access the case docket for the ACTION via PACER (which

requires a PACER account) or in person at the COURT.  The SETTLEMENT WEBSITE

will contain prominent instructions on how a CLASS MEMBER can make a CLAIM and

instructions on how a CLASS MEMBER can request exclusion or file an objection to this

SETTLEMENT by the OBJECTION/EXCLUSION DEADLINE. The SETTLEMENT

WEBSITE will further note the date of the FINAL APPROVAL HEARING, clearly state

that the date of the FINAL APPROVAL HEARING may change without further notice to

the CLASS MEMBERS, and that CLASS MEMBERS should be advised to check the

SETTLEMENT WEBSITE or the COURT's PACER site for the ACTION to confirm

that the date has not changed. The SETTLEMENT ADMINISTRATOR shall provide

CLASS COUNSEL and MEF's COUNSEL with the opportunity to review the

SETTLEMENT WEBSITE at least five (5) days prior to the scheduled launch date, and

the SETTLEMENT ADMINISTRATOR will make any revisions to which MEF's

COUNSEL and CLASS COUNSEL agree. The SETTLEMENT ADMINISTRATOR

shall maintain and not take down the SETTLEMENT WEBSITE until one hundred

twenty-five (125) days after the CASH PAYMENT DATE. When the SETTLEMENT

WEBSITE is taken down, the SETTLEMENT ADMINISTRATOR shall immediately

transfer ownership of the domain name/URL for the SETTLEMENT WEBSITE to MEF.

(H)     No later than the NOTICE DATE, the SETTLEMENT

ADMINISTRATOR shall distribute the ONLINE NOTICE. The ONLINE NOTICE

shall be distributed utilizing methods such as internet banner advertising, social media

sponsored posts, and/or paid search placements and shall be designed to reach the

broadest number of the CLASS MEMBERS for whom, MEF estimates, a mailing address

or an email address is not available in the MILLENNIUM DATABASE.

(I)     On the NOTICE DATE, the SETTLEMENT ADMINISTRATOR shall

cause the PUBLICATION NOTICE to be published in the manner ordered by the

COURT.

(J)     Within ten (10) days following the filing of this proposed SETTLEMENT in court, MEF shall serve or shall cause the SETTLEMENT ADMINISTRATOR to serve notice of this SETTLEMENT to the appropriate state and federal officials pursuant to CAFA (28 U.S.C. § 1715).  MEF shall be responsible for drafting and preparing the notice in conformity with 28 U.S.C. § 1715 and for identifying the appropriate state and federal officials to be notified.

(K)     CLASS NOTICE will:

    (i)     Contain a concise statement of the background of the ACTION, the certification of the CLASS MEMBERS for purposes of settlement, and the SETTLEMENT;

    (ii)    Describe the nature and scope of the claims, causes of action, and facts comprised in the SETTLEMENT and explain that SETTLEMENT CLASS MEMBERS will be releasing all RELEASED CLAIMS against the RELEASED PARTIES;

    (iii)   Describe the relief the SETTLEMENT provides;

    (iv)    Inform the CLASS MEMBERS how to submit an exclusion request and of their right to object to the SETTLEMENT by the OBJECTION/EXCLUSION DEADLINE;

    (v)     Inform CLASS MEMBERS how to submit a CLAIM by the CLAIM DEADLINE;

    (vi)    Explain the impact of the SETTLEMENT on participation in any existing and future litigation, arbitration, regulatory action, remediation, or other proceeding(s);

24

(vii)   State that any relief to the SETTLEMENT CLASS is contingent on the COURT's FINAL APPROVAL and JUDGMENT;

(viii)  State that MEF will pay any INCENTIVE AWARD to the CLASS REPRESENTATIVES and any FEE AND EXPENSE AWARD to CLASS COUNSEL (subject to the terms of the AMENDED AGREEMENT and COURT approval) and that individual SETTLEMENT CLASS MEMBERS will not be responsible themselves for paying any attorneys' fees, costs, litigation expenses, administration expenses, or incentive award (unless they elect to retain their own attorney at their own expense);

(ix)    Include instructions on how to access the case docket for the ACTION via PACER (which requires a PACER account) or in person at the COURT.

(x)     Inform the CLASS MEMBERS of the date, time, and place of the FINAL APPROVAL HEARING (and that the date may change without further notice to the CLASS MEMBERS and that CLASS MEMBERS should check the SETTLEMENT WEBSITE or the COURT's PACER site for the ACTION to confirm that the date has not changed), their right to object to the SETTLEMENT, and their right to appear at the FINAL APPROVAL HEARING as provided by this SETTLEMENT or ordered by the COURT in the PRELIMINARY APPROVAL ORDER, on their own or through

counsel of their own selection (at their own expense), and the

procedures for doing so as further described below; and

(xi) Advise that any JUDGMENT entered in the ACTION (including

the terms of the release set forth in this AMENDED

AGREEMENT) will be binding on all CLASS MEMBERS who

do not timely exclude themselves from the SETTLEMENT.

33. The SETTLEMENT ADMINISTRATOR shall provide any information or declaration that the PARTIES request to assist with seeking PRELIMINARY APPROVAL and FINAL APPROVAL including, but not limited to, certifying that it has complied with the notice requirements set forth in this AMENDED AGREEMENT.

34. The PARTIES each represent that he, she, or it does not and will not have any financial interest in the SETTLEMENT ADMINISTRATOR ultimately appointed and otherwise will not have a relationship with the SETTLEMENT ADMINISTRATOR ultimately appointed that could create a conflict of interest.

35. The PARTIES acknowledge and agree that the SETTLEMENT ADMINISTRATOR is not an agent of the CLASS REPRESENTATIVES, CLASS COUNSEL, MEF, or MEF's COUNSEL and that the SETTLEMENT ADMINISTRATOR is not authorized by this AMENDED AGREEMENT or otherwise to act on behalf of the CLASS REPRESENTATIVES, CLASS COUNSEL, MEF, or MEF's COUNSEL.

36. If a CLASS MEMBER requests that the SETTLEMENT ADMINISTRATOR and/or its agent or employee refer him/her to CLASS COUNSEL, or if a CLASS MEMBER requests advice beyond merely ministerial information regarding applicable deadlines or procedures for submitting a CLAIM or an OBJECTION or for requesting exclusion from the

SETTLEMENT or other SETTLEMENT-related forms for which the SETTLEMENT ADMINISTRATOR does not have an approved response, then the SETTLEMENT ADMINISTRATOR and/or its agent or employee shall promptly refer the inquiry to CLASS COUNSEL and MEF's COUNSEL.

37.     The SETTLEMENT ADMINISTRATOR is responsible for:

(A)     Printing and distributing the SUMMARY NOTICE approved by the COURT;

(B)     Performing mailing address and email address updates and verifications prior to the first distribution of the SUMMARY NOTICE;

(C)     Sending mailed SUMMARY NOTICE to those CLASS MEMBERS who were provided SUMMARY NOTICE via email and had it returned undeliverable and who have a mailing address in the MILLENNIUM DATABASE;

(D)     Performing a single skip trace address follow up on any returned mail or email SUMMARY NOTICES;

(E)     Creating and maintaining the SETTLEMENT WEBSITE and a toll-free number that CLASS MEMBERS can contact to request a copy of the AGREEMENT, this AMENDED AGREEMENT, a CLAIM form, and/or to obtain any other information concerning this SETTLEMENT, the AGREEMENT or this AMENDED AGREEMENT;

(F)     Consulting with MEF's COUNSEL and CLASS COUNSEL concerning any relevant issues, including (without limitation) distribution of the CLASS NOTICE and processing of a CLAIM;

(G)     Processing and recording timely and proper requests for exclusion from or objections to the SETTLEMENT;

(H)     Processing and recording all CLAIMS;

(I)     Preparing, drafting, and serving the CAFA Notice;

(J)     By the CASH PAYMENT DATE, distributing CASH PAYMENTS to SETTLEMENT CLASS MEMBERS who submit a VALID CLAIM; and

(K)     Such other tasks as the PARTIES mutually agree or the COURT orders the SETTLEMENT ADMINISTRATOR to perform in connection with this AMENDED AGREEMENT.

38.     MEF agrees to pay to the SETTLEMENT ADMINISTRATOR all reasonable ADMINISTRATIVE COSTS, which are estimated to be One Hundred Thousand Dollars ($100,000).

39.     CLASS COUNSEL agrees that the PARTIES are providing the best notice practicable under the circumstances and will not of their own initiative advocate for content or methods of CLASS NOTICE beyond that to which the PARTIES have agreed in this AMENDED AGREEMENT.

40.     Within two hundred and ten (210) days after the EFFECTIVE DATE, the SETTLEMENT ADMINISTRATOR shall destroy all CLASS MEMBERS' personal identifying information received from MEF and otherwise in connection with the implementation and administration of this SETTLEMENT.

41.     Upon completion of the implementation and administration of the SETTLEMENT, the SETTLEMENT ADMINISTRATOR shall provide written certification of such completion to CLASS COUNSEL and to MEF's COUNSEL.

## VI.    OBJECTIONS TO AND EXCLUSIONS FROM THE SETTLEMENT

### A.    Exclusions

42.    CLASS MEMBERS and persons acting or purporting to act on their behalf who decide to be excluded from the SETTLEMENT must submit to the SETTLEMENT ADMINISTRATOR a written statement requesting exclusion from the SETTLEMENT by the OBJECTION/ EXCLUSION DEADLINE or by such date otherwise ordered by the COURT. Such written request for exclusion (i) must contain the name and address of the CLASS MEMBER requesting exclusion, (ii) must be made via email or mailed by First Class U.S. Mail to the SETTLEMENT ADMINISTRATOR at the specified address, and (iii) must be submitted or postmarked on or before the OBJECTION/EXCLUSION DEADLINE.

43.    CLASS MEMBERS who fail to submit a timely and valid written request for exclusion shall be deemed to be a SETTLEMENT CLASS MEMBER and as such shall be bound by all terms of the SETTLEMENT and the FINAL APPROVAL ORDER and JUDGMENT if the SETTLEMENT is approved by the COURT.

44.    CLASS MEMBERS who submit a valid and timely written request for exclusion and who are excluded from this SETTLEMENT shall not be bound by this SETTLEMENT or any FINAL APPROVAL ORDER entered by the COURT approving this SETTLEMENT and shall not be entitled to receive any CASH PAYMENT or other benefit under this SETTLEMENT.

45.    Within fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide in writing to MEF's COUNSEL and CLASS COUNSEL the names of those CLASS MEMBERS who have requested exclusion.

29

46.     The CLASS REPRESENTATIVES acknowledge and agree that they will not exclude themselves from this SETTLEMENT.

**B.     Objections**

47.     CLASS MEMBERS and persons purporting to act on their behalf who wish to object to the SETTLEMENT or this AMENDED AGREEMENT, any request for a FEE AND EXPENSE AWARD, or any request for an INCENTIVE AWARD shall submit a written notice of objection in accordance with the following procedures:

(A)     CLASS MEMBERS who wish to object must serve on the SETTLEMENT ADMINISTRATOR a written statement of objection that must be postmarked on or before the OBJECTION/EXCLUSION DEADLINE.

(B)     To be valid, a CLASS MEMBER's written statement of objection must provide the following information:

(i)     the CLASS MEMBER's full name and current address;

(ii)    a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and

(iii)   a statement with specificity of the grounds for the objection; and

(iv)    a copy of any documents supporting the CLASS MEMBER's objection.

48.     Subject to the COURT's approval, any objecting CLASS MEMBER may appear, in person or by counsel, at the FINAL APPROVAL HEARING to show cause why this SETTLEMENT and this AMENDED AGREEMENT should not be approved as fair, adequate, and reasonable or to object to any request for a FEE AND EXPENSE AWARD or INCENTIVE AWARD.  To appear in person or by counsel at the FINAL APPROVAL HEARING, fourteen

(14) days prior to the FINAL APPROVAL HEARING, the objecting CLASS MEMBER must file with the COURT and serve upon CLASS COUNSEL and MEF's COUNSEL a Notice of Intention to Appear. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting CLASS MEMBER (or his/her counsel) will present to the COURT in connection with or at the FINAL APPROVAL HEARING.

49. Any CLASS MEMBER who fails to submit a valid Notice of Intention to Appear prior to fourteen (14) days before the FINAL APPROVAL HEARING, along with copies of any papers, exhibits, or other evidence that the objecting CLASS MEMBER (or his/her counsel) will present to the COURT in connection with or at the FINAL APPROVAL HEARING, will not be heard during the FINAL APPROVAL HEARING.

50. Any CLASS MEMBER who fails to timely submit a written objection by the OBJECTION/EXCLUSION DEADLINE will not be heard during the FINAL APPROVAL HEARING and the CLASS MEMBER's untimely objection(s) shall be deemed waived and will not be considered by the COURT and the CLASS MEMBER shall be deemed to have elected to be excluded from the SETTLEMENT, shall not be bound by the SETTLEMENT, and shall not be entitled to receive any CASH PAYMENT or other benefit under the SETTLEMENT.

51. Any CLASS MEMBER who submits a timely written request for exclusion from the SETTLEMENT shall not be permitted to object to the SETTLEMENT. Any written objection submitted by a CLASS MEMBER who has submitted a timely written request for exclusion from the SETTLEMENT will not be heard during the FINAL APPROVAL HEARING and the CLASS MEMBER's objection(s) shall be deemed waived and shall not be considered by the COURT at the FINAL APPROVAL HEARING.

52.     The agreed-upon procedures and requirements for filing objections in connection with the FINAL APPROVAL HEARING are intended to ensure the efficient administration of justice in accordance with each CLASS MEMBER's due process rights.  Such procedures are designed to identify whether any person making an objection has standing to do so and to identify "professional objectors."

53.     Any CLASS MEMBER who submits a written objection in accordance with this AMENDED AGREEMENT shall be entitled to all of the benefits of the SETTLEMENT and this AMENDED AGREEMENT, provided the objecting CLASS MEMBER complies with all the requirements set forth in this AMENDED AGREEMENT for submitting a VALID CLAIM, and shall be bound by all terms of the SETTLEMENT and the FINAL APPROVAL ORDER and JUDGMENT if the SETTLEMENT is approved by the COURT regardless of whether the objecting CLASS MEMBER submits a VALID CLAIM.

