UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK PIROZZI and KEILA GREEN, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MASSAGE ENVY FRANCHISING, LLC, | ) ) ) |
| Defendant. | ) |

No. 4:19 CV 807 CDP

# JUDGMENT AND ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On April 13, 2020, this Court entered its Order (ECF 44) preliminarily approving the class action settlement set forth in the Amended Class Action Settlement Agreement and Release (the "AMENDED AGREEMENT") finding that the settlement appeared fair, adequate, and reasonable, free of collusion or any indicia of unfairness, and within the range of likely judicial approval thereby warranting notice to the CLASS. The Court also conditionally certified the CLASS pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Currently pending before the Court is the Motion for Final Approval of Settlement and Incorporated Memorandum in Support (ECF 49) filed by the CLASS REPRESENTATIVES Mark Pirozzi and Keila Green (collectively, the "CLASS REPRESENTATIVES"). The CLASS REPRESENTATIVES and Defendant Massage Envy Franchising, LLC ("MEF") are collectively referred to herein as the "PARTIES." Also pending before the COURT is the CLASS REPRESENTATIVES' Application for Attorneys' Fees and Incentive Awards (ECF 45) and Memorandum in Support (ECF 46).

Due and adequate notice having been given to the CLASS of the SETTLEMENT, the AMENDED AGREEMENT, and the FINAL APPROVAL HEARING as required in the PRELIMINARY APPROVAL ORDER (ECF 44), and the COURT having considered all papers, having heard oral argument on November 13, 2020, and otherwise being fully informed and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the CLASS REPRESENTATIVES' Motion for Final Approval of Settlement [49] is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

1. This FINAL APPROVAL ORDER incorporates the AMENDED AGREEMENT (ECF 43-1), as submitted to the COURT on April 10, 2020, in response to the Court's April 6, 2020 Order (ECF 42) considering Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, filed November 25, 2019 (ECF 34). The capitalized terms used in this FINAL APPROVAL ORDER shall have the meanings and/or definitions given to them in the AMENDED AGREEMENT unless specified herein to the contrary.

2. This COURT has jurisdiction over the subject matter of this ACTION, over the CLASS, and over those persons and entities undertaking affirmative obligations under the AMENDED AGREEMENT.

3. The COURT finds that the AMENDED AGREEMENT is eminently reasonable as it will provide the SETTLEMENT CLASS MEMBERS with substantial and immediate relief and allows the SETTLEMENT CLASS MEMBERS to avoid the

risk, expense, complexity, and likely duration of further litigation.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the COURT hereby certifies for settlement purposes only the CLASS, which it previously conditionally certified, which includes:

> All individuals in the State of Missouri who purchased a "1-hour," "1½-hour," or "2-hour" NON-MEMBER MASSAGE SESSION at an ME LOCATION between January 31, 2012, through the date of PRELIMINARY APPROVAL.

The Court further certifies for settlement purposes only the SETTLEMENT CLASS, which is comprised of all CLASS MEMBERS except: (i) those six (6) individuals, identified on **EXHIBIT 1** hereto, who properly excluded themselves by submitting a timely request for exclusion in accordance with the requirements set forth in the AMENDED AGREEMENT and CLASS NOTICE; (ii) any person who is an employee, director, officer, or agent of MEF, an ME LOCATION, or any of the RELEASED PARTIES; (iii) any judge, justice, judicial officer, or judicial staff of the COURT; and (iv) CLASS COUNSEL, MEF's COUNSEL, and any of their attorneys and staff.