54.     Within fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide to CLASS COUNSEL and MEF's COUNSEL and file with the COURT any written objections to the SETTLEMENT.

## VII.   PRELIMINARY APPROVAL

55.     In connection with a request for PRELIMINARY APPROVAL of the SETTLEMENT, CLASS COUNSEL shall submit this AMENDED AGREEMENT, together with the attachments hereto, and any other documents necessary to implement the SETTLEMENT to the COURT.  Solely for purposes of this SETTLEMENT, CLASS COUNSEL shall request that the COURT enter an order, substantially in the form of **EXHIBIT 5** attached hereto, preliminarily approving the proposed SETTLEMENT; approving the proposed LONG FORM NOTICE and SUMMARY NOTICE; approving and appointing a SETTLEMENT

ADMINISTRATOR; approving CLASS COUNSEL as counsel for the CLASS MEMBERS; approving the CLASS REPRESENTATIVES as the representatives of the CLASS MEMBERS; setting a deadline for CLASS COUNSEL to file a request for a FEE AND EXPENSE AWARD and for an INCENTIVE AWARD; and setting a date for the FINAL APPROVAL HEARING.

## VIII.  FINAL APPROVAL AND JUDGMENT

56.     After PRELIMINARY APPROVAL, CLASS NOTICE to the CLASS MEMBERS, and the expiration of the OBJECTION/EXCLUSION DEADLINE, a FINAL APPROVAL HEARING shall be held on a date set by the COURT.  In connection with the FINAL APPROVAL HEARING, the PARTIES shall file such papers with the COURT as either their counsel or the COURT may determine to be necessary, which they anticipate will be done in accordance with the schedule set forth below.

57.     Before the FINAL APPROVAL HEARING, proof of the extent and effectiveness of CLASS NOTICE shall be provided by the SETTLEMENT ADMINISTRATOR to the PARTIES no later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE.

58.     After FINAL APPROVAL, the PARTIES agree that the COURT will retain jurisdiction to enforce the terms of this AMENDED AGREEMENT and the FINAL APPROVAL ORDER and JUDGMENT.

## IX.     CONDITIONS IMPACTING FINALITY OF SETTLEMENT

59.     If more than three percent (3%) of the total number of CLASS MEMBERS request to exclude themselves from the SETTLEMENT, MEF shall have the option, at its sole discretion, of terminating and withdrawing from the SETTLEMENT in its entirety; provided, however, that MEF notifies CLASS COUNSEL and the COURT in writing that it is exercising such option within seven (7) days after being notified in writing by the SETTLEMENT

ADMINISTRATOR that the number of CLASS MEMBERS who have timely requested exclusion exceeds three percent (3%) of the total number of CLASS MEMBERS.

60.     The PARTIES expressly agree that in the event of any of the following conditions:

> (A)     The COURT does not preliminarily approve the SETTLEMENT; or
>
> (B)     The COURT does not finally approve the SETTLEMENT; or
>
> (C)     The COURT does not enter the FINAL APPROVAL ORDER and JUDGMENT substantially as submitted; or
>
> (D)     MEF withdraws and cancels the SETTLEMENT pursuant to Paragraph 55; or
>
> (E)     This SETTLEMENT does not become final for any reason

then the AGREEMENT and this AMENDED AGREEMENT shall be null and void *ab initio* and any order entered by the COURT in furtherance of this SETTLEMENT shall be treated as withdrawn or vacated by stipulation of the PARTIES (subject to COURT approval) and MEF shall have no further obligation under the AGREEMENT or this AMENDED AGREEMENT; provided, however, that in the event of the denial of PRELIMINARY APPROVAL or FINAL APPROVAL, the CLASS REPRESENTATIVES and/or MEF may seek appellate review through a writ or pursue any other available appellate remedy in support of the SETTLEMENT or this AMENDED AGREEMENT.  Nothing herein is intended to restrict or limit the rights of either MEF or the CLASS REPRESENTATIVES to appeal any order of this COURT in the event the SETTLEMENT is not finally approved for any reason.  During the pendency of any appeal of the denial of PRELIMINARY APPROVAL or FINAL APPROVAL, this AMENDED AGREEMENT shall remain valid and binding.

61.     If any of the conditions outlined in the preceding Paragraph occur such that this SETTLEMENT does not become final, the PARTIES shall proceed in all respects as if the AGREEMENT and this AMENDED AGREEMENT had not been executed; provided, however, that MEF shall be responsible for the payment of reasonable ADMINISTRATION COSTS incurred up to such time, provided such costs do not exceed One Hundred Thousand Dollars ($100,000).  Notwithstanding the foregoing, neither the denial of, an appeal of, a modification of, nor a reversal on appeal of any FEE AND EXPENSE AWARD or INCENTIVE AWARD shall constitute grounds for cancellation or termination of this AMENDED AGREEMENT.

62.     If PRELIMINARY APPROVAL is denied, the PARTIES shall be returned to their respective statuses as of the date immediately prior to the execution of the AGREEMENT on the latest of the following events (1) the thirty-first (31st) day following the denial of PRELIMINARY APPROVAL; or (2) the conclusion of any appeal or writ of mandamus from the denial of PRELIMINARY APPROVAL.  In either of these events, within thirty (30) days, the PARTIES shall jointly file a stipulation requesting that the COURT re-set a Rule 16 Scheduling Conference.

63.     If FINAL APPROVAL is denied, the PARTIES shall be returned to their respective statuses as of the date immediately prior to the execution of the AGREEMENT on the latest of the following events (1) the thirty-first (31st) day following the denial of FINAL APPROVAL; or (2) the conclusion of any appeal or writ of mandamus from the denial of FINAL APPROVAL.  In either of these events, within thirty (30) days, the PARTIES shall file a joint stipulation requesting that the Court re-set a Rule 16 Scheduling Conference.

X.      **FEE AND EXPENSE AND INCENTIVE AWARDS**

A.      **Fee And Expense Award**

64.     Within twenty-five (25) days following the NOTICE DATE, CLASS COUNSEL intends to request that the COURT award them a FEE AND EXPENSE AWARD but agrees that the requested FEE AND EXPENSE AWARD shall not, in the aggregate, exceed Four Hundred Thousand Dollars ($400,000).  CLASS COUNSEL shall not petition the COURT for any additional payments for fees or expenses to be paid by MEF, any ME LOCATION, or any of the RELEASED PARTIES.  If the COURT enters a FEE AND EXPENSE AWARD that, in the aggregate, exceeds Four Hundred Thousand Dollars ($400,000), CLASS COUNSEL will nevertheless accept, in full satisfaction of the amounts awarded by the COURT, payment of Four Hundred Thousand Dollars ($400,000) from the SETTLEMENT FUND.  If the COURT enters a FEE AND EXPENSE AWARD that, in the aggregate, is less than Four Hundred Thousand Dollars ($400,000), then the increase in the NET SETTLEMENT FUND shall be for the benefit of SETTLEMENT CLASS MEMBERS submitting VALID CLAIMS, consistent with the terms of this AMENDED AGREEMENT, and it is understood that the maximum amount that any SETTLEMENT CLASS MEMBER (other than the CLASS REPRESENTATIVES) submitting a VALID CLAIM shall receive from the NET SETTLEMENT FUND is a Seven Dollar ($7) CASH PAYMENT.

65.     MEF shall not object and will affirmatively express MEF's non-opposition to CLASS COUNSEL's request for a FEE AND EXPENSE AWARD provided CLASS COUNSEL's request for a FEE AND EXPENSE AWARD shall not in the aggregate exceed Four Hundred Thousand Dollars ($400,000).

66.     A FEE AND EXPENSE AWARD approved by the COURT, which does not in the aggregate exceed Four Hundred Thousand Dollars ($400,000), shall be paid by the SETTLEMENT ADMINISTRATOR to CLASS COUNSEL from the SETTLEMENT FUND within thirty (30) days of the EFFECTIVE DATE.  MEF shall not be required to otherwise pay any portion of any attorneys' fees and expenses of CLASS COUNSEL, the CLASS REPRESENTATIVES, CLASS MEMBERS, or SETTLEMENT CLASS MEMBERS.

67.     Payment of the FEE AND EXPENSE AWARD to CLASS COUNSEL from the SETTLEMENT FUND by the SETTLEMENT ADMINISTRATOR shall constitute full satisfaction by MEF of any obligation to pay any amounts for attorneys' fees, expenses, or costs in the ACTION incurred by CLASS COUNSEL and any other attorney on behalf of the CLASS REPRESENTATIVES, CLASS MEMBERS, or the SETTLEMENT CLASS and shall relieve MEF, MEF's COUNSEL, and the RELEASED PARTIES of any other claims or liability to CLASS COUNSEL and any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the CLASS REPRESENTATIVES, the CLASS, and/or the SETTLEMENT CLASS or related to any RELEASED CLAIM.

68.     MEF's own legal fees, costs, and expenses incurred in the ACTION shall be borne by MEF.

69.     Neither the denial of, an appeal of, a modification of, nor a reversal on appeal of a FEE AND EXPENSE AWARD shall constitute grounds for cancellation or termination of this AMENDED AGREEMENT.

**B.    Incentive Awards**

70.    Within twenty-five (25) days following the NOTICE DATE, CLASS COUNSEL intends to request that the COURT approve an INCENTIVE AWARD for PIROZZI in an amount that does not exceed Six Thousand Five Hundred Dollars ($6,500) and for GREEN in an amount that does not exceed Three Thousand Five Hundred Dollars ($3,500), for a total of Ten Thousand Dollars ($10,000) in the aggregate to the CLASS REPRESENTATIVES.  These INCENTIVE AWARDS are not conditioned on the CLASS REPRESENTATIVES' support for the SETTLEMENT.  MEF shall not object and will affirmatively express MEF's non-opposition to CLASS COUNSEL's request, provided that the INCENTIVE AWARD payable to the CLASS REPRESENTATIVES does not exceed Ten Thousand Dollars ($10,000) in the aggregate.

71.    Payment of the INCENTIVE AWARDS to the CLASS REPRESENTATIVES does not preclude the CLASS REPRESENTATIVES from receiving any other benefits to which each may be entitled under the terms of this AMENDED AGREEMENT as part of the SETTLEMENT CLASS.

72.    Any INCENTIVE AWARD approved by the COURT shall be paid by the SETTLEMENT ADMINISTRATOR to CLASS COUNSEL on behalf of the CLASS REPRESENTATIVES from the NET SETTLEMENT FUND within thirty (30) days of the EFFECTIVE DATE, provided each of the CLASS REPRESENTATIVES has executed the respective General Release applicable to him/her substantially in the form attached as **EXHIBITS 8** and **9**.

73.    Any INCENTIVE AWARD paid to the CLASS REPRESENTATIVES shall be reported on an IRS Form 1099 (i.e., as "Other Income") and provided to the CLASS REPRESENTATIVES and applicable governmental authorities.

74.     Neither the denial of, an appeal of, a modification of, nor a reversal on appeal of an INCENTIVE AWARD shall constitute grounds for cancellation or termination of this AMENDED AGREEMENT

## XI.    RELEASE

75.     As of the EFFECTIVE DATE, the CLASS REPRESENTATIVES and the SETTLEMENT CLASS hereby expressly fully release and forever discharge the RELEASED PARTIES and further expressly agree that they shall not now or thereafter institute, maintain, or assert against the RELEASED PARTIES, either directly or indirectly, on their own behalf or on behalf of any class or other person or entity, in any action, regulatory action, arbitration, or court or other proceeding of any kind, any causes of action, claims, damages, equitable, legal and administrative relief, interest, demands, rights, or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the RELEASED PARTIES, whether based on federal, state, or local law, statute, ordinance, regulation, constitution, contract, common law, or any other source, that relate to the RELEASED CLAIMS.

76.     The CLASS REPRESENTATIVES and the SETTLEMENT CLASS expressly agree that this release is, and may be raised as, a complete defense to and precludes any claim, action, or proceeding encompassed by the release against the RELEASED PARTIES.  It is the intention of the CLASS REPRESENTATIVES in executing this release on behalf of themselves and the SETTLEMENT CLASS to fully, finally, and forever settle and release all matters and all claims relating to the RELEASED CLAIMS in every way.

77.     Without limiting the foregoing, nothing in this AMENDED AGREEMENT shall release, preclude, or limit any claim or action by the PARTIES to enforce the terms of this AMENDED AGREEMENT.

78.     To the fullest extent permitted by law, the CLASS REPRESENTATIVES and the SETTLEMENT CLASS MEMBERS agree not to commence or participate in any claim, demand, grievance, action, or other proceeding against any of the RELEASED PARTIES based on, concerning, or arising out of any of the RELEASED CLAIMS.  CLASS COUNSEL represents and warrants that neither CLASS COUNSEL nor any affiliate, employee, or other person associated with CLASS COUNSEL (a) are knowingly representing any person who has any potential claim against MEF or any ME LOCATION and/or who has expressed to CLASS COUNSEL an interest or intent to assert, file, and/or pursue any potential claim against MEF or any MEF LOCATION; (b) are aware of any person who has any potential claim against MEF or any ME LOCATION and/or who has expressed an interest or intent to assert, file, and/or pursue any potential claim against MEF or any ME LOCATION; and (c) currently intends to bring any claim on behalf of any person or entity against MEF or any ME LOCATION.