5.     The COURT finds on the record before it that the SETTLEMENT CLASS satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, because: (a) the SETTLEMENT CLASS MEMBERS are so numerous that joinder of all SETTLEMENT CLASS MEMBERS is impracticable; (b) there are questions of law and fact common to the SETTLEMENT CLASS; (c) the named CLASS REPRESENTATIVES' claims are typical of the claims of the SETTLEMENT CLASS members; (d) the named CLASS

REPRESENTATIVES and CLASS COUNSEL have adequately represented and will continue to adequately represent and protect the interests of the SETTLEMENT CLASS for purposes of the SETTLEMENT; (e) questions of law or fact common among CLASS MEMBERS predominate over questions affecting only individual members of the CLASS; and (f) class-wide treatment of the disputes raised in the ACTION is superior to other available methods for adjudicating the controversy before this COURT at this time. Manageability issues do not prevent certification for settlement purposes only because there will be no trial.

6.   The COURT hereby finds that the CLASS NOTICE given to the CLASS: (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the time and manner by which CLASS MEMBERS could submit a CLAIM under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING.  The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances, constituted a reasonable manner of notice to all class members who would be bound by the SETTLEMENT, and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.

7.   The COURT hereby finds that no written objections, timely or otherwise,

and only six (6) requests for exclusion from the SETTLEMENT were received out of 220,175 CLASS MEMBERS.  The absence of any objections and the small number of requests for exclusion indicates that the vast majority of the CLASS found the SETTLEMENT and the AMENDED AGREEMENT to be fair, reasonable, and adequate.

8. The COURT further finds that a full and fair opportunity has been afforded to the CLASS MEMBERS to opt out of and to object to the SETTLEMENT and to participate in the hearing convened to determine whether the SETTLEMENT should be given final approval.  Accordingly, the COURT hereby determines that SETTLEMENT CLASS MEMBERS are bound by this FINAL APPROVAL ORDER.

9. The COURT hereby finds that the SETTLEMENT set forth in the AMENDED AGREEMENT is in all respects fair, reasonable, and adequate and in the best interests of the SETTLEMENT CLASS, taking into account that:  (a) the CLASS REPRESENTATIVES and CLASS COUNSEL have adequately represented the CLASS; (b) the SETTLEMENT was negotiated at arm's length; (c) the relief provided to the CLASS is adequate, in light of the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to the CLASS; and the terms of the proposed Award of Attorneys' Fees, Expenses and Incentive Awards; and (d) the SETTLEMENT treats CLASS members equitably relative to each other.  In addition, the COURT finds that there was no collusion in connection with the SETTLEMENT, that the SETTLEMENT was the product of informed and arm's-length negotiations among competent counsel, and that the record is sufficiently developed to have enabled the CLASS REPRESENTATIVES and MEF to adequately evaluate and consider their

respective positions.  Accordingly, the Court hereby finally and unconditionally approves the SETTLEMENT set forth in the AMENDED AGREEMENT.

10. The CLASS REPRESENTATIVES and each of the SETTLEMENT CLASS MEMBERS hereby expressly and fully release and forever discharge the RELEASED PARTIES and further expressly agree that they shall not now or hereafter institute, maintain, or assert against the RELEASED PARTIES, either directly or indirectly, on their own behalf, or on behalf of any class or other person or entity, in any action, regulatory action, arbitration, or court or other proceeding of any kind, any causes of action, claims, damages, equitable, legal, and administrative relief, interest, demands, rights, or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the RELEASED PARTIES, whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution, contract, common law, or any other source, that relate to the RELEASED CLAIMS as set forth in the AMENDED AGREEMENT.

11. The RELEASED PARTIES may file this FINAL APPROVAL ORDER in any other action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. In its PRELIMINARY APPROVAL ORDER (ECF 44), the Court

appointed and designated Epiq Class Action & Claims Solutions, Inc., 10300 Southwest Allen Blvd., Beaverton, OR 97005 ("Epiq") to act as the SETTLEMENT ADMINISTRATOR.  Epiq shall continue to act as the SETTLEMENT ADMINISTRATOR to perform those duties and responsibilities that remain under the AMENDED AGREEMENT and this FINAL APPROVAL ORDER.