## XII.    SCHEDULE OF EVENTS

79.     Based upon the foregoing, the PARTIES anticipate the following schedule related to PRELIMINARY APPROVAL and FINAL APPROVAL of this AMENDED AGREEMENT and performance of this AMENDED AGREEMENT:

| Event Date | Event |
|---|---|
| November 25, 2019 | The CLASS REPRESENTATIVES filed their motion for PRELIMINARY APPROVAL. |
| 10 days following filing of the CLASS REPRESENTATIVES' motion for PRELIMINARY APPROVAL | MEF served or caused ADMINISTRATOR to serve CAFA Notice on December 5, 2019. |

| Event Date | Event |
|---|---|
| 30 days following PRELIMINARY APPROVAL | Last day for MEF to provide the ADMINISTRATOR with the list of CLASS MEMBERS for whom to provide CLASS NOTICE. |
| NOTICE DATE | ADMINISTRATOR launches SETTLEMENT WEBSITE. |
| 25 days following the NOTICE DATE | Last day for CLASS COUNSEL to file a request for a FEE AND EXPENSE AWARD and/or a request for an INCENTIVE FEE AWARD. |
| 60 days following the NOTICE DATE | The CLAIM DEADLINE and OBJECTION/ EXCLUSION DEADLINE. |
| 15 days following the OBJECTION/ EXCLUSION DEADLINE | Last day for the ADMINISTRATOR to provide the list of CLASS MEMBERS who submitted valid exclusion requests and any written objections received to CLASS COUNSEL and MEF's COUNSEL and file with the COURT any written objections received. |
| 45 days following the OBJECTION/ EXCLUSION DEADLINE | Last day for the PARTIES to submit any motion and supporting documentation/ evidence to the COURT in support of FINAL APPROVAL (including evidence by the ADMINISTRATOR concerning the effectiveness of CLASS NOTICE). |
| 14 days before FINAL APPROVAL HEARING | Deadline for objectors to the SETTLEMENT to file a Notice of Intention to Appear at FINAL APPROVAL HEARING. |
| To be set by the COURT | FINAL APPROVAL HEARING. |
| 10 days following the EFFECTIVE DATE | MEF shall fund SETTLEMENT FUND |
| 30 days following the EFFECTIVE DATE | ADMINISTRATOR to pay any FEE AND EXPENSE AWARD and any INCENTIVE AWARD and distribute CASH PAYMENTS to SETTLEMENT CLASS MEMBERS from the SETTLEMENT FUND. |
| 125 days following the CASH PAYMENT DATE | ADMINISTRATOR must take down SETTLEMENT WEBSITE and transfer domain name/URL to MEF. |
| 210 days following the EFFECTIVE DATE | ADMINISTRATOR to destroy any CLASS MEMBERS' personal identifiable information received from MEF. |

## XIII.  NONDISPARAGEMENT

80.  Each of the CLASS REPRESENTATIVES and CLASS COUNSEL agrees that he, she, or they will not disparage MEF or any of the RELEASED PARTIES in any manner related to the RELEASED CLAIMS that are potentially harmful to them or their business, business reputation, or personal reputation.  This includes, but is not limited to, publishing such disparaging statements (whether anonymously or for ascription) on the internet, in blogs, in chat rooms, in emails, in text messages, or in any other electronic means of transmitting information, regardless of manner and/or method.

## XIV.  CONFIDENTIALITY

81.  Any information and documentation that MEF provided to CLASS COUNSEL and/or the ADMINISTRATOR concerning the CLASS is confidential and cannot be provided to third parties or be used for any purpose other than effectuating the terms of this AMENDED AGREEMENT absent MEF's prior express written consent obtained in each instance. Notwithstanding the foregoing or any other provision of this AMENDED AGREEMENT, nothing herein shall prevent CLASS COUNSEL from communicating with CLASS MEMBERS.

82.  If contacted by a CLASS MEMBER, CLASS COUNSEL may provide advice or assistance regarding any aspect of the SETTLEMENT requested by the CLASS MEMBER.  At no time shall any of the PARTIES or their counsel or their agents seek to solicit CLASS MEMBERS or any other persons to submit written objections to the SETTLEMENT, requests for exclusion from the SETTLEMENT, or to encourage CLASS MEMBERS or any persons to appeal from the PRELIMINARY APPROVAL ORDER and/or the FINAL APPROVAL ORDER AND JUDGMENT.

83.     The CLASS REPRESENTATIVES and CLASS COUNSEL agree that the discussions and the information exchanged in the course of negotiating this SETTLEMENT, the AGREEMENT, and AMENDED AGREEMENT are confidential and were made available on the condition that they not be disclosed to third parties, that they not be the subject of public comment, and that they not be publicly disclosed or used by the CLASS REPRESENTATIVES or CLASS COUNSEL in any way in the ACTION should it not settle or in any other proceeding, or for any other purpose.

84.     The CLASS REPRESENTATIVES and CLASS COUNSEL agree that they will not contact the press, issue any press releases, give interviews, or comment upon this SETTLEMENT to any person other than to the CLASS MEMBERS in any way other than as provided in this AMENDED AGREEMENT prior to the PRELIMINARY APPROVAL ORDER.  Within seven (7) days of the PRELIMINARY APPROVAL ORDER, any further references to this ACTION on the websites of CLASS COUNSEL shall be updated to reflect the existence of this SETTLEMENT and/or the PRELIMINARY APPROVAL ORDER and shall comply with the non-disparagement provisions set forth in this AMENDED AGREEMENT.

## XV.    CONFIDENTIAL DOCUMENTS

85.     All of the PARTIES agree to cooperate and to work with one another to protect any confidential materials produced in discovery in the ACTION.  This includes, but is not limited to, promptly complying with all aspects of the Consent Protective Order entered by the Missouri State Court on February 21, 2019 ("Protective Order") regarding such information and stipulating that any confidential information submitted, whether in the past or in the future, to any court in the ACTION will be sealed.

86.     CLASS COUNSEL are entitled to retain an archival copy of the entire file (paper and/or electronic), including all pleadings, motion papers, transcripts, legal memoranda, correspondence, discovery, or attorney work product, even if such materials contain material designated as confidential, provided CLASS COUNSEL complies with all aspects of the Protective Order.  Said archival copy will not be used or disclosed for any purpose other than: (1) in this ACTION (including the SETTLEMENT approval process and/or SETTLEMENT administration), (2) in responding to or defending against any objection or complaint by or on behalf of any SETTLEMENT CLASS MEMBER as to the adequacy of CLASS COUNSEL's representation of the SETTLEMENT CLASS, or (3) in response to a court order or legal process requiring disclosure of such materials.  Prior to disclosing any such materials to any third party, CLASS COUNSEL will provide written notice to MEF's COUNSEL as early as feasible, and no later than three (3) business days after receipt of such order or legal process, to permit MEF to seek appropriate relief and otherwise comply with all aspects of the Protective Order.

87.     CLASS COUNSEL shall destroy the foregoing electronic and paper archival copy on the date six (6) years after the EFFECTIVE DATE, unless during that time period a SETTLEMENT CLASS MEMBER or other person entitled to or potentially entitled to relief under this SETTLEMENT, or a legally authorized representative acting on their behalf, asserts any claim of malpractice or otherwise challenges the adequacy of CLASS COUNSEL's representation of the SETTLEMENT CLASS in this ACTION, in a lawsuit, or otherwise.  If such a claim is asserted, CLASS COUNSEL may retain an archival copy until the date (i) six (6) years after the EFFECTIVE DATE, (ii) such claim is finally resolved, or (iii) five (5) years after the assertion of such a claim, whichever is latest, provided CLASS COUNSEL otherwise complies with all aspects of the Protective Order.

88.     The PARTIES agree that if there is anything inconsistent in this AMENDED

AGREEMENT and the Protective Order, the provisions of the Protective Order shall control.

## XVI.   AGREEMENT TO COOPERATE

89.     All of the PARTIES, their successors and assigns, and their attorneys agree to

work reasonably and cooperatively in order to obtain COURT approval of this AMENDED

AGREEMENT and to effectuate the SETTLEMENT and to provide declarations to facilitate the

Court's PRELIMINARY APPROVAL and FINAL APPROVAL of the SETTLEMENT.

90.     The PARTIES further agree to cooperate in the SETTLEMENT administration

process and implementation of the SETTLEMENT and to make all reasonable efforts to control

and minimize the costs and expenses incurred in the administration and implementation of the

SETTLEMENT.

## XVII.  WARRANTIES

91.     Each signatory to this AMENDED AGREEMENT hereby warrants that he/she

has the authority to execute this AMENDED AGREEMENT and thereby bind the respective

PARTY.  The CLASS REPRESENTATIVES each warrant and represent that (s)he is the sole

and lawful owner of all rights, title, and interest in and to all of the RELEASED CLAIMS and

that (s)he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or

transferred or purported to sell, assign, or transfer to any other person or entity any RELEASED

CLAIMS or any part or portion thereof.

## XVIII. BINDING EFFECT OF THE AGREEMENT

92.     The terms of this AMENDED AGREEMENT shall inure to the benefit of, and be

binding upon, the PARTIES and their respective heirs, legal representatives, executors,

administrators, successors, and assigns upon the EFFECTIVE DATE.

## XIX. INTEGRATION CLAUSE

93.     This AMENDED AGREEMENT and its attachments constitute the entire agreement of the PARTIES with respect to the matters discussed herein and supersede all prior or contemporaneous oral or written understandings, negotiations, agreements, statements, or promises.  In executing this AMENDED AGREEMENT, the PARTIES acknowledge that they have not relied upon any oral or written understandings, negotiations, agreements, statements, or promises that are not set forth in this AMENDED AGREEMENT.  The PARTIES also acknowledge and agree that each has been represented by his, her, or its own counsel with respect to the negotiating and drafting of the SETTLEMENT, the AGREEMENT, and this AMENDED AGREEMENT.

94.     All exhibits to this AMENDED AGREEMENT as set forth herein are integrated herein and are to be considered terms of this AMENDED AGREEMENT as if fully set forth herein.

## XX. MODIFICATIONS

95.     This AMENDED AGREEMENT may not be amended or modified in any respect except by a written instrument duly executed by all of the PARTIES to this AMENDED AGREEMENT or their counsel.

96.     The PARTIES agree that nonmaterial amendments or modifications to this AMENDED AGREEMENT may be made in writing after PRELIMINARY APPROVAL without the need to seek the COURT's approval.

97.     If the COURT indicates, prior to PRELIMINARY APPROVAL or FINAL APPROVAL, that the SETTLEMENT will not be approved unless certain changes are made, the PARTIES will attempt in good faith to reach an agreement as to any such changes prior to

withdrawing from this AMENDED AGREEMENT.  However, if no such agreement can be reached within thirty (30) days after the COURT indicates that the SETTLEMENT will not be approved unless certain changes are made, then the CLASS REPRESENTATIVES or MEF may terminate and withdraw from this AMENDED AGREEMENT.  If this AMENDED AGREEMENT is terminated under such circumstances, the CLASS REPRESENTATIVES, MEF, and the CLASS MEMBERS shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by MEF and the CLASS REPRESENTATIVES into the AGREEMENT, this AMENDED AGREEMENT and any and all other understandings and agreements between the PARTIES and their respective counsel relating to the SETTLEMENT shall be deemed to be null and void and of no force and effect.  Upon termination under this Paragraph of the AMENDED AGREEMENT, within thirty (30) days of the AMENDED AGREEMENT's termination, the PARTIES will file a joint stipulation requesting the COURT to re-set a Rule 16 Scheduling Conference.

98.    Without further order of the COURT, the PARTIES may agree in writing to reasonable extensions of time to carry out any of the provisions of this AMENDED AGREEMENT or the PRELIMINARY APPROVAL ORDER.

## XXI.  COUNTERPARTS

99.    This AMENDED AGREEMENT may be executed in one or more counterparts, each of which shall be an original, and this AMENDED AGREEMENT is effective upon execution of at least one counterpart by each PARTY to this AMENDED AGREEMENT.

## XXII.  NO ADMISSIONS

100.    If this AMENDED AGREEMENT does not become effective or is cancelled, withdrawn, or terminated for any reason, it shall be deemed negotiation for settlement purposes only and will not be admissible in evidence or usable for any purposes whatsoever in the ACTION or any proceedings between the PARTIES or in any other action related to the RELEASED CLAIMS or otherwise involving the PARTIES, any ME LOCATION, or any RELEASED PARTY.

101.    Nothing in this AMENDED AGREEMENT may be construed as, or may be used as, an admission by the CLASS REPRESENTATIVES that any of their claims are without merit.

102.    Nothing in this AMENDED AGREEMENT may constitute, may be construed as, or may be used as an admission by MEF of any fault, wrongdoing, or liability whatsoever or that class certification is appropriate.  MEF continues to affirmatively deny all liability and all of the claims, contentions, RELEASED CLAIMS, and each and every allegation made by the CLASS REPRESENTATIVES in the ACTION.

## XXIII. NO TAX ADVICE

103.    Neither CLASS COUNSEL nor MEF's COUNSEL intends anything contained herein to constitute legal advice regarding the tax consequences of any amount paid hereunder nor shall it be relied upon as such.

## XXIV. CONFLICTS

104.    In the event of a conflict between this AMENDED AGREEMENT and any other document prepared pursuant to the SETTLEMENT, the terms of this AMENDED AGREEMENT supersede and control.

## XXV. WAIVER

105.     Any failure by any PARTY to insist upon the strict performance by any other PARTY of any provision of this AMENDED AGREEMENT shall not be deemed a waiver of any provision of this AMENDED AGREEMENT and such PARTY, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this AMENDED AGREEMENT.

## XXVI. CONSTRUCTION AND GOVERNING LAW

106.     This AMENDED AGREEMENT is a result of extensive arm's-length, bilateral negotiations between the PARTIES and has been drafted by all PARTIES such that any rule that construes ambiguities against the drafter shall have no force or effect and no provision of this AMENDED AGREEMENT shall be construed in favor of or against a PARTY.

107.     This AMENDED AGREEMENT shall be governed by, interpreted according to, and enforced in accordance with the law of the state of Missouri without regard to choice of law provisions.

## ATTACHMENTS

| | |
|---|---|
| **EXHIBIT 1** | **Claim Form** |
| **EXHIBIT 2** | **Final Approval Order** |
| **EXHIBIT 3** | **Long Form Notice** |
| **EXHIBIT 4** | **Online Notice** |
| **EXHIBIT 5** | **Preliminary Approval Order** |
| **EXHIBIT 6** | **Publication Notice** |
| **EXHIBIT 7** | **Summary Notice** |
| **EXHIBIT 8** | **Pirozzi General Release** |
| **EXHIBIT 9** | **Green General Release** |

DATED: April 10, 2020

DocuSigned by:

*Mark Pirozzi*

MARK PIROZZI

_____

KEILA GREEN

MASSAGE ENVY FRANCHISING, LLC

*K. Paiva*

By: Kristin Paiva

Its: General Counsel

DATED: __April 9__, 2020


_____

MARK PIROZZI


_____

KEILA GREEN

MASSAGE ENVY FRANCHISING, LLC


_____

By: Kristin Paiva

Its: General Counsel

Case: 4:19-cv-00807-CDP Doc. #: 43-1 Filed: 04/10/20 Page: 53 of 104 PageID #: 4775

# Exhibit 1

Pirozzi v. Massage Envy Franchising, LLC
P.O. Box 6006
Portland, OR 97228-6006

<table>
<tr><td>MUST BE<br>POSTMARKED ON<br>OR BEFORE<br>MONTH. XX, 2020</td></tr>
</table>

<<Mail ID>>
«name1»
«name2»
«name3»
«addr1»
«addr2»
«city», «state» «zip5»
«country_name»

## **CLAIM FORM**

Please fill out this Claim Form if you purchased a "1-hour," "1½-hour," or "2-hour" Non-Member Massage Session at a Massage Envy® location in the state of Missouri between January 31, 2012, and DATE OF PRELIMINARY APPROVAL.