13. The CLASS REPRESENTATIVES' Application for Attorneys' Fees [45] is **GRANTED**, and CLASS COUNSEL are hereby awarded the sum of $400,000.00 in attorneys' fees and reimbursement of expenses, which sum the COURT finds to be fair and reasonable and fairly compensates them for their contributions to the prosecution of this ACTION and the SETTLEMENT.  The payment of attorneys' fees and costs shall be pursuant to the terms of the AMENDED AGREEMENT.

14. The CLASS REPRESENTATIVES' Application for Incentive Awards [45] is **GRANTED**, and CLASS REPRESENTATIVE PIROZZI is hereby awarded an INCENTIVE AWARD in the amount of $6,500.00 and CLASS REPRESENTATIVE GREEN is hereby awarded an INCENTIVE AWARD in the amount of $3,500.00, which the COURT finds to be fair and reasonable and in recognition of their efforts in prosecuting the action and the SETTLEMENT.  Payment of the INCENTIVE AWARDS shall be pursuant to the terms of the AMENDED AGREEMENT.

15. Within thirty (30) days after the EFFECTIVE DATE of the SETTLEMENT, as defined and in accordance with the AMENDED AGREEMENT, the SETTLEMENT ADMINISTRATOR shall distribute a CASH PAYMENT to each SETTLEMENT CLASS MEMBER who timely submitted a valid CLAIM in accordance

with the instructions in the AMENDED AGREEMENT and the CLASS NOTICE.

16.     Within five (5) days after the EFFECTIVE DATE of the SETTLEMENT, the SETTLEMENT ADMINISTRATOR shall disclose on the SETTLEMENT WEBSITE that:  (i) the SETTLEMENT is final and its EFFECTIVE DATE; and (ii) the date by which the CASH PAYMENTS will be distributed to SETTLEMENT CLASS MEMBERS who timely submitted a valid CLAIM in accordance with the instructions in the AMENDED AGREEMENT and the CLASS NOTICE.

17.     In the event that the SETTLEMENT does not become effective in accordance with the AMENDED AGREEMENT's terms, then this FINAL APPROVAL ORDER shall be rendered null and void and be vacated, the AGREEMENT and the AMENDED AGREEMENT and all orders entered in connection therewith shall be rendered null and void *ab initio*, and this ACTION shall be reinstated as it existed prior to the making of the AGREEMENT.  In that case, all communications, documents, filings, negotiations, and other actions taken to negotiate and pursue settlement through the AGREEMENT and/or the AMENDED AGREEMENT, including the AGREEMENT and/or AMENDED AGREEMENT themselves, shall be considered confidential settlement communications that cannot be used as evidence for any purposes whatsoever in the ACTION or any proceedings between the PARTIES or in any other action related to the RELEASED CLAIMS or otherwise involving the PARTIES, any ME LOCATION, or any RELEASED PARTY.

18.     Nothing in this FINAL APPROVAL ORDER, the AGREEMENT, or the AMENDED AGREEMENT shall be construed as an admission or concession by any of

the PARTIES. The AGREEMENT, AMENDED AGREEMENT, and this resulting FINAL APPROVAL ORDER simply represent a compromise of disputed allegations.

19. All PARTIES to the AMENDED AGREEMENT and CLASS COUNSEL are directed to carry out their obligations under the AMENDED AGREEMENT.

20. Without impacting the finality of this FINAL APPROVAL ORDER, the COURT hereby retains continuing jurisdiction to assure compliance with all terms of this SETTLEMENT in accordance with the AMENDED AGREEMENT and this FINAL APPROVAL ORDER.

21. CLASS COUNSEL shall serve a copy of this FINAL APPROVAL ORDER on all named PARTIES and their counsel and the SETTLEMENT ADMINISTRATOR within seven (7) days of receipt, and the SETTLEMENT ADMINISTRATOR shall post a copy of this Final Order on the SETTLEMENT WEBSITE within five (5) days of receipt.

**IT IS SO ORDERED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2020.