To be eligible for up to $7.00, you must return this Claim Form to the Settlement Administrator at the address below or complete this form online at www.missourimassagesessions.com on or before **DATE XX, 2020**.

Please type or neatly print all information.

Claimant Name:

Claimant Address Line 1:

Claimant Address Line 2:

City:                                          State:          ZIP Code:

Email Address:

---

I declare, under penalty of perjury, that the information in the Claim Form is true and correct to the best of my knowledge and that I purchased a "1-hour," "1½-hour," or "2-hour" Non-Member Massage Session at a Massage Envy® location in the state of Missouri during the Class Period.

Signature:                                    Date:

---

Mail this completed Claim Form to:

**Pirozzi v. Massage Envy Franchising, LLC**
**P.O. Box 6006**
**Portland, OR 97228-6006**

or complete and submit it online at **www.missourimassagesessions.com**. *Your claim may be processed more quickly if you submit it online.* For more information about the Settlement and your rights, please refer to the Settlement Agreement and other materials available at www.missourimassagesessions.com or call toll free 833-935-1344.

Case: 4:19-cv-00807-CDP Doc. #: 3-19-1 Filed: 09/10/20 Page: 569 of 574 PageID #: 4572

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK PIROZZI and KEILA GREEN,
individually and on behalf of others
similarly situated,

                       Plaintiffs,

v.

MASSAGE ENVY FRANCHISING, LLC,
a Delaware corporation,

                  Defendant.

Case No. 4:10-cv-00807-CDP

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On _____, 2020, this Court entered its Order [Dkt. ___] preliminarily approving the class action settlement set forth in the Amended Class Action Settlement Agreement and Release (the "AMENDED AGREEMENT") finding that the settlement appeared fair, adequate, and reasonable, free of collusion or any indicia of unfairness, and within the range of likely judicial approval thereby warranting notice to the CLASS.  The Court also conditionally certified the CLASS pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Currently pending before the Court is the Motion for Final Approval of the Class Action Settlement and Entry of Final Judgment [Dkt. ___] filed by the CLASS REPRESENTATIVES Mark Pirozzi and Keila Green (collectively, the "CLASS REPRESENTATIVES").  The CLASS REPRESENTATIVES and Defendant Massage Envy Franchising, LLC ("MEF") are collectively referred to herein as the "PARTIES."   Also pending before the COURT is the CLASS REPRESENTATIVES' Motion for an Award of Attorneys' Fees and Incentive Awards [Dkt. ___]. Due and adequate notice having been given to the CLASS of the SETTLEMENT, the AMENDED AGREEMENT, and the FINAL APPROVAL HEARING as required in the PRELIMINARY APPROVAL ORDER [Dkt. __], and the COURT having considered all papers, including all objections filed, having heard oral argument on _____, 2020, and otherwise being fully informed and good cause appearing:

**IT IS HEREBY ORDERED THAT**:

1.     This FINAL APPROVAL ORDER incorporates the AMENDED AGREEMENT, as submitted to the COURT on April 10, 2020, in response to the Court's April 6, 2020 Order [Dkt. 42] considering Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed November 25, 2019 [Dkt. 34].  The capitalized terms used in this FINAL APPROVAL ORDER shall have the meanings and/or definitions given to them in the AMENDED AGREEMENT unless specified herein to the contrary.

2.     This COURT has jurisdiction over the subject matter of this ACTION, over the CLASS, and over those persons and entities undertaking affirmative obligations under the AMENDED AGREEMENT.

1

3.     The COURT finds that the AMENDED AGREEMENT is eminently reasonable as it will provide the SETTLEMENT CLASS MEMBERS with substantial and immediate relief and allows the SETTLEMENT CLASS MEMBERS to avoid the risk, expense, complexity, and likely duration of further litigation.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the COURT hereby certifies for settlement purposes only the CLASS, which it previously conditionally certified, which includes:

> All individuals in the state of Missouri who purchased a "1-hour," "1½-hour," or "2-hour" NON-MEMBER MASSAGE SESSION at an ME LOCATION between January 31, 2012, through the date of PRELIMINARY APPROVAL.

The Court further certifies for settlement purposes only the SETTLEMENT CLASS, which is comprised of all CLASS MEMBERS except (i) those ___ individuals, identified on **EXHIBIT 1** hereto, who properly excluded themselves by submitting a timely request for exclusion in accordance with the requirements set forth in the AMENDED AGREEMENT and CLASS NOTICE; (ii) any person who is an employee, director, officer, or agent of MEF, an ME LOCATION, or any of the RELEASED PARTIES; (iii) any judge, justice, judicial officer, or judicial staff of the COURT; and (iv) CLASS COUNSEL, MEF's COUNSEL, and any of their attorneys and staff.

5.     The COURT finds on the record before it that the SETTLEMENT CLASS satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, because (a) the SETTLEMENT CLASS MEMBERS are so numerous that joinder of all SETTLEMENT CLASS MEMBERS is impracticable; (b) there are questions of law and fact common to the SETTLEMENT CLASS; (c) the named CLASS REPRESENTATIVES' claims are typical of the claims of the SETTLEMENT CLASS members; (d) the named CLASS REPRESENTATIVES and CLASS COUNSEL have adequately represented and will continue to adequately represent and protect the interests of the SETTLEMENT CLASS for purposes of the SETTLEMENT; (e) questions of law or fact common among CLASS MEMBERS predominate over questions affecting only individual members of the CLASS; and

(f) class-wide treatment of the disputes raised in the ACTION is superior to other available methods for adjudicating the controversy before this COURT at this time. Manageability issues do not prevent certification for settlement purposes only because there will be no trial.

6. The COURT hereby finds that the CLASS NOTICE given to the CLASS (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a CLAIM under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances, constituted a reasonable manner of notice to all class members who would be bound by the SETTLEMENT, and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.

7. The COURT hereby finds there were very few timely written objections and requests for exclusion from the SETTLEMENT. Only ___ objections and ___ requests for exclusion were received, out of _____ CLASS MEMBERS. The small number of objections and requests for exclusion indicates that the vast majority of the CLASS found the SETTLEMENT and the AMENDED AGREEMENT to be fair, reasonable, and adequate. Furthermore, the PARTIES demonstrated that none of the asserted bases for objection are valid and, accordingly, any and all objections to the SETTLEMENT and the AMENDED AGREEMENT are hereby overruled.

8. The COURT further finds that a full and fair opportunity has been afforded to the CLASS MEMBERS to opt out of and to object to the SETTLEMENT and to participate in the hearing convened to determine whether the SETTLEMENT should be given final approval. Accordingly, the COURT hereby determines that SETTLEMENT CLASS MEMBERS are bound by this FINAL APPROVAL ORDER.

9.     The COURT hereby finds that the SETTLEMENT set forth in the AMENDED AGREEMENT is in all respects fair, reasonable, and adequate and in the best interests of the SETTLEMENT CLASS, taking into account that (a) the CLASS REPRESENTATIVES and CLASS COUNSEL have adequately represented the CLASS; (b) the SETTLEMENT was negotiated at arm's length; (c) the relief provided to the CLASS is adequate, in light of the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to the CLASS; and the terms of the proposed Award of Attorneys' Fees, Expenses and Incentive Awards; and (d) the SETTLEMENT treats CLASS members equitably relative to each other.  In addition, the COURT finds that there was no collusion in connection with the SETTLEMENT, that the SETTLEMENT was the product of informed and arm's-length negotiations among competent counsel, and that the record is sufficiently developed to have enabled the CLASS REPRESENTATIVES and MEF to adequately evaluate and consider their respective positions. Accordingly, the Court hereby finally and unconditionally approves the SETTLEMENT set forth in the AMENDED AGREEMENT.

10.     The CLASS REPRESENTATIVES and each of the SETTLEMENT CLASS MEMBERS hereby expressly and fully release and forever discharge the RELEASED PARTIES and further expressly agree that they shall not now or hereafter institute, maintain, or assert against the RELEASED PARTIES, either directly or indirectly, on their own behalf, or on behalf of any class or other person or entity, in any action, regulatory action, arbitration, or court or other proceeding of any kind, any causes of action, claims, damages, equitable, legal, and administrative relief, interest, demands, rights, or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the RELEASED PARTIES, whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution, contract, common law, or any other source, that relate to the RELEASED CLAIMS as set forth in the AMENDED AGREEMENT.

11.     The RELEASED PARTIES may file this FINAL APPROVAL ORDER in any other action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     In its PRELIMINARY APPROVAL ORDER [Dkt. ___], the Court appointed and designated Epiq Class Action & Claims Solutions, Inc., 10300 Southwest Allen Blvd., Beaverton, OR 97005 ("Epiq") to act as the SETTLEMENT ADMINISTRATOR.  Epiq shall continue to act as the SETTLEMENT ADMINISTRATOR to perform those duties and responsibilities that remain under the AMENDED AGREEMENT and this FINAL APPROVAL ORDER.

13.     CLASS COUNSEL are hereby awarded the sum of $_____ in attorneys' fees and reimbursement of expenses, which sum the COURT finds to be fair and reasonable and fairly compensates them for their contributions to the prosecution of this ACTION and the SETTLEMENT.  The payment of attorneys' fees and costs shall be pursuant to the terms of the AMENDED AGREEMENT.

14.     CLASS REPRESENTATIVE PIROZZI is hereby awarded an INCENTIVE AWARD in the amount of $_____ and CLASS REPRESENTATIVE GREEN is hereby awarded an INCENTIVE AWARD in the amount of $_____, which the COURT finds to be fair and reasonable and in recognition of their efforts in prosecuting the action and the SETTLEMENT.  Payment of the INCENTIVE AWARDS shall be pursuant to the terms of the AMENDED AGREEMENT.

15.     Within thirty (30) days after the EFFECTIVE DATE of the SETTLEMENT, as defined and in accordance with the AMENDED AGREEMENT, the SETTLEMENT ADMINISTRATOR shall distribute a CASH PAYMENT to each SETTLEMENT CLASS MEMBER who timely submitted a valid CLAIM in accordance with the instructions in the AMENDED AGREEMENT and the CLASS NOTICE.

16.     Within five (5) days after the EFFECTIVE DATE of the SETTLEMENT, the SETTLEMENT ADMINISTRATOR shall disclose on the SETTLEMENT WEBSITE that (i) the

SETTLEMENT is final and its EFFECTIVE DATE; and (ii) the date by which the CASH PAYMENTS will be distributed to SETTLEMENT CLASS MEMBERS who timely submitted a valid CLAIM in accordance with the instructions in the AMENDED AGREEMENT and the CLASS NOTICE.

17.     In the event that the SETTLEMENT does not become effective in accordance with the AMENDED AGREEMENT's terms, then this FINAL APPROVAL ORDER shall be rendered null and void and be vacated, the AGREEMENT and the AMENDED AGREEMENT and all orders entered in connection therewith shall be rendered null and void *ab initio*, and this ACTION shall be reinstated as it existed prior to the making of the AGREEMENT.  In that case, all communications, documents, filings, negotiations, and other actions taken to negotiate and pursue settlement through the AGREEMENT and/or the AMENDED AGREEMENT, including the AGREEMENT and/or AMENDED AGREEMENT themselves, shall be considered confidential settlement communications that cannot be used as evidence for any purposes whatsoever in the ACTION or any proceedings between the PARTIES or in any other action related to the RELEASED CLAIMS or otherwise involving the PARTIES, any ME LOCATION, or any RELEASED PARTY.

18.     Nothing in this FINAL APPROVAL ORDER, the AGREEMENT, or the AMENDED AGREEMENT shall be construed as an admission or concession by any of the PARTIES.  The AGREEMENT, AMENDED AGREEMENT, and this resulting FINAL APPROVAL ORDER simply represent a compromise of disputed allegations.

19.     All PARTIES to the AMENDED AGREEMENT and CLASS COUNSEL are directed to carry out their obligations under the AMENDED AGREEMENT.

20.     Without impacting the finality of this FINAL APPROVAL ORDER, the COURT hereby retains continuing jurisdiction to assure compliance with all terms of this SETTLEMENT in accordance with the AMENDED AGREEMENT and this FINAL APPROVAL ORDER.

21.     CLASS COUNSEL shall serve a copy of this FINAL APPROVAL ORDER on all named PARTIES and their counsel, the Objectors and any of their counsel, and the SETTLEMENT

ADMINISTRATOR within seven (7) days of receipt, and the SETTLEMENT ADMINISTRATOR shall post a copy of this Final Order on the SETTLEMENT WEBSITE within five (5) days of receipt.

IT IS SO ORDERED

DATED: _____, 2020

_____
CATHERINE D. PERRY
JUDGE OF THE UNITED STATES
DISTRICT COURT

# Exhibit 3

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

**IF YOU PURCHASED A MASSAGE SESSION AT A MASSAGE ENVY® SPA IN MISSOURI BETWEEN JANUARY 31, 2012, AND [PRELIMINARY APPROVAL DATE], A CLASS ACTION SETTLEMENT MAY AFFECT YOU.**

A federal court authorized this Notice. This isn't a solicitation from a lawyer and you aren't being sued.

- A proposed Settlement has been reached in a class action lawsuit that claims that Massage Envy's advertising was deceptive because it promised 10 more minutes of hands-on massage than were actually provided during a massage session and that Missouri consumers were harmed by not receiving those additional 10 minutes of hands-on massage. Defendant Massage Envy Franchising, LLC ("MEF") denies the allegations and that any Massage Envy® advertising was deceptive. The Court has not decided who is right in the lawsuit but has preliminarily approved the proposed Settlement.

- If you purchased a massage session at a Massage Envy franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase, you are a Class Member and are eligible to submit a request for a cash payment of up to $7. To receive a cash payment pursuant to the proposed Settlement, you must submit a claim in one of the following ways: (1) at www.missourimassagesessions.com/_____; (2) email your completed claim form to the Settlement Administrator at [INSERT EMAIL] by [NOTICE DATE + 60 DAYS]; or (3) mail your completed claim form, postmarked by [NOTICE DATE + 60 DAYS], as explained below.

- If you purchased a massage session at a Massage Envy® franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase, even if you do nothing, you will be bound by the Settlement if it is approved by the Court, as is also explained below.

- Your legal rights are affected whether you act or do not act. Read this Notice and the information on this website carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A TIMELY CLAIM** | If you purchased a massage session at a Massage Envy® franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase, this is the only way to receive a cash payment under the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Get no cash payment or benefit from the Settlement but you will not be bound by the Settlement. |
| **OBJECT** | Write to the Court about why you object to the Settlement. If you object to the Settlement, you may still submit a claim to receive a cash payment and will still be bound by the Settlement if the Court approves it. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

| **Do Nothing** | Give up your rights to sue and be bound by the Settlement. You will not receive a cash payment under the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court overseeing this lawsuit still must decide whether to approve the Settlement. Settlement cash payments will be distributed only if the Court approves the Settlement and after potential appeals, if any, are resolved. Please be patient and check back to www.missourimassagesessions.com to find out when any cash payments may be distributed.

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Amended Class Action Settlement Agreement and Release ("Amended Settlement Agreement") available at [**HYPERLINK**], by contacting Class Counsel at the address and/or phone numbers provided below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis, Missouri 63102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

# Basic Information

## WHY DID I GET NOTICE OF THE SETTLEMENT?

You received Notice of this Settlement because records indicate that you may have purchased a massage session at a Massage Envy® franchised location in Missouri between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase. As a result, you have a right to know about the proposed class action Settlement and all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and/or appeals are resolved, Settlement cash payments will be distributed to those entitled to receive such payments pursuant to the Settlement and as described herein. You will be informed of the Settlement's progress on this website.

This Notice explains the lawsuit, the Settlement, your legal rights, what Settlement benefits are available, who is eligible for them, how to get them, how to object to the Settlement, how to exclude yourself from the Settlement, and what happens if you are a Class Member and do nothing.

The Court in charge of the lawsuit is the United States District Court for the Eastern District of Missouri, and the lawsuit is known as *Mark Pirozzi and Keila Green, individually and on behalf of all others similarly situated, v. Massage Envy Franchising, LLC*, Case No. 4:19 CV 00807CDP. The individuals who sued are called Plaintiffs and Class Representatives, and the company they sued, MEF, is called the Defendant.

## WHAT IS THIS LAWSUIT ABOUT?

The lawsuit asserts that Massage Envy®'s advertising was deceptive because it promised 10 more minutes of hands-on massage than were actually provided during a massage session and that Missouri consumers were harmed by not receiving those additional 10 minutes of hands-on massage. The lawsuit asserts claims for (1) violation of the Missouri Merchandising Practices Act, RSMo. § 407.010, *et seq.*; (2) Declaratory Relief; and (3) Injunctive Relief. MEF denies all allegations in the lawsuit and that any Massage Envy®

advertising was deceptive and claims that it is the franchisor and does not own or operate any of the Massage Envy® franchised locations that you visited.

## WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, the "Class Representatives" (in this case, Mark Pirozzi and Keila Green) sue on behalf of themselves and other people who have a similar claim. In this case, the Class Representatives sued on behalf of themselves and other similarly situated individuals who purchased a massage session from a Massage Envy® franchised location in the state of Missouri and were not members of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of purchase, who are called "Class Members." The Court in charge of the lawsuit resolves the issues for all Class Members except those who exclude themselves from the Settlement. United States District Judge Catherine Perry is in charge of this lawsuit.

## WHY IS THERE A SETTLEMENT?

The Court did not decide that the Class Representatives were entitled to any recovery from MEF. Instead, both sides agreed to a settlement. That way, they avoid the costs and delay of further legal proceedings and Class Members, the people affected, will get the Settlement benefits. The Class Representatives and their attorneys believe the Settlement is fair to and in the best interests of all Class Members.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

To see if you are affected by the Settlement or have a right to receive the Settlement benefits, you must determine whether you are a Class Member.

You are a Class Member if you purchased a massage session at a Massage Envy® franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase.

## I'M STILL NOT SURE IF I AM INCLUDED.

If you are still not sure whether you are a Class Member, you can ask for free help. You can call 1-800-000-0000 for more information from the Settlement Administrator or review the Settlement documents on this website.

# THE SETTLEMENT BENEFITS—WHAT YOU CAN GET

## WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement provides the following relief.

**Cash Payment.** If the Court approves the Settlement and after any objections and/or appeals are resolved, Class Members who submit a valid claim by [NOTICE DATE + 60 DAYS] will receive a cash payment up to $7, as described below.

## CASH PAYMENT SETTLEMENT BENEFIT

If you purchased a massage session at a Massage Envy® franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase, and submit a valid claim by [NOTICE DATE + 60 DAYS], you will be entitled to receive a cash payment of up to seven dollars ($7) if the Court approves the Settlement.

Pursuant to the Settlement, MEF has agreed to pay up to $1.6 million dollars (the "Settlement Fund") as a Settlement benefit. The Settlement Fund will be used to pay (1) cash payments to Class Members who timely submit a valid claim as set forth in this Notice; (2) any incentive award the Court approves to the Class Representatives up to $10,000 in the aggregate; (3) any attorneys' fees and expense award the Court approves to Class Counsel up to $400,000 in the aggregate; and (4) reasonable Settlement administrative costs, estimated to be $100,000. If you are a Class Member and timely submit a valid claim, you will receive a cash payment of up to $7. The amount of any cash payment could be affected by the following factors: (1) the number of Class Members who timely submit a valid claim; (2) the amount of any incentive award the Court approves to be paid to either or both of the Class Representatives; (3) the amount of any attorneys' fees and expense award the Court approves to be paid to Class Counsel; and (4) the amount of reasonable Settlement administration costs.

If the monies remaining in the Net Settlement Fund (the amount remaining in the Settlement Fund after paying (1) any incentive award the Court approves to either or both of the Class Representatives up to $10,000 in the aggregate; (2) any attorneys' fees and expense award the Court approves to Class Counsel up to $400,000 in the aggregate; and (3) reasonable Settlement administrative costs estimated to be $100,000) are insufficient to make a $7 cash payment to each Class Member who timely submits a valid claim, then each Class Member who timely submits a valid claim will receive a cash payment in the amount of his/her pro rata share of the Net Settlement Fund. For instance, if 180,000 Class Members timely submit a valid claim, the Court approves a $400,000 attorneys' fees and expense award, a $6,500 incentive award to Class Representative Pirozzi and a $3,500 incentive award to Class Representative Green, and reasonable Settlement administrative costs total $90,000, then the Net Settlement Fund shall be $1.1 million and each Class Member who timely submits a valid claim shall receive a $6.11 cash payment if the Court approves the Settlement.

Any monies remaining in the Settlement Fund after paying (1) any incentive award the Court approves to be paid to either or both of the Class Representatives up to $10,000 in the aggregate; (2) any attorneys' fees and expense award the Court approves to be paid to Class Counsel up to $400,000 in the aggregate; (3) reasonable Settlement administrative costs estimated to be $100,000; and (4) each Class Member who timely submits a valid claim, shall revert to MEF in accordance with the terms of the Settlement and shall not be distributed to those Class Members who timely submit a valid claim.

If you are a Class Member and do not submit a valid claim by [NOTICE DATE + 60 DAYS], you will not receive any cash payment from the Settlement but will be bound by the Settlement if it is approved by the Court, unless you exclude yourself from the Settlement, as described below.

## HOW TO REQUEST A CASH PAYMENT

If you are a Class Member, to receive a cash payment, you must submit your claim by [NOTICE DATE + 60 DAYS].

You can submit a claim by clicking [HYPERLINK] or you can call [800 number] or email the Settlement Administrator at [INSERT] to obtain a claim form.

CLAIMS MUST BE SUBMITTED ON THIS WEBSITE OR VIA EMAIL NO LATER THAN [NOTICE DATE + 60 DAYS] OR, IF SUBMITTED BY MAIL TO THE SETTLEMENT ADMINISTRATOR, POSTMARKED NO LATER THAN [NOTICE DATE + 60 DAYS].

If you have any unanswered questions or require assistance in submitting a claim, you can contact the Settlement Administrator at [PHONE NUMBER] or Class Counsel at [INSERT] (Class Counsel is further explained below). **PLEASE DO NOT CALL THE COURT, DEFENDANT, DEFENDANT'S COUNSEL, OR ANY MASSAGE ENVY® FRANCHISED LOCATION.**

## WHEN WOULD I RECEIVE MY CASH PAYMENT?

The Honorable Catherine Perry will hold a Final Approval Hearing on [DATE], 2020, to decide whether to approve the Settlement. The date of the Final Approval Hearing may change without further notice. You should check [HYPERLINK] or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not been changed.

If Judge Perry approves the Settlement and there are no appeals, approximately sixty (60) days after the Judge's approval of the Settlement, cash payments will be distributed to Class Members who timely submitted a valid claim. However, it is possible there may be appeals related to the final approval of the Settlement, attorneys' fees or costs awarded, or an incentive award provided to the Class Representatives (described below). It is always uncertain whether and how any such appeals will be resolved and resolving them may take time, perhaps more than a year. This website will be updated to provide current Settlement information including if final approval is entered and the date thereof and the date cash payments will be distributed. Please be patient.

**PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, DEFENDANT, DEFENDANT'S COUNSEL, OR ANY MASSAGE ENVY® FRANCHISED LOCATION TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

## AM I GIVING UP ANY LEGAL RIGHTS BY STAYING IN THE CLASS?

Yes. Unless you exclude yourself from the Settlement, you will agree to release the claims described in the Amended Settlement Agreement if the Court approves the Settlement. You will remain a member of the Settlement Class, which means that you cannot sue, continue to sue, or be part of any other lawsuit against MEF, any Massage Envy® franchised location in Missouri, or any of the other Released Parties (described in the Amended Settlement Agreement) about the factual and legal issues in this lawsuit (*i.e.*, the Released Claims described in the Amended Settlement Agreement). It also means that the Court's orders will apply to you and legally bind you. You may view the Amended Settlement Agreement at [HYPERLINK] for the full language of the legal claims you will give up if you are a Class Member and do not exclude yourself from the Settlement.

## WHAT HAPPENS IF I DO NOTHING?

If you are a Class Member, you do nothing, and the Court approves the Settlement, you will be part of the Settlement Class and will be bound by the release of claims in this Settlement as described above. If you

are a Class Member, you do nothing, and the Court approves the Settlement, you will not receive any cash payment. **To receive a cash payment, you must timely submit a valid claim as explained above.**

# Excluding Yourself from the Settlement

If you are a Class Member and do not want to receive a Settlement cash payment, but you want to keep the right to sue or continue to sue MEF, any Massage Envy® franchised location in Missouri, or any of the Released Parties (defined in the Amended Settlement Agreement) individually, on your own behalf, about the legal issues in this lawsuit, then you must take steps to get out of the Settlement and the lawsuit. This is called excluding yourself from the Settlement (also referred to as "opting out").

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To exclude yourself from the Settlement, you must send a written statement, either by First Class U.S. mail or email, to the Settlement Administrator saying that you want to be excluded from the Settlement of the lawsuit entitled *Mark Pirozzi and Keila Green, individually and on behalf of all others similarly situated, v. Massage Envy Franchising, LLC*, Case No. 4:19 CV 00807CDP. Be sure to include your name, address, and telephone number. A sample request for exclusion is available at [HYPERLINK].

To be valid, your request for exclusion must be submitted (by email) or postmarked (if by mail) by [NOTICE DATE +60 DAYS] to:

[SETTLEMENT ADMINISTRATOR]
Attn: Massage Envy Class Action Exclusions
[ADDRESS]
[EMAIL ADDRESS]

If you are a Class Member and ask to be excluded, you will not receive a cash payment and cannot object to the Settlement. If you ask to be and are excluded from the Settlement, you will not be bound by anything that happens in this lawsuit, even if the Court finally approves the Settlement.

You cannot exclude yourself from the Settlement and object to the Settlement. If you exclude yourself from the Settlement but also object to the Settlement, you will be excluded from the Settlement and your objection waived.

# Objecting to the Settlement

If you are a Class Member and have not excluded yourself from the Settlement, you can tell the Court that you do not agree with the Settlement or some part of it. This is called objecting to the Settlement.

## HOW DO I OBJECT TO THE SETTLEMENT?

If you are a Class Member and have not excluded yourself, you can object to the Settlement or the Amended Settlement Agreement if you do not like all or any part of it. You can give reasons why you do not think the Court should finally approve the Settlement. You can also object to the request by Class Counsel for attorneys' fees and costs or any request by either or both the Class Representatives for an incentive award. You can provide reasons for the objection and why you think the Court should not approve the Settlement, any request for an award of attorneys' fees and costs to Class Counsel, and/or any request for an incentive award to either or both the Class Representatives. The Court will consider your reasoning.

To object, you must state in writing that you object to the Settlement, that you object to any request for an award of attorneys' fees and costs to Class Counsel, and/or that you object to any request for an incentive award to either or both the Class Representatives. Please note that it is not sufficient to simply state that you object. Rather, in your written objection, you must include (i) your full name, current address, and, if different, the address used when you purchased your massage session; (ii) a statement of the position(s) and objection(s) asserted, including the factual and legal basis for each position and objection asserted; and (iii) copies of any documents supporting the position(s) and objection(s) you assert. Your objection also must state whether it applies only to you, to all Class Members, or to a specific subset of the Class Members.

To be considered, any written objection must be postmarked by [NOTICE DATE +60 DAYS] or emailed by [NOTICE DATE +60 DAYS] to the Settlement Administrator at:

[INSERT ADDRESS AND EMAIL]

If you fail to timely submit a written objection, along with the required information and documentation set forth above, your objection(s) will not be heard during the Final Approval Hearing and your objection(s) will be waived and the Court will not consider it (them) when determining whether to finally approve the Settlement.

If you submit a written objection in accordance with these procedures, you will be entitled to receive a cash payment if you timely submit a valid claim and will be bound by the Settlement (if finally approved by the Court).

You cannot submit a written objection if you exclude yourself from the Settlement. If you submit a written objection but also exclude yourself from the Settlement, you will be excluded from the Settlement and your objection waived.

## WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you do not want to be a Settlement Class Member and do not want to receive a cash payment under the Amended Settlement Agreement. If you exclude yourself, you have no basis to object to the Settlement, any request by Class Counsel for an attorneys' fee and cost award, or any request for an incentive award by any Class Representative because this lawsuit no longer affects you.

## MAY I SPEAK AT THE FINAL APPROVAL HEARING?

As explained above, Judge Catherine Perry will hold a Final Approval Hearing on [DATE], 2020, at [TIME] at the United States District Court for the Eastern District of Missouri, Courtroom 14 South, 111 South 10th Street, St. Louis, Missouri 63102, to decide whether the Settlement is fair, reasonable, and adequate and whether the Settlement (and Amended Settlement Agreement) may be finally approved. At the Final Approval Hearing, Judge Perry will also decide whether to approve an attorneys' fee and cost award to Class Counsel and whether to approve an incentive award to either or both of the Class Representatives. If there are objections, the Court will consider them. Judge Perry will listen to people who have asked to speak at the Final Approval Hearing and, if the Settlement is approved, Judge Perry will decide whether and how much to approve as an attorneys' fees and cost award to Class Counsel and will decide whether and how much to approve as an incentive award to either or both of the Class Representatives. If you are a Class Member and have not timely excluded yourself from the Settlement, you may attend and ask to speak at the Final Approval Hearing, but you do not have to do so.

At the Final Approval Hearing, Class Counsel will answer any questions that Judge Perry may have about the Settlement.  If you submit an objection, you do not have to attend the Final Approval Hearing to talk about your objection.  But you are welcome to attend at your own expense.  If you submitted your written objection on time and as explained above, Judge Perry will consider it.  You may also pay for your own lawyer to attend the Final Approval Hearing, but it is not necessary.

At or after the Final Approval Hearing, Judge Perry will decide whether to finally approve the Settlement, whether and how much to approve as an attorneys' fees and cost award to Class Counsel, and whether and how much to approve as an incentive award to either or both Class Representatives.  It is unknown how long these decisions will take.

If you intend to speak at the Final Approval Hearing, you must file with the Court a Notice of Intention to Appear before [14 DAYS BEFORE FINAL APPROVAL HEARING].  You must include copies of any papers, exhibits, or other evidence that you or your lawyer intend to present to Judge Perry at the Final Approval Hearing.  Your Notice of Intention to Appear must be served on all counsel as follows:

| CLASS COUNSEL | MASSAGE ENVY FRANCHISING, LLC COUNSEL |
|---|---|
| Daniel Levy<br>Law Office of Richard S. Cornfeld, LLC<br>1010 Market Street, Suite 1645<br>St. Louis, MO 63101 | Luanne Sacks<br>Sacks, Ricketts & Case LLP<br>177 Post Street, Suite 650<br>San Francisco, CA 94108 |

If you fail to submit a proper Notice of Intention to Appear before [14 DAYS BEFORE FINAL APPROVAL HEARING], along with copies of any papers, exhibits, or other evidence that you or your counsel intend to present to Judge Perry at the Final Approval Hearing, you will not be heard during the Final Approval Hearing, but any timely objection you submitted will be considered by Judge Perry in determining whether to approve the Settlement, whether and how much to approve as an attorneys' fees and cost award to Class Counsel, and whether and how much to approve as an incentive award to either or both Class Representatives.

# THE LAWYERS REPRESENTING YOU

## DO I HAVE A LAWYER IN THE LAWSUIT?

The Class Representatives and the Class are represented by the following law firms and attorneys: (1) Richard S. Cornfeld and Daniel S. Levy of Law Office of Richard S. Cornfeld, LLC, (2) Michael J. Flannery of Cuneo Gilbert & Laduca, LLP, and (3) Anthony S. Bruning, Anthony S. Bruning, Jr., Ryan L. Bruning, and Edward M. Roth of The Bruning Law Firm.  You will not be charged for their work on the lawsuit.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You can contact Class Counsel as follows:

> Law Office of Richard S. Cornfeld, LLC
> Richard S. Cornfeld
> Daniel S. Levy
> 1010 Market Street, Suite 1645
> St. Louis, Missouri 63101
> Phone: (314) 241-5799

Cuneo Gilbert & Laduca, LLP
Michael J. Flannery
7733 Forsyth Boulevard, Suite 1675
St. Louis, Missouri 63105
Phone: (314) 226-1015

The Bruning Law Firm
Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
Edward M. Roth
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
Phone: (314) 735-8100

## HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to approve payment to them of a maximum of $400,000 in attorneys' fees and costs, and MEF has agreed not to object to Class Counsel's request provided the request does not exceed $400,000 in total for attorneys' fees and costs. The Class Representatives will ask the Court to approve a payment of a maximum of $10,000 in the aggregate for their respective assistance in prosecuting the lawsuit on the Class's behalf, and MEF has agreed not to object to this request provided it does not exceed $10,000 in the aggregate. The Court may award more or less than these amounts. Any attorneys' fees and costs that the Court awards to Class Counsel up to a total of $400,000 and any incentive award to either or both Class Representatives up to a total of $10,000 will be paid from the Settlement Fund as described above. If the Court approves an attorneys' fees and cost award to Class Counsel that exceeds $400,000 in the aggregate, Class Counsel has agreed to accept $400,000 in complete satisfaction of any attorneys' fees and costs award that the Court may approve. If the Court approves incentive awards to either or both Class Representatives that exceed $10,000 in the aggregate, the Class Representatives have agreed to accept a total of $10,000 in complete satisfaction of any incentive awards that the Court may approve.

Case: 4:19-cv-00807-CDP Doc. #: 43-19 Filed: 09/10/20 Page: 76 of 105 PageID #: 4797

# Exhibit 4

## EXHIBIT 4 – ONLINE NOTICE

### Online/Mobile Banner Ad

If you purchased a massage session at a Massage Envy® Spa in Missouri between January 31, 2012, and [PRELIMINARY APPROVAL DATE], you may be entitled to benefits from a Class Action Settlement.

Visit www.MissouriMassageSessions.com to learn more

### Social Media Ads – Newsfeed (Facebook and Instagram)

**Headline:** Massage Envy Settlement

**Text:** Customers of a Massage Envy® Spa in Missouri between 1/31/2012 and [X/XX/20XX] may benefit from a Class Action Settlement.

**Website:** www.MissouriMassageSessions.com

**Headline:** Massage Envy Settlement

**Text:** If you purchased a massage session from a Massage Envy® Spa in MO, you may be entitled to benefits from a Class Action Settlement.

**Website:** www.MissouriMassageSessions.com

### Social Media Ad – Right Hand Side (Facebook)

**Headline:** Massage Envy Settlement

**Text:** Massage Envy® Spa customers in MO may benefit from a Class Action Settlement

**Website:** www.MissouriMassageSessions.com

# Exhibit 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK PIROZZI and KEILA GREEN, individually and on behalf of others similarly situated,<br><br>                             Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware corporation,<br><br>                           Defendant. | Case No. 4:10-cv-00807-CDP |

## ORDER ON CLASS REPRESENTATIVES'
## MOTION FOR PRELIMINARY APPROVAL

Class Representatives' Motion for Preliminary Approval of a Class Action Settlement (the "Motion") was submitted on November 25, 2019 (the "Motion"). In connection with the Motion, the Court considered the proposed Class Action Settlement Agreement and Release (attached as Exhibit A to the Motion) (the "AGREEMENT"), the Plaintiffs' Response to Order of March 5, 2020 (Doc. #41), the Amended Class Action Settlement Agreement and Release (Doc. #__) ("AMENDED AGREEMENT"), the submissions of counsel, and all other papers filed in this action. This Order incorporates by reference the definitions in the AMENDED AGREEMENT and capitalized terms shall have the meaning ascribed to them in the AMENDED AGREEMENT. The matter having been submitted, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.     The provisions of the AMENDED AGREEMENT are hereby preliminarily approved.

2.     The COURT finds that the SETTLEMENT appears to be fair, adequate, and reasonable to the CLASS MEMBERS, free of collusion or any indicia of unfairness, and within the range of likely judicial approval. The COURT also finds that the SETTLEMENT resulted from arm's-length negotiations and is sufficient to warrant the dissemination of CLASS NOTICE to the CLASS MEMBERS.

3.     Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of, and solely in connection with, the SETTLEMENT, the COURT finds that each of the requirements for certification of the CLASS set forth in the CLASS REPRESENTATIVES' Motion are met and hereby conditionally certifies the CLASS comprised of:

> All individuals in the state of Missouri who purchased a "1-hour," "1½-hour," or "2-hour" NON-MEMBER MASSAGE SESSION at an ME LOCATION between January 31, 2012, through the date of PRELIMINARY APPROVAL. Excluded

from the CLASS are: (1) any person who is an employee, director, officer, or agent of MEF, an ME LOCATION, or any of the RELEASED PARTIES; (2) any judge, justice, judicial officer, or judicial staff of the COURT; and (3) CLASS COUNSEL, MEF's COUNSEL, and any of their attorneys and staff.

4.    The COURT, for SETTLEMENT purposes only, finds that certification of the CLASS satisfies the requirements under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  In support of this ruling, the COURT conditionally and preliminarily finds that: (a) the CLASS is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the CLASS; (c) the named CLASS REPRESENTATIVES' claims are typical of the claims of the CLASS; (d) the named CLASS REPRESENTATIVES and CLASS COUNSEL identified below are able to adequately represent the CLASS; (e) questions of law or fact common among CLASS MEMBERS predominate over questions affecting only individual members of the CLASS; and (f) class-wide treatment of the disputes raised in this ACTION is superior to other available methods for adjudicating the controversy.

5.    If the AMENDED AGREEMENT is terminated or not consummated pursuant to its terms, the COURT's conditional certification of the CLASS shall be void.  In that event, the CLASS REPRESENTATIVES, the CLASS MEMBERS, and MASSAGE ENVY FRANCHISING, LLC ("MEF") shall be returned to their respective statuses as of the date immediately prior to the execution of the AGREEMENT and neither the AGREEMENT, AMENDED AGREEMENT, nor this PRELIMINARY APPROVAL ORDER shall have any bearing on, and shall not be admissible in connection with, (a) any issue in this ACTION or any claim raised under any other state or federal law that was intended to be encompassed within the ACTION; (b) whether certification or decertification would be appropriate in a non-settlement context; (c) MEF's liability for any final judgment or to any CLASS MEMBER; and (d) any judgment ultimately sought to be entered against MEF or otherwise.

6.   The COURT appoints and designates Mark Pirozzi and Keila Green as CLASS REPRESENTATIVES for the CLASS.

7.   The COURT appoints and designates the following law firms and lawyers as CLASS COUNSEL for the CLASS:

> Law Office of Richard S. Cornfeld, LLC
> Richard S. Cornfeld
> Daniel S. Levy
> 1010 Market Street, Suite 1645
> St. Louis, Missouri 63101
> Phone: (314) 241-5799
>
> Cuneo Gilbert & Laduca, LLP
> Michael J. Flannery
> 7733 Forsyth Boulevard, Suite 1675
> St. Louis, Missouri 63105
> Phone: (314) 226-1015
>
> The Bruning Law Firm
> Anthony S. Bruning
> Anthony S. Bruning, Jr.
> Ryan L. Bruning
> Edward M. Roth
> 555 Washington Avenue, Suite 600
> St. Louis, Missouri 63101
> Phone: (314) 735-8100

8.   The COURT approves, as to form and content, the proposed CLASS NOTICE, attached as Exhibits 3 (LONG FORM NOTICE), 4 (ONLINE NOTICE), 6 (PUBLICATION NOTICE), and 7 (SUMMARY NOTICE) to the AMENDED AGREEMENT, including the procedure for the CLASS MEMBERS to object to or request exclusion from the SETTLEMENT, to submit a CLAIM, and to file a Notice of Intention to Appear at the FINAL APPROVAL HEARING and, accordingly, directs that CLASS NOTICE be given in the form and manner consistent therewith and this PRELIMINARY APPROVAL ORDER.

9.   The COURT orders that PUBLICATION NOTICE be published through *PR Newswire* to the state of Missouri.

10.     The COURT orders that ONLINE NOTICE be published online through: (a) banner notices via the *Google Display Network, Facebook,* and *Instagram* geo-targeted to IP addresses in Missouri only; (b) sponsored search listings on *Google, Bing,* and *Yahoo* geo-targeted to individuals in the State of Missouri actively seeking information about this ACTION; and (c) contextually targeted banners to individuals who have shown interest in MEF and/or websites associated with beauty & wellness.

11.     The COURT finds that the CLASS NOTICE is the best means practicable of providing notice under the circumstances and constitutes a reasonable manner of notice to all class members who would be bound by the SETTLEMENT; when completed, it shall constitute due and sufficient notice of the ACTION, the SETTLEMENT, and the FINAL APPROVAL HEARING to all persons affected by and/or authorized to participate in the SETTLEMENT in full compliance with Federal Rules of Civil Procedure 23(c) and (e) and the requirements of due process.

12.     The provisions of the AMENDED AGREEMENT relating to the CLASS NOTICE, exclusion from the SETTLEMENT, objection to the SETTLEMENT, a CLAIM, Notice of Intention to Appear at the FINAL APPROVAL HEARING, and the FINAL APPROVAL HEARING are deemed incorporated as if expressly set forth in this PRELIMINARY APPROVAL ORDER and have the full force and effect of an Order of this COURT.

13.     The COURT appoints and designates Epiq Class Action & Claims Solutions, Inc., 10300 Southwest Allen Blvd., Beaverton, OR 97005, as the SETTLEMENT ADMINISTRATOR.

14.     The COURT hereby directs the SETTLEMENT ADMINISTRATOR to provide the approved CLASS NOTICE to the CLASS in accordance with the schedule below and using the procedures set forth in the AMENDED AGREEMENT.

15.     The SETTLEMENT ADMINISTRATOR shall be responsible for:

(A)     Printing and distributing the SUMMARY NOTICE approved by the COURT;

(B)     Performing mailing address and email address updates and verifications prior to the first distribution of the SUMMARY NOTICE;

(C)     Sending mailed SUMMARY NOTICE to those CLASS MEMBERS who were provided SUMMARY NOTICE via email and had it returned undeliverable and who have a mailing address in the MILLENNIUM DATABASE;

(D)     Performing a single skip trace address follow up on any returned mail or email SUMMARY NOTICES;

(E)     Creating and maintaining the SETTLEMENT WEBSITE and a toll-free number that CLASS MEMBERS can contact to request a copy of the AGREEMENT, the AMENDED AGREEMENT, a CLAIM form, and/or to obtain any other information concerning the SETTLEMENT;

(F)     Consulting with MEF's COUNSEL and CLASS COUNSEL concerning any relevant issues, including (without limitation) distribution of the CLASS NOTICE and processing of a CLAIM;

(G)     Processing and recording timely and proper requests for exclusion from or objections to the SETTLEMENT;

(H)     Processing and recording all CLAIMS;

(I)     Preparing, drafting, and serving the CAFA Notice;

(J)     Establishing the SETTLEMENT FUND in accordance with the AMENDED AGREEMENT; and

(K)     Such other tasks as the PARTIES mutually agree or the COURT orders the SETTLEMENT ADMINISTRATOR to perform in connection with the AMENDED AGREEMENT.

16.     In accordance with the schedule set forth below, the SETTLEMENT ADMINISTRATOR is directed to establish a website at www.missourimassagesessions.com (the "SETTLEMENT WEBSITE") to provide information regarding the SETTLEMENT including requesting exclusion from or objecting to the SETTLEMENT, submitting a CLAIM consistent with the AMENDED AGREEMENT, the date of the FINAL APPROVAL HEARING, and other information related to the SETTLEMENT.

17.     MEF shall pay the SETTLEMENT ADMINISTRATOR's reasonable costs associated with the administration of the SETTLEMENT, distribution of CLASS NOTICE pursuant to the AMENDED AGREEMENT, and any other tasks assigned to the SETTLEMENT ADMINISTRATOR by the AMENDED AGREEMENT, by MEF's and the CLASS REPRESENTATIVES' mutual written agreement, or as this COURT may order.

18.     Before any CASH PAYMENT may be issued, each CLASS MEMBER must submit a valid CLAIM in accordance with the instructions set forth in the AMENDED AGREEMENT and CLASS NOTICE.

19.     Any CLASS MEMBER may choose to object to the SETTLEMENT by serving on CLASS COUNSEL an objection to the SETTLEMENT in accordance with the instructions set forth in the AMENDED AGREEMENT and CLASS NOTICE.  CLASS MEMBERS who fail to serve timely objections upon CLASS COUNSEL shall be deemed to have waived any objections and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the SETTLEMENT.

20.     Any CLASS MEMBER may choose to be excluded from the SETTLEMENT as provided in the AMENDED AGREEMENT and CLASS NOTICE.

21.     Any CLASS MEMBER who timely and properly requests to be excluded from the SETTLEMENT will not be bound by the AMENDED AGREEMENT, will not have any right to object to, appeal from, or comment on the SETTLEMENT, and will not receive any benefits under the SETTLEMENT, including, but not limited to, any CASH PAYMENT.

22.     Any request for exclusion must be signed by the requesting CLASS MEMBER and must comply with the requirements set forth in the AMENDED AGREEMENT and CLASS NOTICE.

23.     CLASS MEMBERS who have not requested exclusion by submitting a valid and timely written request shall be bound by all determinations of the COURT, the AMENDED AGREEMENT, and any FINAL APPROVAL ORDER and JUDGMENT entered.

24.     Any CLASS MEMBER who requests exclusion by submitting a valid and timely written request and also objects to the SETTLEMENT by submitting a timely objection shall be excluded from the SETTLEMENT and the objection shall be waived.

25.     The COURT orders the following schedule as set forth in the AMENDED AGREEMENT:

a.     No later than thirty (30) days after the date of this PRELIMINARY APPROVAL ORDER, MEF shall provide the SETTLEMENT ADMINISTRATOR with an electronic list or database that includes the following information with respect to each CLASS MEMBER from the MILLENNIUM DATABASE (and any successor point of sale database) as of the date of this PRELIMINARY APPROVAL ORDER: (i) first and last

name; (ii) last known mailing address (if available); and (iii) last known email address (if available).

b. No later than forty-five (45) days after entry of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall (i) launch the SETTLEMENT WEBSITE; (ii) distribute ONLINE NOTICE; (iii) cause the PUBLICATION NOTICE to be published in the manner ordered by COURT; and (iv) complete the distribution of initial SUMMARY NOTICE to all persons shown by the data from the MILLENNIUM DATABASE (and any successor point of sale database) to CLASS MEMBERS, via email for those CLASS MEMBERS for whom an email address is available and via First Class U.S. Mail to all other CLASS MEMBERS for whom a mailing address is available (but for whom no email address is available).

c. Within twenty-five (25) days following the NOTICE DATE, CLASS COUNSEL shall file a motion requesting an INCENTIVE FEE AWARD for the CLASS REPRESENTATIVES and a FEE AND EXPENSE AWARD.

d. All CLAIMS must be submitted online on the SETTLEMENT WEBSITE or emailed, faxed, or mailed to the SETTLEMENT ADMINISTRATOR postmarked on or before the sixtieth (60th) day after completion of initial distribution to the CLASS of the SUMMARY NOTICE by email or First Class U.S. Mail.

e. All objections, whether to the AMENDED AGREEMENT, FEE AND EXPENSE AWARD, and/or INCENTIVE AWARD, must be mailed to the

SETTLEMENT ADMINISTRATOR on or before the sixtieth (60th) day after the NOTICE DATE.

f.  All requests for exclusion must be emailed or mailed by First Class U.S. Mail to the SETTLEMENT ADMINISTRATOR postmarked on or before the sixtieth (60th) day after the NOTICE DATE.

g.  No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide to CLASS COUNSEL and MEF's COUNSEL a list of CLASS MEMBERS who submitted valid and timely exclusion requests.

h.  No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall file with the COURT and serve upon MEF's COUNSEL any written objections received from CLASS MEMBERS.

i.  No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide CLASS COUNSEL and MEF's COUNSEL with a Declaration of Compliance to be filed with the COURT in connection with the FINAL APPROVAL motion.

j.  No later than forty-five (45) days following the OBJECTION/EXCLUSION DEADLINE, CLASS COUNSEL shall file the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL.

k.  Any written opposition to the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL shall be filed within twenty (20) days of the filing of the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL and

any reply in support of the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL shall be filed within twenty (20) days of the filing of any opposition.

26.     A FINAL APPROVAL HEARING shall be held before this COURT on _____, 2020, at ___ a.m./p.m. at the United States District Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis, MO 63102, Courtroom 14 South, to determine all necessary matters concerning the AMENDED AGREEMENT, including whether the proposed SETTLEMENT is fair, adequate, and reasonable, whether this COURT should grant FINAL APPROVAL, whether there should be any FEE AND EXPENSE AWARD and/or INCENTIVE AWARD, and the amounts of any such awards.

27.     Any objecting CLASS MEMBER may appear, in person or by counsel, at the FINAL APPROVAL HEARING to show cause why the SETTLEMENT and the AMENDED AGREEMENT should not be approved as fair, adequate, and reasonable, or to object to any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD.  To appear in person or by counsel, the objecting CLASS MEMBER must file with the COURT and serve upon all counsel designated in the CLASS NOTICE a Notice of Intention to Appear on or before the fourteenth (14th) day prior to the FINAL APPROVAL HEARING.  The Notice of Intention to Appear must include the required information in accordance with the AMENDED AGREEMENT, the CLASS NOTICE, and the SETTLEMENT WEBSITE.

28.     Any CLASS MEMBER who fails to timely submit a proper Notice of Intention to Appear will not be heard during the FINAL APPROVAL HEARING.

29.     Nothing in this PRELIMINARY APPROVAL ORDER is, or may be construed as, an admission or concession on any point of fact or law by or against the CLASS REPRESENTATIVES or MEF.

30.    CLASS COUNSEL, MEF, and the SETTLEMENT ADMINISTRATOR are directed to carry out their obligations under the AMENDED AGREEMENT.

**IT IS SO ORDERED.**

DATED: _____, 2020

_____

CATHERINE D. PERRY
JUDGE OF THE UNITED STATES
DISTRICT COURT

# Exhibit 6

## EXHIBIT 6 – PUBLICATION NOTICE

**IF YOU PURCHASED A MASSAGE SESSION AT A MASSAGE ENVY SPA IN MISSOURI BETWEEN JANUARY 31, 2012, AND [PRELIMINARY APPROVAL DATE], A CLASS ACTION SETTLEMENT MAY AFFECT YOU.**

A proposed settlement has been reached in the class action lawsuit *Mark Pirozzi and Keila Green, individually and on behalf of all others similarly situated, v. Massage Envy Franchising, LLC,* Case No. 4:19 CV 00807CDP. The lawsuit claims that Massage Envy's advertising was deceptive because it promised 10 more minutes of hands-on massage than were provided during a massage session and that Missouri consumers were harmed by not receiving this 10 minutes of hands-on massage. Massage Envy Franchising, LLC denies all allegations and that any advertising was deceptive.

If the settlement is approved and you are a Class Member, you may request a cash payment of up to $7 and, in addition, may object to the settlement with the option of appearing at the final approval hearing but must do so by [INSERT DATE]. Alternatively, you may choose to exclude yourself from the settlement but must do so by [INSERT DATE]. If you request a cash payment, do nothing, or object to the settlement, you will be bound by its terms and cannot later sue on your own behalf for any claims related to the claims or the factual predicates asserted in the lawsuit if it is approved. If you exclude yourself, you will not receive anything from the settlement, but will retain your right to sue and will not be bound by the settlement if it is approved. You are a Class Member if you purchased a massage session at a Massage Envy® franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase.

If you choose not to exclude yourself from the settlement, to receive a cash payment you must submit a claim at the website below or by requesting a claim form from the 800 number below. If you choose not to exclude yourself but would like to object to the settlement, you must submit a written objection that complies with the requirements set forth in the amended settlement agreement, which can be found at **www.missourimassagesessions.com,** and you will release claims against the Released Parties as set forth in the amended settlement agreement if the settlement is approved.

For more information about the lawsuit, the settlement, procedures to make a claim for a cash payment, and instructions to exclude yourself from the settlement or to file an objection, **please visit www.missourimassagesessions.com or call [INSERT].**

The Court will hold a Final Approval Hearing on [DATE] at [TIME], to decide whether to approve the settlement. The hearing will be held in the United States District Court for the Eastern District of Missouri, before Judge Catherine Perry, Courtroom 14 South, 111 South 10th Street, St. Louis, Missouri 63102. At the Final Approval Hearing, the Court will also decide whether to award any attorneys' fees and costs to Class Counsel and whether to award an incentive payment to any of the Class Representatives. If there are objections, the Court will consider them then. The motion seeking attorneys' fees and expenses and incentive awards will be posted at [INSERT] after it is filed. The date of the Final Approval Hearing may change, you should check [INSERT] or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not been changed. You may, but don't have to, attend the hearing. Cash payments will be issued to the Class Members timely submitting a valid claim only if the settlement is approved and after any objections are resolved.

**PLEASE DO NOT CONTACT MASSAGE ENVY FRANCHISING LLC,**

**ANY MASSAGE ENVY SPA, OR THE COURT FOR INFORMATION.**

Case: 4:19-cv-00807-CDP Doc. #: 43-1 Filed: 09/10/20 Page: 93 of 105 PageID #: 4814

# Exhibit 7

**IF YOU PURCHASED A MASSAGE SESSION AT A MASSAGE ENVY SPA IN MISSOURI BETWEEN JANUARY 31, 2012, AND [DATE OF PRELIMINARY APPROVAL] A CLASS ACTION SETTLEMENT MAY AFFECT YOU.**

**The sole purpose of this notice is to inform you of a settlement so that you may decide what to do.**

A proposed settlement has been reached in the class action lawsuit *Mark Pirozzi and Keila Green, individually and on behalf of all others similarly situated, v. Massage Envy Franchising, LLC*, Case No. 4:19 CV 00807CDP. The lawsuit claims that Massage Envy's advertising was deceptive because it promised 10 more minutes of hands-on massage than actually were provided during a massage session and that Missouri consumers were harmed by not receiving those additional 10 minutes of hands-on massage. Massage Envy Franchising, LLC denies all allegations in the lawsuit and that any Massage Envy advertising was deceptive.

If the settlement is approved and you are a class member, you may request a cash payment of up to $7 and, in addition, may object to the settlement with the option of appearing at the final approval hearing. Alternatively, you may choose to exclude yourself from the settlement. If you request a cash payment, do nothing, or object to the settlement, you will be bound by its terms and cannot later sue on your own behalf for any claims related to the claims or the factual predicates asserted in the lawsuit if it is approved. If you exclude yourself, you will not receive anything from the settlement, but will retain your right to sue and will not be bound by the settlement if it is approved. You are a class member if you purchased a massage session at a Massage Envy® franchised location in Missouri at any time between January 31, 2012, and [DATE OF PRELIMINARY APPROVAL] and were not a member of a Massage Envy® franchised location, pursuant to a membership agreement, at the time of your purchase.

If you choose not to exclude yourself, you can request a cash payment by submitting a claim at the website below or by requesting a claim form from the 800 number below. All claims, requests to be excluded from the settlement, and objections to the settlement must be submitted by [INSERT DATE].

For more information about the lawsuit, the settlement, procedures for making a claim, requesting exclusion, or filing an objection, **please visit www.missourimassagesessions.com or call [INSERT].**

**PLEASE DO NOT CONTACT MASSAGE ENVY FRANCHISING LLC,
ANY MASSAGE ENVY® FRANCHISED LOCATION, OR THE COURT FOR INFORMATION.**

Massage Envy
Settlement Administrator c/o
Epiq
P.O. Box 6389
Portland, OR 97228-6389

**NOTICE OF PROPOSED CLASS
ACTION SETTLEMENT
INVOLVING Massage Envy®
Membership**

This notice advises you of a proposed
class action settlement with Massage
Envy Franchising, LLC.

This notice may affect your legal rights.

Please read it carefully.

THIS CARD PROVIDES A WEBSITE
AND TELEPHONE NUMBER WHERE
YOU CAN OBTAIN ADDITIONAL
INFORMATION AND/OR
SUBMIT A CLAIM IF YOU ARE
A CLASS MEMBER.

>>BARCODE<<
Postal Service: Please Do Not Mark Barcode

# Exhibit 8

**EXHIBIT 8**

## GENERAL RELEASE OF ALL CLAIMS
## BY
## PLAINTIFF MARK PIROZZI

1. In consideration of the payment of any INCENTIVE AWARD[1] approved by the Court, which sum shall not exceed Six Thousand Five Hundred Dollars ($6,500), MARK PIROZZI ("PIROZZI"), on his own behalf and on behalf of his heirs, executors, administrators, legal representatives, successors, and assigns, hereby completely releases and forever discharges Massage Envy Franchising, LLC ("MEF"); Massage Envy, LLC; ME SPE Franchising LLC; ME SPE Holdco, LLC; ME Funding, LLC; Massage Envy Acquisitions Holdings, LLC, a Delaware limited liability company; Golub Capital Partners Coinvestment Ltd., a Delaware corporation; Roark Capital Management, LLC, a Delaware limited liability company; RC III ME LLC, a Georgia limited liability company; ME Holding Corporation, a Delaware corporation; Massage Envy Clinic Operations, LLC, an Arizona limited liability company; Massage Envy FLW, LLC, an Arizona limited liability company; Massage Envy Elements, LLC, a Delaware limited liability company; Massage Envy Co-op Marketing, LLC, a Delaware limited liability company; ME Equity, LLC, a Georgia limited liability company; and Massage Envy Gift Card Funding, LLC, an Arizona limited liability company; each and every individual or entity that independently owned and/or operated a Massage Envy® franchised location in the state of Missouri ("ME LOCATION") at any time since January 31, 2012, and each of their respective current and former parent companies, subsidiaries, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint venturers, and each and all of their respective officers, partners, directors, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, insurers,

---

[1] All terms in this General Release have the same definition as the terms in the Amended Class Action Settlement Agreement and Release between Mark Pirozzi and Keila Green and Massage Envy Franchising, LLC., of which this General Release is an integral part.

1

and reinsurers, and each and every independently owned and operated ME LOCATION at any

time since January 31, 2012, and each of their respective current and former parent companies,

subsidiaries, divisions, and current and former affiliated individuals and entities, legal

successors, predecessors (including companies they have acquired, purchased, or absorbed),

assigns, joint venturers, and each and all of their respective officers, partners, directors, servants,

agents, shareholders, members, managers, principals, investment advisors, consultants,

employees, representatives, attorneys, accountants, lenders, underwriters, insurers, and reinsurers

(collectively, the "RELEASED PARTIES"), from any and all injuries, demands, losses,

damages, costs, loss of service, expenses, compensation, claims, suits, causes of action,

obligations, rights, and liabilities of any nature, type, or description, whether known or

unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and

regardless of legal theory, which PIROZZI has, may now have, or has ever had, against the

RELEASED PARTIES, or any of them, based on direct or vicarious liability and regardless of

legal theory, that: (1) relate to, are based on, concern, or arise out of any allegation that MEF or

any RELEASED PARTY is liable for any alleged misrepresentation, omission, or otherwise

unfair or deceptive advertising or marketing about a NON-MEMBER MASSAGE SESSION or

the length of a NON-MEMBER MASSAGE SESSION; (2) relate to, are based on, concern, or

arise out of any allegation that MEF or any RELEASED PARTY violated any established ethical

principle in any advertising or marketing about a NON-MEMBER MASSAGE SESSION or the

length of a NON-MEMBER MASSAGE SESSION; (3) relate to, are based on, concern, or arise

out of any allegation that the amount of hands-on massage minutes provided during a NON-

MEMBER MASSAGE SESSION was not adequately disclosed; (4) relate to, are based on,

concern, or arise out of any allegation that MEF or any RELEASED PARTY is financially

responsible for notifying SETTLEMENT CLASS MEMBERS about the alleged "truth" of the

hands-on massage minutes during a NON-MEMBER MASSAGE SESSION and all damages

associated with any alleged "deceptive course of conduct"; (5) relate to, are based on, concern, or

arise out of any allegation that MEF or any RELEASED PARTY violated the Missouri

Merchandising Practices Act, RSMo. § 407.010, *et seq.* (the "MMPA") based on the length of a

NON-MEMBER MASSAGE SESSION or MEF's marketing of a NON-MEMBER MASSAGE

SESSION; (6) relate to, are based on, concern, or arise out of any factual allegations or claims

asserted in the ACTION (whether individually or on a class-wide basis); and/or (7) were asserted

or could have been asserted (whether individually or on a class-wide basis) in the ACTION or

any other action or proceeding relating to: (a) any monies a SETTLEMENT CLASS MEMBER

paid to or at an ME LOCATION for a NON-MEMBER MASSAGE SESSION; and/or (b) any

NON-MEMBER MASSAGE SESSION purchased by CLASS MEMBERS; and/or, without

limiting the foregoing, (c) are based, in any way, on any one or more of the following factual

predicates, which the claims asserted in the ACTION are based upon and depend upon:

> (i)     the monies a SETTLEMENT CLASS MEMBER paid to any ME
> LOCATION for or related to a NON-MEMBER MASSAGE SESSION during the
> CLASS PERIOD;

> (ii)    the receipt by MEF or any RELEASED PARTY of any monies a
> SETTLEMENT CLASS MEMBER paid to any ME LOCATION for or related to a
> NON-MEMBER MASSAGE SESSION; and/or

> (iii)   misrepresentations, omissions, and/or inadequate disclosures by MEF or
> any ME LOCATION concerning or related to a NON-MEMBER MASSAGE SESSION.

The RELEASED CLAIMS shall not release any SETTLEMENT CLASS MEMBER's right to

enforce this AMENDED AGREEMENT.  The RELEASED CLAIMS shall be accorded the

broadest preclusive scope and effect permitted by law against the SETTLEMENT CLASS

MEMBERS and this definition of RELEASED CLAIMS is a material term of this

AMENDED AGREEMENT.

> 2.    MEF shall issue PIROZZI a Form 1099 reflecting the payment of any Incentive

Award, which payment shall not exceed Six Thousand Five Hundred Dollars ($6,500).

DocuSign Envelope ID: 37E3B439-AB6E-46B5-9C24-ACBCF5351D05

Case: 4:19-cv-00607-CDP Doc. #: 43-49-1 Filed: 09/10/20 Page: 100 of 105 PageID #: 4615
Case: 4:19-cv-00607-CDP Doc. #: 43-49-1 Filed: 04/10/20 Page: 39 of 104 PageID #: 4821

3.      PIROZZI agrees that he alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any Incentive Award.

4.      PIROZZI and the RELEASED PARTIES expressly agree that any and all force and effectiveness of this GENERAL RELEASE is entirely contingent upon final approval of the AMENDED AGREEMENT.  If the AMENDED AGREEMENT does not become final for any reason, then this General Release shall be null and void *ab initio*.  Neither a modification of nor a reversal on appeal of any Incentive Award shall constitute grounds for cancellation or termination of this GENERAL RELEASE, however.

Dated: <u>April 10</u> , 2020

MARK PIROZZI

*Mark Pirozzi*

32685F7F16664A4…

Case: 4:19-cv-00807-CDP   Doc. #: 49-1   Filed: 04/10/20   Page: 101 of 104 PageID #: 4016

# Exhibit 9

**EXHIBIT 9**

**GENERAL RELEASE OF ALL CLAIMS**
**BY**
**PLAINTIFF KEILA GREEN**

1.      In consideration of the payment of any INCENTIVE AWARD[1] approved by the

Court, which sum shall not exceed Three Thousand Five Hundred Dollars ($3,500), KEILA

GREEN ("GREEN"), on her own behalf and on behalf of her heirs, executors, administrators,

legal representatives, successors, and assigns, hereby completely releases and forever discharges

Massage Envy Franchising, LLC ("MEF"); Massage Envy, LLC; ME SPE Franchising LLC; ME

SPE Holdco, LLC; ME Funding, LLC; Massage Envy Acquisitions Holdings, LLC, a Delaware

limited liability company; Golub Capital Partners Coinvestment Ltd., a Delaware corporation;

Roark Capital Management, LLC, a Delaware limited liability company; RC III ME LLC, a

Georgia limited liability company; ME Holding Corporation, a Delaware corporation; Massage

Envy Clinic Operations, LLC, an Arizona limited liability company; Massage Envy FLW, LLC,

an Arizona limited liability company; Massage Envy Elements, LLC, a Delaware limited liability

company; Massage Envy Co-op Marketing, LLC, a Delaware limited liability company; ME

Equity, LLC, a Georgia limited liability company; and Massage Envy Gift Card Funding, LLC,

an Arizona limited liability company; each and every individual or entity that independently

owned and/or operated a Massage Envy® franchised location in the state of Missouri ("ME

LOCATION") at any time since January 31, 2012, and each of their respective current and

former parent companies, subsidiaries, divisions, and current and former affiliated individuals

and entities, legal successors, predecessors (including companies they have acquired, purchased,

or absorbed), assigns, joint venturers, and each and all of their respective officers, partners,

directors, servants, agents, shareholders, members, managers, principals, investment advisors,

consultants, employees, representatives, attorneys, accountants, lenders, underwriters, insurers,

---

[1] All terms in this General Release have the same definition as the terms in the Amended Class
Action Settlement Agreement and Release between Mark Pirozzi and Keila Green and Massage
Envy Franchising, LLC., of which this General Release is an integral part.

and reinsurers, and each and every independently owned and operated ME LOCATION at any time since January 31, 2012, and each of their respective current and former parent companies, subsidiaries, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint venturers, and each and all of their respective officers, partners, directors, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, insurers, and reinsurers (collectively, the "RELEASED PARTIES"), from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensation, claims, suits, causes of action, obligations, rights, and liabilities of any nature, type, or description, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, which GREEN has, may now have, or has ever had, against the RELEASED PARTIES, or any of them, based on direct or vicarious liability and regardless of legal theory, that: (1) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY is liable for any alleged misrepresentation, omission, or otherwise unfair or deceptive advertising or marketing about a NON-MEMBER MASSAGE SESSION or the length of a NON-MEMBER MASSAGE SESSION; (2) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY violated any established ethical principle in any advertising or marketing about a NON-MEMBER MASSAGE SESSION or the length of a NON-MEMBER MASSAGE SESSION; (3) relate to, are based on, concern, or arise out of any allegation that the amount of hands-on massage minutes provided during a NON-MEMBER MASSAGE SESSION was not adequately disclosed; (4) relate to, are based on, concern, or arise out of any allegation that MEF or any RELEASED PARTY is financially responsible for notifying SETTLEMENT CLASS MEMBERS about the alleged "truth" of the hands-on massage minutes during a NON-MEMBER MASSAGE SESSION and all damages associated with any alleged "deceptive course of conduct"; (5) relate to, are based on, concern, or

arise out of any allegation that MEF or any RELEASED PARTY violated the Missouri

Merchandising Practices Act, RSMo. § 407.010, *et seq.* (the "MMPA") based on the length of a

NON-MEMBER MASSAGE SESSION or MEF's marketing of a NON-MEMBER MASSAGE

SESSION; (6) relate to, are based on, concern, or arise out of any factual allegations or claims

asserted in the ACTION (whether individually or on a class-wide basis); and/or (7) were asserted

or could have been asserted (whether individually or on a class-wide basis) in the ACTION or

any other action or proceeding relating to: (a) any monies a SETTLEMENT CLASS MEMBER

paid to or at an ME LOCATION for a NON-MEMBER MASSAGE SESSION and/or (b) any

NON-MEMBER MASSAGE SESSION purchased by CLASS MEMBERS; and/or, without

limiting the foregoing, (c) are based, in any way, on any one or more of the following factual

predicates, which the claims asserted in the ACTION are based upon and depend upon:

> (i)     the monies a SETTLEMENT CLASS MEMBER paid to any ME
> LOCATION for or related to a NON-MEMBER MASSAGE SESSION during the
> CLASS PERIOD;

> (ii)    the receipt by MEF or any RELEASED PARTY of any monies a
> SETTLEMENT CLASS MEMBER paid to any ME LOCATION for or related to a
> NON-MEMBER MASSAGE SESSION; or

> (iii)   misrepresentations, omissions, and/or inadequate disclosures by MEF or
> any ME LOCATION concerning or related to a NON-MEMBER MASSAGE SESSION.

The RELEASED CLAIMS shall not release any SETTLEMENT CLASS MEMBER's right to

enforce this AMENDED AGREEMENT.  The RELEASED CLAIMS shall be accorded the

broadest preclusive scope and effect permitted by law against the SETTLEMENT CLASS

MEMBERS and this definition of RELEASED CLAIMS is a material term of this

AMENDED AGREEMENT.

2.     MEF shall issue GREEN a Form 1099 reflecting the payment of any Incentive

Award, which payment shall not exceed Three Thousand Five Hundred Dollars ($3,500).

DocuSign Envelope ID: 7EE1BBDE-7D37-4833-8BA4-AE73AA6A1A89

3.      GREEN agrees that she alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any Incentive Award.

4.      GREEN and the RELEASED PARTIES expressly agree that any and all force and effectiveness of this GENERAL RELEASE is entirely contingent upon final approval of the AMENDED AGREEMENT.  If the AMENDED AGREEMENT does not become final for any reason, then this General Release shall be null and void *ab initio*.  Neither a modification of nor a reversal on appeal of any Incentive Award shall constitute grounds for cancellation or termination of this GENERAL RELEASE, however.

Dated:  <u>April 9</u>, 2020.

KEILA GREEN

DocuSigned by:

CE7663AF599A49F...